## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. RDB-18-2844 |
| v. | |
| KEVIN B. MERRILL, et al., | |
| Defendants. | |

### [PROPOSED] ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING OTHER EMERGENCY RELIEF AND ORDER APPOINTING TEMPORARY RECEIVER

Plaintiff Securities and Exchange Commission (the "SEC"), has filed a motion

pursuant to Federal Rule of Civil Procedure 65(b)(2) to extend the Temporary

Restraining Order Freezing Assets and Granting Other Emergency Relief (the "TRO")

and the Order Appointing Temporary Receiver (the "Receiver Order"), entered by this

Court on September 13, 2018 (Dkts. 9, 11), for seven days, until and including October 4,

2018 and to adjourn the previously scheduled preliminary injunction hearing until

October 4, 2018 (the "Motion").

The Court has considered the Motion and finds that good cause exists for an

extension of the TRO and Receiver Order, in accordance with Federal Rule of Civil

Procedure 65(b)(2), for the following reasons:

1. In issuing the TRO, the Court found there is good cause to believe that the

    SEC ultimately will succeed in proving that Defendants have engaged in,

    and are likely to engage in, transactions, practices, and courses of business

that violate Section 17(a) of the Securities Act of 1933 [15 U.S.C. §

77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15

U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

2. The Court found that:

    a. an order freezing assets was necessary to preserve the status quo

       and to protect the Court's ability to award equitable relief for the

       benefit of any investors who may have been harmed by

       Defendant's conduct; and

    b. unless restrained and enjoined by the Court, Defendants may

       dissipate, conceal, or transfer from the jurisdiction of this Court

       assets that could be subject to an order of disgorgement or an order

       to pay civil penalties in this action.

3. The Court further found that the appointment of a receiver in this action

    was necessary and appropriate for the purposes of marshaling and

    preserving all assets of Defendants and the affiliate entities of Defendants.

4. Absent further Order of the Court, the TRO will expire on September 27,

    2018, at 11:59 p.m.

5. This action was unsealed on September 18, 2018, five days after it was

    filed.

6. Defendants have not responded to the Complaint, discovery, or the SEC's

    motion for preliminary injunction, and no attorney has entered an

    appearance for any Defendant.  Counsel for the SEC represents that today

    counsel spoke with Joseph Aronica, Esq., who informed the SEC that he

2

will be representing Defendant Jezierski in this action and that Mr.

Jezierski does not oppose the Motion.

7. In light of this Court's prior findings, particularly regarding the necessity

of protecting the Court's ability to award equitable relief for the benefit of

any investors who may have been harmed by Defendants' conduct, and the

unsealing of this case on September 18, 2018, the arrest of all individual

Defendants (and the detention of Defendants Merrill and Ledford), there is

good cause for a one-week extension to provide Defendants additional

time to obtain counsel to answer the Complaint and discovery, provide an

accounting, and respond to the SEC's motion for preliminary injunction.

It is therefore ORDERED that the Motion is GRANTED.

It is further ORDERED that the TRO and Receiver Order are hereby extended

until and including October 4, 2018, at 11:59 p.m.

It is further ORDERED that Defendants wishing to be heard on the SEC's motion

for a preliminary injunction shall appear in this Court at _10:00 a.m._ o'clock on October 4,

2018 in Courtroom 5D of the Edward A. Garmatz United States Courthouse, 101 W.

Lombard Street, Baltimore, MD 21201 to show cause, if there be any, why this Court

should not enter a preliminary injunction against them pursuant to Rule 65 of the Federal

Rules of Civil Procedure, extending the relief granted in the TRO, Receiver Order, and

this Order, pending a final adjudication on the merits.

Dated: September 26, 2018

_____
Honorable Richard D. Bennett
United States District Court Judge

3