IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN B. MERRILL, et al., <br><br> Defendants. | Case No. RDB-18-2844 |

[~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER,
FREEZING ASSETS, AND GRANTING OTHER RELIEF

Having considered the Complaint filed by Plaintiff Securities and Exchange Commission (the "SEC"), the SEC's Motion for a Temporary Restraining Order Freezing Assets, Appointing a Temporary Receiver, and Granting Other Emergency Relief, deemed by Court Order to be a motion for preliminary injunction, the supporting memorandum, declarations, and exhibits thereto, and all other evidence and argument presented regarding this action, the Court finds that the SEC has made a proper *prima facie* showing that (i) Defendants directly or indirectly engaged in the violations alleged in the Complaint; (ii) there is a strong likelihood that these violations will be repeated; (iii) unless restrained and enjoined, Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; (iv) the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Defendants Kevin B. Merrill, Jay B. Ledford, Cameron R. Jezierski, Global Credit Recovery, LLC, Delmarva Capital, LLC, Rhino Capital Holdings, LLC, Rhino

Capital Group, LLC, DeVille Asset Management LTD, Riverwalk Financial Corporation ("Defendants"), and the affiliate entities of Defendants; and (v) an order entering preliminary injunctions, freezing assets, appointing a receiver, and granting other equitable relief, as set forth below, is necessary and appropriate:

## I. ORDER RESTRAINING DEFENDANTS FROM VIOLATING SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED** that, pending final determination of this action, Defendants, their agents, servants, employees, attorneys, entities under their control, and those persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby restrained and enjoined from, directly or indirectly, in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme, or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II. ORDER RESTRAINING DEFENDANTS FROM VIOLATING SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5(a) AND (c) THEREUNDER

**IT IS FURTHER ORDERED** that, pending final determination of this action, Defendants, their agents, servants, employees, attorneys, and those persons in active

concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby restrained and enjoined from, directly or indirectly, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III. ORDER RESTRAINING CERTAIN DEFENDANTS FROM VIOLATING SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5(b) THEREUNDER

**IT IS FURTHER ORDERED** that, pending final determination of this action, Defendants Kevin Merrill, Jay Ledford, Global Credit Recovery, LLC, Delmarva Capital, LLC, Rhino Capital Holdings, LLC, Rhino Capital Group, LLC, DeVille Asset Management LTD, and Riverwalk Financial Corporation, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby restrained and enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    A.    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## IV. ORDER FREEZING ASSETS

**IT IS FURTHER ORDERED** that, pending further order of this Court, the asset freeze imposed by Section IV of the Temporary Restraining Order Freezing Assets and Granting Other Emergency Relief entered by the Court on September 13, 2018 (Dkt. 9) (the "Temporary Restraining Order"), as extended by the Order Granting Plaintiff Securities and Exchange Commission's Motion for Extension of Temporary Restraining Order Freezing Assets and Granting Other Emergency Relief and Order Appointing Temporary Receiver (Dkt. 22) (the "Extension Order") shall continue in full force and effect, and the assets of Defendants and the assets of the entities Defendants own or control, including any assets acquired after the date of this Order, shall remain frozen.

## V. ORDER CONTINUING APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that, pending further order of this Court, the Order Appointing Temporary Receiver entered by the Court on September 13, 2018 (Dkt. 11), as extended by the Extension Order, shall continue in full force and effect. Depository banks of the Receivership Parties, including but not limited to BB&T, shall recognize the Temporary Receiver Gregory Milligan and his agents William Patterson and James Hobby, and allow these individuals to be authorized signers of and on the Receivership Parties' bank accounts, including the signing of signatory cards and all rights to authorize and execute deposits, withdrawals, and wire transfers. The Court is prepared to hold telephone or in Court conferences, as necessary, to address compliance

with this Court's order appointing Mr. Milligan as Temporary Receiver and compliance with any subpoenas issued to nonparties in this matter.

## VI.    ORDER PROHIBITING DESTRUCTION OF RECORDS

**IT IS FURTHER ORDERED** that, pending further order of this Court, the Order barring destruction of documents, books, and records imposed by Section V of the Temporary Restraining Order shall continue in full force and effect.

## VII.   ORDER CONCERNING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that any outstanding subpoenas issued pursuant to Section VI of the Temporary Restraining Order shall remain in full force and effect, except that nonparties shall have 21 calendar days from entry of this Order to produce documents and otherwise comply with such subpoenas.

## VIII.  ORDER ESTABLISHING ANSWER DATE

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to the Complaint by 21 days from the date of this Order, that is, October 25, 2018.

## IX.    EFFECT OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

Dated: October 4, 2018

*/s/ Richard D. Bennett*
Honorable Richard D. Bennett
United States District Court Judge