IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

KEVIN B. MERRILL, et al.

    Defendants.

Civil Action No. RDB-18-2844

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill ("Merrill"), Jay B. Ledford ("Ledford"), and Cameron Jezierski ("Jezierski") with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No.1, unsealed on September 18, 2018, ECF No. 12.)

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Merrill, Ledford, and Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to the present, the Defendants operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 at ¶ 1.) Of the $345 million, more than $90 million was invested

by over 200 individual investors, approximately $52 million by family offices, and nearly $203 million by feeder funds. (*Id.* at ¶ 2.)

This Court appointed a temporary Receiver, Gregory S. Milligan ("Milligan" or "the Receiver"), on the same day the SEC filed its Complaint. (ECF No. 11.) On October 4, 2018, this Court entered a Preliminary Injunction Order continuing the appointment of the Receiver. (ECF No. 28.) On October 25, 2018, this Court permitted the Government to intervene and stayed the proceedings in this case. (ECF No. 42.)

The Receivership Order charged the Receiver with responsibility for acquiring control and possession of the Receivership Estate and performing all acts necessary to conserve, manage, and preserve the Receivership Estate. (ECF No. 11 at ¶ 8.B). In accordance with the Receivership Order, the Receiver utilizes the services of his firm, Harney Management Partners, LLC ("Harney"), and hired Husch Blackwell LLP ("Husch Blackwell") as counsel in this case. (ECF No. 11 at ¶¶ 2, 62; ECF No. 62 at ¶ 49.)

The Receivership Order directs that "[t]hroughout the pendency of the receivership, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate." (ECF No. 11 at ¶ 64; ECF No. 62 at ¶ 65.) Pursuant to that Order, the Receiver has filed Receiver's Motion for Approval of First Interim Fee Application of Harney Management Partners, LLC (ECF No. 70); Receiver's Motion for Approval of First Interim Fee Application of Husch Blackwell LLP (ECF No. 71); Receiver's Motion for Approval of Second Interim Fee Application of Harney Management Partners, LLC (ECF No. 118); and Receiver's Motion for Approval of Second Interim Fee Application of Husch Blackwell LLP (ECF No. 119). This Court has reviewed the motions and related

materials and finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, this Court shall GRANT the Receiver's motions and approves payment of the requested fees.

## RELEVANT BACKGROUND

Under this Court's Receivership Order (ECF No. 11) and First Amended Receivership Order (ECF No 62), the Receiver has the authority to take possession of all assets for the estates of the Receivership Parties, which includes Defendants and affiliated entities (three individuals and thirty-one named entities). Understandably, the task is a complex one, and the Receivership is large. The Ponzi scheme included the Defendants misappropriating millions of dollars and purchasing items such as a $368,000 Ferrari, a $330,000 seven-carat diamond ring, a $168,000 23-carat diamond bracelet, at least 25 high-end automobiles, $5.5 million toward the purchase of a house in Naples, Florida, $500,000 for an interest in a Gulfstream private jet, $350,000 on a boat, and more. (ECF No. 50 at ¶ 4.) The Receiver has made significant progress in acquiring physical control of all operations, and locating, securing, and evaluating the Receivership Assets. (*See, e.g.*, Mots., ECF Nos. 70, 71, 118, 119.) Standardized Fund Accounting Reports and Receiver's Status Reports have been filed. (*See* ECF Nos. 54, 99, 111, 138.)

The Receiver and Haney commenced services on September 13, 2018, and pursuant to its agreement with the SEC, they charged a discounted hourly rate for the professionals working on this matter. (*See* ECF Nos. 70, 118.)

## STANDARD OF REVIEW

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *S.E.C. v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). The entitlement to reasonable compensation extends to the professionals employed by the receiver. *See Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). "The award of fees in a receivership is entrusted to the discretion of the district court." *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 991 F.2d 71, 79 (3d Cir.1993) (citing *S.E.C. v. Capital Counsellors, Inc.*, 512 F.2d 654, 658 (2d Cir. 1975)).

In determining the reasonableness of fees in Securities Act receiverships, a court generally considers "the complexity of problems faced, the benefit to the receivership estate, the quality of work performed, and the time records presented." *S.E.C. v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973). "Opposition or acquiescence by the S.E.C. to the fee application will be given great weight." *Id.*

## DISCUSSION

The fees requested in the first and second interim fee applications are as follows:

- $357,908.89 for work performed by Harney between September 13, 2018 and October 31, 2018. (ECF No. 70.)

- $184,169.83 for work performed by Husch Blackwell between September 13, 2018 and October 31, 2018. (ECF No. 71.)

- $301,292.71 for work performed by Harney between November 1, 2018 and December 31, 2018. (ECF No. 118.)

- $254,017.68 for work performed by Husch Blackwell between November 1, 2018 and December 31, 2018. (ECF No. 119.)

This Court has reviewed the time spent, the services performed, the hourly rates charged, and the expenses incurred by the Receiver, Harney, and Husch Blackwell on behalf of the Receivership Estate. As already noted, the Receivership Estate is large and complex. The Receiver, his team, and Husch Blackwell have spent considerable time securing Receivership Assets, locating, collecting, organizing, and analyzing necessary information to maximize the ultimate value available to be distributed to investors and other claimants. The hours spent were necessary and reasonable for carrying out the provisions of the Receivership Order and are well documented. Harney's discounted rates as agreed with the SEC are fair and reasonable. The expenses presented for reimbursement are deemed reasonable and necessary for the work performed on behalf of the Receivership Estate.

The First Interim Fee Application was tangentially opposed by Ledford in the motion filed by his counsel objecting to the sealing of the invoices. (*See* ECF No. 89.) While Ledford notes that Appendix B of this Court's Local Rules are not technically applicable in this context, he complains that the Husch Blackwell fees exceed the maximum billing rates set therein. (*Id.* at 29.) This Court has reviewed the hourly rates charged by Husch Blackwell, and while they are higher, this Court finds them reasonable in light of Husch Blackwell's special expertise, which is needed to address some of the complex legal issues presented by the Receivership Estate, especially the asset analysis and recovery, procedures for monetizing those assets, and legal due diligence. Considering the time records presented, the quality of the work performed, the benefits obtained on behalf of the Receivership Estate, and the SEC's perspective on the matter, among other factors, this Court finds that the fees are reasonable.

5

This Court concludes that the Receiver has acted reasonably and diligently and that the requested fees and expenses are reasonable given all the circumstances surrounding the Receivership. Importantly, this Court affords great weight to the fact that the SEC does not oppose the Receiver's fee applications. Accordingly, this Court shall GRANT the Receiver's motions.

## CONCLUSION

For the foregoing reasons, it is this 7th day of June, 2019, ORDERED that:

1. Receiver's Motion for Approval of First Interim Fee Application of Harney Management Partners, LLC (ECF No. 70) is GRANTED, and payment in the amount of $357,908.89 for work performed between September 13, 2018 and October 31, 2018 is approved.

2. Receiver's Motion for Approval of First Interim Fee Application of Husch Blackwell LLP (ECF No. 71) is GRANTED, and payment in the amount of $184,169.83 for work performed between September 13, 2018 and October 31, 2018 is approved.

3. Receiver's Motion for Approval of Second Interim Fee Application of Harney Management Partners, LLC (ECF No. 118) is GRANTED, and payment in the amount of $301,292.71 for work performed between November 1, 2018 and December 31, 2018 is approved.

4. Receiver's Motion for Approval of Second Interim Fee Application of Husch Blackwell LLP (ECF No. 119) is GRANTED, and payment in the amount of $254,017.68 for work performed between November 1, 2018 and December 31, 2018 is approved.

5. The Clerk of this Court shall transmit a copy of this Memorandum Order to Counsel of record.

_____
Richard D. Bennett
United States District Judge