## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | Case No. 1:18-cv-02844-RDB |
| **v.** | |
| **KEVIN B. MERRILL, et al.,** | |
| **Defendants** | |

## RECEIVER GREGORY S. MILLIGAN'S FOURTH QUARTERLY STATUS REPORT FOR THE PERIOD BETWEEN JULY 1, 2019 AND SEPTEMBER 30, 2019

Lynn H. Butler, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 472-5456
Facsimile:  (512) 479-1101

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
Telephone: (214) 999-6100
Facsimile:  (214) 999-6170

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone:  (202) 378-2300
Facsimile:  (202) 378-2318

*Attorneys for Receiver Gregory S. Milligan*

## TABLE OF CONTENTS

Page

I.   INTRODUCTION.................................................................................... 1

II.  OVERVIEW OF THE RECEIVER'S ACTIVITIES............................... 2

    A.   Summary of Assets ........................................................................ 3

        1.   Cash ...................................................................................... 3

        2.   Business Operations............................................................. 3

        3.   Real Property ...................................................................... 4

        4.   Other Property .................................................................... 4

    B.   Administration and Management ................................................. 5

        1.   Coordination and Conference with Other Parties............. 5

        2.   Businesses Operated in Texas ............................................. 6

        3.   Real Property ...................................................................... 10

        4.   Vehicles ................................................................................ 12

        5.   Other Property .................................................................... 13

        6.   Insurance ............................................................................. 14

III. ESTATE ADMINISTRATION .............................................................. 15

IV.  UNRESOLVED CLAIMS AGAINST RECEIVERSHIP PROPERTY ....... 15

V.   ACCRUED ADMINISTRATIVE EXPENSES....................................... 15

VI.  TAX MATTERS ..................................................................................... 16

VII. RECEIVER'S ONGOING INVESTIGATION ...................................... 17

VIII. CLAIMS DETERMINATION AND DISTRIBUTION PROCESS............. 17

IX.  CONCLUSION ...................................................................................... 18

DocID: 4843-4691-9594.10

Receiver Gregory S. Milligan, of the firm Harney Management Partners, LLC (the "Receiver"), respectfully submits this Fourth Quarterly Status Report for the Period Between July 1, 2019 and September 30, 2019 (the "Report") in accordance with the First Amended Order Appointing Temporary Receiver dated November 27, 2018 (Dkt. No. 62) (the "Receivership Order"),[1] and would respectfully show the Court as follows:

## I.      INTRODUCTION

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint ("SEC Action") that initiated this action against the Defendants alleging various securities violations arising from the Defendants' operation of a Ponzi scheme.[2]  A more detailed description of the case background is included with the Receiver's First Quarterly Status Report for the Period Between September 13, 2018 and December 31, 2018 (Dkt. No. 99) (the "First Report"),[3] the Receiver's Second Quarterly Status Report for the Period Between January 1, 2019 and March 31, 2019 (Dkt. No. 138) (the "Second Report"),[4] and the Receiver's Third Quarterly Status Report for the Period Between April 1, 2019 and June 30, 2019 (Dkt. No. 177)

---

[1] A copy of the Receivership Order can be found on the Receiver's website for this SEC Action at:  https://merrill-ledford.com/wp-content/uploads/2019/01/First-Amended-Order-Appointing-Receiver-11.27.18.pdf.

[2] Capitalized terms herein shall have the meaning as used in the Receivership Order unless otherwise noted.

[3] A copy of the First Report can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2019/05/2019-01-30-99-Status-Report.pdf.

[4] A copy of the Second Report can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2019/05/4827-0821-0325.1-Dkt.-138-Receivers-Second-Quarterly-Status-Report-for-Period-1.1.19-and-3.31.19.pdf.

DocID: 4843-4691-9594.10

(the "Third Report")[5] (the First Report, Second Report, and Third Report are collectively, the "Prior Reports"), which are incorporated herein by reference.

Pursuant to the Receivership Order, this Report provides information regarding the assets and liabilities of the Receivership Estate, a summary of the Receiver's activities for the period between July 1, 2019 and September 30, 2019 (the "Applicable Period"), and information regarding claims held by and against the Receivership Estate.  A summary of all of the Receiver's receipts and disbursements for the Applicable Period is being filed contemporaneously with this Report and is incorporated herein by reference.

## II.    OVERVIEW OF THE RECEIVER'S ACTIVITIES

During the Applicable Period, the Receiver, in coordination with the federal authorities, has continued to control, or taken steps to assume control of, the Receivership Assets with the objective of preserving the Receivership Assets to maximize the recovery for the Receivership Estate.  As detailed herein, the Receiver has continued the efforts outlined in the Prior Reports, as well as addressing numerous new issues that have arisen since the applicable periods in the Prior Reports.  By way of illustration, the Receiver and his counsel routinely maintain a list of 75 to 100 ongoing issues requiring action by the Receiver or his counsel in order to effectively and efficiently investigate, preserve, manage, and administer Receivership Assets and non-individual Receivership Parties.

During the Applicable Period, the Receiver and his counsel completed the sale of numerous Receivership Assets (including real property, vehicles, and a boat) generating net sale proceeds exceeding $10.9 million.[6]

---

[5] A copy of the Third Report can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2019/07/Receivers-Third-Quarterly-Report-April-1-to-June-30885.pdf.

DocID: 4843-4691-9594.10

During the Applicable Period, the Receiver has continued to maintain and update the Receivership Estate website, located at www.Merrill-Ledford.com, with relevant and required information regarding asset sales and other matters related to the case.  Specific links to relevant documents are included herein for convenience.

## A.      Summary of Assets

The Receiver continues the process of assuming control and management of all property of the Receivership Estate during the Applicable Period.

### 1.      Cash

As of September 30, 2019, the Receivership Estate had approximately $23.0 million of cash on hand in Receivership Estate bank accounts under the sole control of the Receiver.  The amount of cash on hand has increased by $9.5 million during the Applicable Period due to both sales of Receivership Assets and the continued operation of the businesses of the non-individual Receivership Parties, as discussed in more detail below.

### 2.      Business Operations

The Receivership Estate includes three ongoing business operations in Texas: (i) DeVille Asset Management Ltd. ("DeVille"); (ii) Riverwalk Credit Solutions, Inc. ("Riverwalk Credit"); and (iii) Riverwalk Debt Solutions, Inc. ("Riverwalk Debt").  The Receiver continues to operate these businesses and investigate the proper means to monetize their value for the benefit of the Receivership Estate.   In furtherance of its investigation, the Receiver sought and received approval from the Court to employ Velocity Portfolio Group, Inc. ("Velocity") (Dkt. Nos. 105

---

[6] The total net sale proceeds include the net sale proceeds of $802,855 for the real property located at 27776 Sharp Road, Easton, MD 21601 (the "Sharp Road Property").  The motion to sell the Sharp Road Property was filed on August 22, 2019, and the order approving the sale was entered on August 26, 2019, both of which were in the Applicable Period.  However, the closing of the sale did not occur until after the Applicable Period on October 9, 2019.

DocID: 4843-4691-9594.10

and 106) to assist the Receiver in valuing DeVille's operations and consumer debt portfolios ("DeVille Assets").

**3.      Real Property**

The Receivership Estate also contains a number of residential and commercial real properties that have been secured by the Receiver, as discussed in greater detail below.

**4.      Other Property**

Additionally, there were several personal property items that the Receiver has recovered or identified to date, including:

- Other Property.  As provided in the Prior Reports, the Receivership Estate includes several investments made by the Defendants including, but not limited to: (i) prepaid hours on a Gulfstream Aircraft G200; (ii) an art collection; (iii) a watch collection; (iv) a comic book collection; (v) jewelry; (vi) a litigation financing arrangement; (vii) an equity investment in an alternative investment management company and (viii) a whole life insurance policy.

  During the Applicable Period, the Receiver has further identified additional potential Receivership Assets, which are detailed below.

  Some of the foregoing assets are of unknown value.  The Receiver has determined the best means of monetizing some of the aforementioned investments and is in the process of determining the best means to monetize the remaining investments for the benefit of the Receivership Estate.

- Clawbacks.  The Receivership may hold claims ("Clawbacks") against individuals and entities, in addition to the Relief Defendants, that received gifts, donations, or fraudulent transfers from the Receivership Parties.  These individuals and entities may have received funds from the Receivership Parties derived from Ponzi scheme funds fraudulently obtained from investors.  If and when the Court authorizes the Receiver to pursue such actions, the Receiver will investigate these claims and, where appropriate, make demand for full repayment of the gift, donation, or fraudulent transfer and file suit against the recipients of such transfers, if necessary.

- Clawbacks – Investors who are "Net Winners."  The Receiver may hold claims against investors who withdrew fictitious profits from the Receivership Parties.  An investor's withdrawn profits may be fictitious, for example, if that party received payments in excess of investments.

DocID: 4843-4691-9594.10

- Claims against Other Persons or Entities.  The Receiver has started to investigate, analyze, and collect evidence regarding potential causes of action against other third parties.  The more immediate need has been to secure and determine the best means for monetizing the tangible Receivership Assets, but the Receiver's investigation into this category of assets has flowed from the administration of other identified Receivership Assets.

Based upon current available information, which is preliminary and subject to further due diligence, the Receiver team estimates total recoveries from Receivership Assets could range between $40 million and $65 million.[7]  Future quarterly reports will have the benefit of additional recoveries, market data regarding assets yet to be monetized, and more due diligence leading to an increasingly accurate estimate of total Receivership Estate recoveries.

**B.     Administration and Management**

The Receiver and his team continue to manage and marshal the Receivership Assets with the goal of maximizing the recovery to the Receivership Estate consistent with concepts outlined in the Initial Preservation Plan (Dkt. No. 54) (the "Preservation Plan")[8] and the Prior Reports. To fulfill his obligations to the Court, the Receiver has undertaken the following tasks during the Applicable Period with respect to the various forms of property in the Receivership Estate.

**1.     Coordination and Conference with Other Parties**

Since being appointed in this case, the Receiver has coordinated extensively with the SEC, U.S. Attorney's Office Asset Forfeiture Unit, FBI, and U.S. Marshals Service regarding the identification and safeguarding of Receivership Assets and the Receiver's proposed disposition of the Receivership Assets.  As detailed in greater detail in Prior Reports, the Receiver has also

---

[7] The largest single asset of the Receivership Estate is the DeVille debt portfolio, and the ultimate recovery on that asset will greatly influence the overall recovery to the Receivership Estate.  These preliminary estimates do not include any potential clawback or fraudulent transfer claims that have not yet been authorized by the Court or investigated by the Receiver.

[8] A copy of the Initial Preservation Plan can be found on the Receiver's website for this SEC Action at:  https://merrill-ledford.com/wp-content/uploads/2019/05/Initial-Preservation-Plan-11.13.18.pdf.

5

facilitated discussions with criminal counsel for Defendant Kevin B. Merrill ("Merrill") and Defendant Jay B. Ledford ("Ledford"), and counsel for Relief Defendant Amanda Merrill ("Amanda Merrill"), to obtain their consent to the procedures and proposed disposition of the real property and vehicles owned or purchased by Merrill and/or Amanda Merrill.

As detailed in the Third Report, all three individual Defendants in this SEC Action entered plea agreements in the criminal action styled *U.S.A. v. Merrill, et al.*, Case No. 1:18-cr-00465-RDB (the "Criminal Action") during the Applicable Period.  On August 1, 2019, the Court entered a Judgment as to Defendant Cameron R. Jezierski ("Jezierski") in this SEC Action. *See* Dkt. No. 181.  On August 9, 2019, counsel for Ledford filed a motion to withdraw as Ledford's attorney in this SEC Action.  *See* Dkt. No. 187.  On August 16, 2019, the Court granted the motion and allowed Ledford's counsel to withdraw from this SEC Action.  *See* Dkt. No. 192.  On August 19, 2019, the Court entered a Judgment against Ledford in this SEC Action. *See* Dkt. No. 196.  On September 9, 2019, the Court entered a Judgment against Merrill in this SEC Action.  *See* Dkt. No. 211.

### 2. Businesses Operated in Texas

#### (a) DeVille Asset Management Ltd.

##### (i) Overview

As outlined in the Prior Reports, DeVille's operations include the collection of defaulted account receivable portfolios acquired from consumer credit originators, such as credit card issuers, auto loan finance companies, student loan providers, retailers, and other consumer lenders.  DeVille has an in-house debt collection center and a network of collection agencies and attorneys who perform collections on DeVille's behalf.

As detailed in Prior Reports, Velocity was retained to evaluate and conduct a thorough analysis of the DeVille Assets, including providing the Receiver with a fair market valuation of

6

the DeVille Assets.  Specifically, Velocity was engaged to determine whether the DeVille Assets will be maximized if (i) DeVille is sold in its entirety as a going concern, (ii) DeVille's assets are sold, either piecemeal as individual sales of debt portfolios or a bulk sale of all debt portfolios to a single buyer, or (iii) DeVille continues collection efforts of existing debt portfolios without any sale of assets.

During the Applicable Period, it was determined that Velocity could not complete the scope of its retention without a full reconciliation of each of the approximately two million remaining consumer debt accounts tracing each account from the original purchased balance to the current balance in DeVille's Debtmaster[9] database, which will involve the review and identification of all payment, interest accrual, and balance adjustment transactions, whether the transactions were performed by DeVille or third-party servicers engaged by DeVille.  *See* Dkt. No. 216. This reconciliation is required to both provide an accurate and audited current balance for each account for purposes of overall portfolio valuation and to prepare for future buyer due diligence when the portfolio is offered for sale.

In preparation for this comprehensive reconciliation, DeVille has recalled and transitioned the majority of accounts from third-party collection agencies to the DeVille in-house collection group. With approximately two million active accounts under review, it was necessary for the Receiver to engage an outside vendor to accomplish this task in a timely and efficient manner, so the Receiver obtained Court approval to amend and expand the scope of Velocity's engagement to include the necessary reconciliation and due diligence confirmation.  *See* Dkt. No. 217.

---

[9] Debtmaster is a debt collection software that provides integrated management of DeVille's debt portfolios, telephone systems, and client reporting to manage compliance and data security.

DocID: 4843-4691-9594.10

Velocity's scope was also expanded to include additional management and regulatory oversight with day-to-day management of DeVille in preparation for the marketing and sale of the portfolio. Once the reconciliation is complete, Velocity will place selected accounts with new third-party collection agencies and continue in a management role at DeVille and supervise the new third-party collection agencies under the terms of the Master Servicing Agreement approved by the Court.

The Receiver has confirmed with the industry broker the Receiver anticipates retaining, upon receiving Court authorization, to sell the DeVille Assets that the scope and deliverables of the expanded Velocity engagement aligns with the expected sales process. Based upon currently available information, the Receiver anticipates seeking Court approval for the sale of the DeVille Assets during the first quarter of 2020. Any potential sale process will be transparent and will be open to all potential purchasers who are qualified and interested in purchasing assets.

### (ii)      Recommended Disposition

After Velocity completes its ongoing reconciliation process, the Receiver anticipates petitioning the Court for permission to hire an experienced industry broker to offer the DeVille Assets to the market (i) as a going concern with the portfolios and operations or (ii) piecemeal as individual sales of debt portfolios to different buyers or a bulk sale of all debt portfolios to a single buyer. With the latter option, the current platform for the collection business (without portfolios) would also be offered to the market.

### (b)      Riverwalk Debt Solutions, Inc. and Riverwalk Credit Solutions, Inc.

### (i)      Overview

Riverwalk Debt provides a fee-based service to assist borrowers by providing financial solutions for student loans, with a focus on federal student loan consolidation and federal student loan forgiveness programs. Riverwalk Credit provides a fee-based credit repair organization that reviews and analyzes its clients' credit profiles and then disputes/repairs inaccurate items. As

8

outlined in the Prior Reports, Riverwalk Debt and Riverwalk Credit are both essentially operating at a startup level.

Throughout the Applicable Period, the Receiver team has worked closely with the Director of Operations and other members of the Riverwalk management team to monitor operating results and consider additional cost-savings measures, if available.

#### (ii)    Recommended Disposition

As outlined in the Prior Reports, the Receiver intends to seek Court approval to market and sell Riverwalk Debt and Riverwalk Credit in a competitive bidding process at a later date.

### (c)    Ledford & Associates, PLLC

#### (i)    Overview

Ledford & Associates, PLLC, an accounting firm in Amarillo, Texas, was closed on September 18, 2018 after the unsealing of the SEC Action.  As detailed in the Prior Reports, the Receiver worked with a former CPA on staff to facilitate the return of approximately 200 client files to those who had reached out to the Receiver either in response to the sign posted on the firm's front door or word of mouth in the local community.  *See* Prior Reports, Dkt. No. 99 at 16. During the Applicable Period, the remaining client files and business records of the firm were moved from Amarillo, Texas to Dallas, Texas (where DeVille's operations are located) under the custody and control of the Receiver team.

#### (ii)    Recommended Disposition

The Receiver will continue to store the business records, including unclaimed client files. The physical and electronic records of Ledford & Associates are anticipated to have significant ongoing value to the Receiver team as they examine the Receivership Parties and Receivership Assets and related financial records maintained by Ledford & Associates.

9

### 3.    Real Property

#### (a)    Overview

As described in Prior Reports, the Receivership Order granted the Receiver authority to "take custody, control, and possession of All Receivership Assets," including real property, and ordered the Receiver to "manage, control, operate, and maintain the Receivership Estate and hold in his possession, custody, and control all Receivership Assets."  Receivership Order, Dkt. No. 62 at ¶ 8.  During the pendency of this case, the Receiver has undertaken the review and analysis of various real estate holdings, including both residential and commercial properties located in Maryland, Florida, Texas, and Nevada.   The Receiver has engaged Sotheby's International Realty, Inc. ("Sotheby's") to assist with the monetization of the majority of the real properties. On April 23, 2019, the Court entered an Agreed Order on the Sotheby's Motion (the "Agreed Order") with respect to certain real property owned or purchased by Merrill and/or Amanda Merrill (the "Merrill Real Property"), which established the procedures for the sale of the Merrill Real Property (the "Real Property Sales Procedures").  *See* Dkt. No. 137.[10]

Since entry of the Agreed Order, Sotheby's has marketed the Merrill Real Property resulting in the following property sales during the Applicable Period.

| Property | Motion Filed | Order Entered | Gross Sale Price | Net Sale Proceeds | Closing Date |
|---|---|---|---|---|---|
| Spyglass Lane | 07/10/19 | 07/12/19 | $ 11,100,000 | $ 5,486,183 | 08/19/19 |
| Greenspring Valley | 07/19/19 | 07/23/19 | $ 1,400,000 | $ 1,247,241 | 08/30/19 |
| Hampton Lane | 07/26/19 | 07/29/19 | $ 295,000 | $ 257,321 | 09/25/19 |
| Susanne Court | 08/01/19 | 08/02/19 | $ 552,000 | $ 509,409 | 09/20/19 |
| Sharp Road | 08/22/19 | 08/26/19 | $ 1,600,000 | $ 802,855 | 10/09/19 |
| | | | $ 14,947,000 | $ 8,303,009 | |

Note:  The Receiver entered into a contract and received Court approval for the sale of the Circle Road property; however, the sale did not close.

---

[10] A copy of the Agreed Order can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2019/05/2019-04-29-137-Agreed-Order.pdf.

As noted above, the Circle Road property was under contract with a purchase price of $2,750,000.00, which had been approved for sale by the Court. *See* Dkt. Nos. 153, 155. However, a potential violation of a permitted variance during renovations that predated this SEC Action was discovered and resulted in the buyer of the Circle Road property rescinding the offer and terminating the purchase agreement. *See* Dkt. No. 224. The Receiver is in the process of addressing the potential violation in order to relist the Circle Road property for sale.

During the Applicable Period, the Receiver also sought and obtained Court approval to retain Merlin Contracting and Development Limited Liability Corporation ("Merlin") as the general contractor for the completion of construction on the receivership property located at 9017 Grove Crest Lane, Las Vegas, Nevada. *See* Dkt. Nos. 203 & 204. The Court approval to retain and compensate Merlin authorized and immediate payment of $363,783.92 for payment of properly perfected mechanic's liens for unpaid prior work as well as future estimated expenditures of $598,920.70 to complete the renovations necessary to list and sell the property at full market value. At the time this SEC Action was filed, construction on the Grove Crest Property was underway but incomplete, with an estimated value of only $800,000.00. After spending the authorized amount to complete the renovation, the Receiver estimates a significant increase in market value to between $2.5 and $3.0 million, depending upon market conditions at the time of sale. All renovation activities are scheduled to be completed before December 31, 2019.

**(b)      Recommended Disposition of Remaining Real Property**

The Receiver believes a sale of all real property is in the best interest of the Receivership Estate, and the Receiver will continue to seek the appropriate consents to approve the retention of brokers to market and sell, otherwise monetize, or abandon the following remaining real property:

11

- 9017 Grove Crest Lane, Las Vegas, Nevada 89134;
- 1132 Glade Road, Colleyville, Texas 76034;
- 1650 Cedar Hill, Dallas, Texas 75208;
- 2308 Cedar Elm Terrace, Westlake, Texas 76262; and
- 2801 Paramount Boulevard, Amarillo, Texas 79109.

Although Ledford opposed the Sotheby's Motion (Dkt. No. 107), the Receiver and Ledford continue to pursue a consensual proposed resolution of the Sotheby's Motion. In addition, the Receiver sought and obtained Court approval to retain Coldwell Banker Commercial Amarillo to market and, upon further order of the Court, sell the commercial real property owned by Ledford that is located at 2801 Paramount Boulevard, Amarillo, TX 79109. *See* Dkt. Nos. 185 & 189.

**4.    Vehicles**

    **(a)    Overview**

As itemized in Prior Reports, the Receivership Assets include many automobiles, motorcycles, and a boat. During the Applicable Period, the Receiver sold the following vehicles:

| Vehicle | Motion Filed | Gross Sale Price | Net Sale Proceeds |
|---|---|---|---|
| 2018 Formula 350 Crossover Bowrider VIN -C818 | 07/09/19 | $ 300,000 | $ 270,000 |
| | | $ 300,000 | $ 270,000 |

| Vehicle | Notice Filed | Gross Sale Price | Net Sale Proceeds |
|---|---|---|---|
| 2017 Lamborghini VIN -5923 | 07/26/19 | $ 517,798 | $ 489,708 |
| 2017 Rolls Royce Wraith VIN -6607 | 07/26/19 | $ 277,000 | $ 261,455 |
| 2017 Land Rover Range Rover VIN -5282 | 07/26/19 | $ 95,950 | $ 89,453 |
| 2016 Ford F-150 VIN -3463 | 08/10/19 | $ 37,950 | $ 35,553 |
| 2017 Audi A8 VIN -2028 | 08/19/19 | $ 164,950 | $ 155,853 |
| 2017 Rolls Royce Dawn VIN -7107 | 08/24/19 | $ 285,817 | $ 270,276 |
| 2018 Escalade ESV VIN -4130 | 08/29/19 | $ 77,950 | $ 73,053 |
| 2008 Bugatti Veyron VIN -5164 | 09/13/19 | $ 930,000 | $ 883,500 |
| 2017 Land Rover Range Rover VIN -1466 | 09/13/19 | $ 85,000 | $ 80,000 |
| | | $ 2,472,414 | $ 2,338,849 |
| **Total This Period** | | **$ 2,772,414** | **$ 2,608,849** |

12

(b)      **Recommended Disposition**

The Receiver will continue to store, maintain, market, and sell each of the remaining Merrill Vehicles, as well as any other vehicles that might subsequently become property of the Receivership Estate.

The following Merrill vehicles have not yet been sold:  :

- 2018 Cadillac Escalade, VIN No. 1GYS4DKJOJR194076;
- 2015 Harley Davidson, VIN No. 1HD1HHH18FC805081;
- 2015 BMW S1000R (Motorcycle), VIN No. WB10D210XFZ352440;
- 2015 Ferrari 458 Spider Especial, VIN No. ZFF78VHA7F0213197;
- 2015 Porsche 918, VIN No. WP0CA2A13FS800561;
- 2016 Mercedes Benz Sprinter 2500, VIN No. WDAPE8CDXGP323201;
- 2014 Pagani Huayra Sedan, VIN No. ZA9H11RAYYSF76034;
- 2018 Lamborghini Huran, VIN No. ZHWUS4ZF6JLA10746;
- 2016 Ducati Superbike, VIN No. ZDM14B1W1GB001832; and
- 2016 Ducati Scrambler, VIN No. ML015ANM3GT005628.

As noted above, the Receiver obtained the consent of Merrill and Amanda Merrill to the Prestige Motion with respect to these vehicles.

The Receivership Estate also includes the following Ledford vehicles:

- 2015 Bentley Flying Spur, VIN No. SCBET9ZA7FC042592;
- 2016 Ferrari 488 Coupe, VIN No. ZFF79ALA3G0217973;
- 2018 Land Range Rover, VIN No. SALGS2RE6JA501496; and
- 2016 Tesla Model, VIN No. 5YJSA1E49GF155262.

Although Ledford opposed the Prestige Motion (Dkt. No. 115), the Receiver and Ledford continue to pursue a consensual proposed resolution of the Prestige Motion.

**5.      Other Property**

The Receiver, independently and through collaboration with the SEC, FBI, and U.S. Attorney's Office Asset Forfeiture Unit has identified other personal property as described in the Prior Reports.  This category of assets includes but is not limited to art, collectibles, jewelry, rare wine, watches, luggage, and similar luxury items.  To maximize recovery to the Receivership

13

Estate, the Receiver has researched and identified various consignment and/or auction outlets for monetizing the different classes of personal property at the appropriate time.

During the Applicable Period, the Receiver and his counsel attended a mediation related to the Receivership Estate's position as lender in a litigation finance agreement whereby a Receivership Party loaned $750,000 to a plaintiff in a pending lawsuit further described in Prior Reports. The mediation was not successful and the plaintiff in the lawsuit (the Receivership Estate's borrower) is currently appealing the trial court's decision to reduce the $20 million jury verdict received in favor of the plaintiff to only $1.

The Receiver continues to pursue additional potential Receivership Assets, including:

- at least one additional consumer debt portfolio;
- minority ownership interest in a commercial shopping center;
- a minority interest in a privately-held biosciences company;
- $200,000 promissory note in favor of a Receivership Entity;
- $150,000 cash deposit for the purchase of a Porsche;
- additional collectable comics;
- additional artwork;
- new furniture and furnishings not yet installed in real properties being renovated;
- John Deere tractor;
- probate estate distribution rights;
- a condemnation award related to one of the real properties;
- a minority interest in an Asian-based technology company;
- an oil and gas interest; and
- one or more cryptocurrency accounts.

The Receiver and his counsel are also reviewing other potential Receivership Assets that could result in additional recoveries.

### 6.    Insurance

As referenced above, as of the filing of this Report, each of the real properties and vehicles owned by the Receivership Estate is adequately insured and additional insurance needs continue to be evaluated.

DocID: 4843-4691-9594.10

### III.   ESTATE ADMINISTRATION

The Receiver has continued making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business for discharging his duties as Receiver.   The financial report filed contemporaneously with this Report delineates activity between the operating entities and the balance of the Receivership Estate providing a clearer picture of the separate components of the Receivership Estate.

### IV.   UNRESOLVED CLAIMS AGAINST RECEIVERSHIP PROPERTY

During the Applicable Period, the Receiver has received informal notice of some claims against Receivership Assets.   At this time, the Receiver continues to investigate those allegations and review any and all evidence provided by such claimants in support of their allegations of ownership of the Receivership Assets.   It is anticipated that parties asserting claims against Receivership Assets will receive notice and an opportunity to object during any potential sale process that is approved by the Court.

The Receiver has received numerous contacts from potential investor victims requesting information.   The Receiver has provided general status updates and directed such parties to pleadings filed of record in the case, including the Receiver's Preservation Plan and Prior Reports.

### V.   ACCRUED ADMINISTRATIVE EXPENSES

During the Applicable Period, the Receivership Estate accrued administrative expenses comprised of professional fees for the services of the Receiver's team and counsel.   On July 18, 2019, the Receiver and his counsel each filed fee applications for the period of January 1, 2019 through March 31, 2019 (Dkt. Nos. 159 and 160) (the "Third Fee Applications").

The total amount of accrued administrative expenses requested in the Third Fee Applications total $405,380.62 for the Receiver and his team, and $288,614.74 for the Receiver's

counsel, Husch Blackwell.  The Third Fee Applications were approved following the close of the Applicable Period.

The Third Fee Applications demonstrate that on a combined basis, the total fees and expenses of the Receiver and his counsel continued to decline.  For the first and second fee application, the Receiver and his counsel incurred $12,319.97 per day and $9,103.45 per day, respectively.  For the Third Fee Applications, this total per day decreased to $7,797.70, which is 37% less than the first fee applications and 14% less than the second fee applications.

As of September 30, 2019, the Receivership Estate had approximately $23.0 million of cash on hand in Receivership Estate bank accounts under the sole control of the Receiver, and the Receiver team estimates total recoveries from Receivership Assets could range between $40 million and $65 million.[11]

The Receiver anticipates the Receivership Estate will continue to accrue additional administrative expenses going forward with the actual amounts fluctuating commensurate with the activities required to properly administer the Receivership Estate.

## VI.    TAX MATTERS

As indicated in Prior Reports, the Receiver has limited information about the filing status, tax identification number, and other tax-related matters.  With the information available, the Receiver previously filed IRS Forms 56 (Notice Concerning Fiduciary Relationship) for twenty-one (21) Receivership Entities for which the Receiver has sufficient information.  The Receiver has also filed IRS Forms 7004 (Application for Automatic Extension of Time to File Certain

---

[11] The largest single asset of the Receivership Estate is the DeVille debt portfolio.  Consequently, the Receiver believes the ultimate recovery on that asset will greatly influence the overall recovery to the Receivership Estate.  These preliminary estimates do not include any potential clawback or fraudulent transfer claims that have not yet been authorized by the Court or investigated by the Receiver.

DocID: 4843-4691-9594.10

Business Income Tax, Information and Other Returns) and has requested copies of prior tax returns from state and federal agencies for the Receivership Entities for which the Receiver has sufficient information to complete such requests.

During the Applicable Period, the Receiver sought and obtained approval to retain BDO, USA, LLP ("BDO") as tax accountant for the Receivership Estate to (i) advise the Receiver on the tax liability of the Receivership Estate and the non-individual Receivership Parties, (ii) prepare and file state and federal tax returns on behalf of the Receivership Estate and the non-individual Receivership Parties, (iii) advise the Receiver on obtaining and maintaining the status of a taxable "Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code for Receivership Funds, and (iv) advise the Receiver on other tax matters related to the administration of the Receivership Estate. *See* Dkt. Nos. 198 & 201.

## VII.   RECEIVER'S ONGOING INVESTIGATION

The Receiver continues his investigation with the assistance of his counsel, Husch Blackwell LLP.  The Receiver will file supplemental reports to the Court for the duration of the Receivership, as required by the Receivership Order.

## VIII.   CLAIMS DETERMINATION AND DISTRIBUTION PROCESS

As discussed in the Prior Reports, the Receiver was not previously authorized to take steps to identify claimants on or creditors of Receivership Assets during the Applicable Period. Shortly following the close of the Applicable Period, the Court authorized the Receiver to identify creditors and claimants of the Receivership Estate and to formulate, in consultation with the SEC, a proposed plan of initial distribution from the Receivership Estate. *See* Dkt. No. 222.

DocID: 4843-4691-9594.10

## IX.     CONCLUSION

Accordingly, the Receiver, Gregory S. Milligan, respectfully submits this Fourth Quarterly Status Report for the Court's consideration and, for the reasons stated in this Report, recommends the continuation of this Receivership Estate.

Respectfully submitted,

*/s/ Lynn H. Butler*
Lynn H. Butler, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel:  (202) 378-2300
Fax:  (202) 378-2318
brian.waagner@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
Tel: (214) 999-6100
Fax:  (214) 999-6170
buffey.klein@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

DocID: 4843-4691-9594.10

## CERTIFICATE OF SERVICE

On October 30, 2019, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service.  Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill
Harford County Detention Center, #1335278
1030 Rock Spring Rd.
Bel Air, MD 21014

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor , Jr
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

DocID: 4843-4691-9594.10

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Relief Defendant Lalaine Ledford (via U.S. Mail):**

Lalaine Ledford
10512 Courtney Cove Ave.
Las Vegas, NV 89144

**Counsel for Baltimore County, Maryland (via E-Mail and U.S. Mail):**

Susan B. Dubin
Chief Transactional Attorney
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420
sdubin@baltimorecountymd.gov

**Texas Comptroller of Public Accounts (via E-Mail and U.S. Mail):**

Loretta Hernandez
Accounts Examiner
Bankruptcy & Liens Section
Revenue Accounting Division
Texas Comptroller of Public Accounts
LBJ State Office Building
111 East 17th Street
Austin, Texas 78774-0100
(512) 463-3604
(512) 475-5521 (Fax)
Loretta.Hernandez@cpa.texas.gov

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

DocID: 4843-4691-9594.10

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor
3291 Tamiami Trail East
Naples, Florida 34112

Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395

Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

DocID: 4843-4691-9594.10

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas
c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201
Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

J Trust
c/o Hillary RE. Badrow, Trustee
2801 Paramount Boulevard
Amarillo, Texas 79109

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

22

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

Samual I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

*/s/ Lynn H. Butler*
Lynn H. Butler

DocID: 4843-4691-9594.10