**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN B. MERRILL, et al., | ) |
| | ) |
| Defendants. | ) |

Case No.: 1:18-cv-02844-RDB

---

## RECEIVER GREGORY S. MILLIGAN'S MOTION TO APPROVE THE SALE OF AND PROCEDURES FOR THE SALE OF THE ASSETS OF DEVILLE ASSET MANAGEMENT, LTD.

Receiver Gregory S. Milligan (the "Receiver"), with the consent of the Securities and Exchange Commission (the "SEC") and the Office of the United States Attorney for the District of Maryland (the "U.S. Attorney's Office"), respectfully submits this Motion to Approve The Sale of and Procedures for the Sale of The Assets of DeVille Asset Management, Ltd. (the "Motion"). The facts and circumstances supporting this Motion are set forth in the Declaration of Gregory S. Milligan (the "Milligan Declaration"), which is attached hereto as **Exhibit A**. In further support of this Motion, the Receiver states as follows:

### I.        BACKGROUND

1.        Pursuant to the Receiver's Initial Preservation Plan, the Receiver has identified DeVille Asset Management, Ltd. ("DeVille") as property of the Receivership Estate. Dkt. No. 54, at 8-9, 12-16. DeVille is in the business of purchasing and servicing consumer debt portfolios for its own account. DeVille consists of tangible and intangible assets that the Receiver seeks Court authority to sell in order to maximize the value of the Receivership Estate and recovery for defrauded investors. The entirety of DeVille's assets are referred to as the "DeVille Assets."

1

2.      The Receiver seeks Court authority to offer all of DeVille's Assets at a sealed bid auction.  DeVille's Assets consist of its debt portfolios and its platform.  The debt portfolios include credit card debt, automobile loans, and student loans, among others (collectively the "DeVille Portfolios").   In addition, DeVille has an ongoing business operation that includes hardware, software, leases, furniture, and other business assets (collectively the "DeVille Platform").  *See* Dkt. 54 at 12; Ex. A, Milligan Declaration ¶ 7.

3.      The DeVille Assets are not appreciating in value.  The Receiver believes it is in the best interest of the Receivership Estate to begin the process of soliciting buyers for the purchase of the DeVille Assets.  *See* Ex. A, Milligan Declaration at ¶ 8.  To this end and pursuant to this Court's January 14, 2020 order, the Receiver retained Garnet Capital Advisors, LLC ("Garnet"), a loan portfolio advisory business with significant experience in asset sales of residential, commercial, and consumer loans, to aid him in the marketing and sale of the DeVille Assets.  *See* Dkt. 268.  Among other things, Garnet has been retained to (i) estimate the value of the DeVille Assets and (ii) assist the Receiver in marketing and selling the DeVille Assets.  *See* Dkt. 266, 268.

4.      The Receiver has consulted with Garnet regarding the impact COVID-19 may have on the sale of DeVille's Assets.  After consulting with Garnet, the Receiver believes it is in the best interest of the Receivership Estate to begin the process of soliciting and conducting the sale of the DeVille Assets as the economy could continue to decline.  *See* Ex. A, Milligan Declaration at ¶¶ 8, 10.  After discussing the various factors that could impact the sale of the DeVille Assets, the Receiver and Garnet have concluded that it would be in the best interest of the estate to conduct the sale during the third quarter of 2020 to take advantage of the pent up demand for assets like the DeVille Portfolios caused by the artificial lack of supply of such assets for multiple months related to COVID 19.  However, given the uncertainty surrounding COVID-19, the Receiver

requests the Court grant him discretion to postpone the sale and conduct it at a later date, beyond the third quarter of 2020.  In determining when the sale should occur and whether to postpone it, the Receiver will incorporate Garnet's expertise and its understanding of the distressed asset market and will also rely on his business judgment and understanding of the Receivership Estate to make such determination.  *Id.* at ¶¶ 8-9.

5.     The Receiver, with Garnet's guidance, has prepared proposed procedures for the sale of the DeVille Assets.  *See* Ex. A, Milligan Declaration at ¶ 10.

6.     Authorizing the sale and the procedures to sell the DeVille Assets is consistent with the Receivership Order entered by this Court.  The Receivership Order requires the Receiver to "manage, control, operate, and maintain the Receivership Estate and hold in his possession, custody, and control all Receivership Assets pending further Order of this Court."  Dkt. No. 62 at ¶ 8(D).

7.     The Receivership Order further requires the Receiver to "take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets."  Dkt. No. 62 at ¶ 8(G).

8.     The Receiver believes that the sale of the DeVille Assets as requested herein is in the best interest of the Receivership Estate.  The sales procedures detailed below will assist the Receiver by allowing him to maximize the sales proceeds received from the sale of the DeVille Assets while selling such property in an efficient and cost-effective manner.  *See* Ex. A, Milligan Declaration at ¶¶ 21-22.

## II.     RELIEF REQUESTED

9.     The Receiver seeks Court authorization to adopt the sales procedures for the DeVille Portfolios and the DeVille Platform (the "DeVille Sales Procedures") set forth in this

Motion and authorization to sell the DeVille Portfolios and DeVille Platform in accordance with such procedures.

**A. Objections to The Sale of The DeVille Assets or the DeVille Sales Procedures**

10.     The Receiver is requesting Court authorization to sell the DeVille Assets and to approve procedures for the sale of the DeVille Assets.  Because of the relief requested and to ensure all known parties of interest have sufficient time to assert any claims to the DeVille Assets or opposition to the Motion, the Receiver proposes allowing all known parties of interest to have up to thirty (30) days from the Motion's filing date to respond to the Motion.  Known parties of interest are: (i) all counsel of record and/or pro se parties who have registered to receive electronic service; (ii) all parties of record in this matter who have not registered to receive electronic service; and (iii) any known individuals or entities who hold an ownership interest in DeVille (collectively "Known Parties of Interest").

11.     Under the Local Rules, Known Parties of Interest would have fourteen days to file any objections to the Motion.  *See* Local Rule 105(2)(a).  The United States District Court of Maryland recently extended any deadline that was scheduled to fall between March 16, 2020 and June 5, 2020 by eighty-four days (84) unless otherwise ordered by the presiding judge. *See* Standing Order 2020-07, *In re Court Operations Under the Exigent Circumstances Created by COVID-19*, No. 00-308, ECF No. 99 at 2.  As this Standing Order recently expired and given the relief requested, the Receiver requests that the Court order that any claims to the DeVille Assets and any objections or opposition to the sale of the DeVille Assets or the DeVille Sales Procedures must be filed by July 9, 2020, which is thirty (30) days from the date the Motion is filed.

**B. The DeVille Sales Procedures**

12.     The Receiver's proposed DeVille Sales Procedures consist of the following:

a.      <u>Marketing the Sale</u>.   Garnet will begin the sales process by widely announcing the sale of the DeVille Assets to approximately 3,000 individuals and entities ("<u>Initial Announcement</u>").   The Initial Announcement will be made to traditional hedge funds, lenders, and other debt buyers.   Garnet's Initial Announcement will be made via email and include an overview of the DeVille Assets and the anticipated sale timeline. Garnet will make targeted telephone calls to those who have articulated an interest in the DeVille Assets or whose business interests align with the acquisition of the DeVille Assets and make further targeted efforts to those it believes would be best suited and interested in acquiring the DeVille Assets.  *See* Milligan Declaration at ¶ 12.

b.      <u>Due Diligence</u>.  Following the Initial Announcement, Garnet will offer a due diligence period that will last a minimum of three weeks ("<u>Due Diligence Period</u>"). During the Due Diligence Period, Garnet will make available relevant information assembled by Garnet and approved by Receiver regarding the DeVille Assets for prospective bidders via a secure data room.  The information available will include data files, account document examples, and the proposed sale agreement.  To access the secure data room, prospective bidders must execute a nondisclosure agreement substantially in the form as the one attached to this Motion as **Exhibit A-1**.  During the Due Diligence Period, prospective bidders will be able to conduct on-site due diligence at DeVille, 9151 Boulevard 26, North Richland Hills, Texas 76180.  The specific time for each prospective bidder's on-site due diligence will be scheduled after the initial due diligence phase begins and is intended to occur in the second half of the Due Diligence Period.  To the extent needed or requested, onsite due diligence may also be conducted via Zoom, WebEx, or by another virtual method to be agreed upon by the Receiver, Garnet, and the prospective

bidder.  *See* Ex. A, Milligan Declaration at ¶ 13.

      c.    <u>Bid Date</u>.   At 2:00 p.m. EST on the first Tuesday after the Due Diligence Period concludes, Garnet will accept bids for the DeVille Assets ("<u>Bid Date</u>"). Bidders must submit a proposed purchase and sale agreement reflecting the terms of their offer and complete a bid sheet.  A bidder may bid on all of the DeVille Assets or some of the DeVille Assets.  Specifically, a bidder may bid on (1) the DeVille Assets, (2) the entire collection of DeVille Portfolios, (3) industry defined segments of the DeVille Portfolios, or (4) the DeVille Platform.  The bid sheet will identify the different assets that Accredited Bidders can bid on, including the different industry defined segments of the DeVille Portfolios.  Bids must be submitted to Garnet online at: www.garnetcapital.com, via email at bids@garnetcapital.com, or via facsimile at (914) 992-7690.  *See* Ex. A*,* Milligan Declaration at ¶ 14.

      d.    <u>Accredited Bidders</u>.  To submit a valid bid, the bidder must constitute an Accredited Bidder.   To be an Accredited Bidder, one must (a) have executed the nondisclosure agreement referenced in paragraph 9(b); (b) deliver financial information acceptable to Garnet demonstrating that the potential bidder can timely close on a proposed transaction by providing proof of funds in amount of no less than the amount of its submitted bid or a copy of a letter of credit in the amount of its submitted bid; and (c) have completed a full registration with Garnet.  *See* Ex. A, Milligan Declaration at ¶ 15. Accredited Bidders that are not banks or credit unions must pass Garnet's vetting process, which includes a more stringent review for those who are seeking to purchase charged-off debt.  As part of Garnet's standard vetting process, Garnet conducts searches with the Office of Foreign Assets Control, the Consumer Financial Protection Bureau, and the

HB: 4846-9333-4975.1

Better Business Bureau.  It also researches negative news articles, the entity's website, and LinkedIn.

      e.    <u>Qualifying Bids</u>.  Each bid shall satisfy the requirements set forth below. The bidder shall provide a letter of explanation if the bidder cannot or does not provide the below information.  The Receiver, in his sole business judgment and after consultation with Garnet, has the right to waive compliance with any of these requirements based on the bidder's explanation.

    i.    The bid must be submitted on the Bid Date.

    ii.    The bid must be in writing and identify whether the bid is for all of the DeVille Assets, all of the DeVille Portfolio, certain industry-defined segments of the DeVille Portfolios, or the DeVille Platform.  If the bid is for more than one of DeVille's asset or more than one segment of the DeVille Portfolios, i.e. a segment of the DeVille Portfolios and the DeVille Platform, the bid must allocate the purchase price for each asset or category upon which a bid is being made.

    iii.    The bid must contain no financing contingencies, due diligence contingencies, or any other conditions precedent.

    iv.    The bid must remain open and irrevocable and unchangeable (except to increase the purchase price) until it is either (i) accepted as the highest and best bid at the auction and, if so accepted, through the closing of the sale, or (ii) rejected at the close of the auction;

    v.    The bid must not be subject to the approval of the bidder's board of directors or any other approval body of such bidder; and

vi.      The bid must contain a sales contract that is blacklined from the one provided by the Receiver and/or Garnet, a completed bid sheet, and the financial documentation identified in Paragraph 9(d) establishing the bidder as an Accredited Bidder.

f.      <u>Sealed-Bid Sale</u>.  After the Bid Date, Garnet will provide the Receiver with all bids received.  After evaluating all bids, the Receiver will determine, in his sole business judgment and after consultation with Garnet, whether it is necessary to make any counteroffers or allow Accredited Bidders to submit a second round of bids as their highest and best offer.  *See* Ex. A, Milligan Declaration at ¶ 16.  A counteroffer or second round of bids may be necessary if more than one bid is received for the same price, the bids received are substantially equal after evaluating all factors, and/or to provide bidders the opportunity to match certain non-monetary terms in the offer.  The Receiver anticipates announcing the winning bid or bids within ten (10) business days after the conclusion of the bidding.  *See id.*

g.      <u>Evaluation of Bids</u>.  The Qualified Bidder(s) that submits the highest and best bid, as determined by the Receiver in his sole discretion after consultation with Garnet and legal counsel, shall be deemed the "Successful Bidder(s)." The highest and best bid(s) may be determined by considering, among other things:

i.      the purchase price;

ii.      the likelihood that a Qualified Bidder can, and will, close the proposed transaction;

iii.      if the bid is not for all of the DeVille Assets, whether there are other bids such that all of the DeVille Assets can be sold;

iv.       the net benefit to the Receivership Estate, and

v.        such other factors as the Receiver may deem relevant in his sole discretion.

*See* Ex. A, Milligan Declaration at ¶ 17.  Within three business days after the Successful Bidder(s) are announced and if not already done, the Successful Bidder(s) must complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which the highest and best bid was made.

h.       <u>Notice of The Auction</u>.  Before the Bid Date, the Receiver will file with the Court and serve on all Known Parties of Interest a notice of the proposed auction ("<u>Notice of Auction</u>").  Any Known Parties of Interest appearing in this case shall receive a copy of the Notice of Auction and this Motion through the Court's CM/ECF filing system.  All other Known Parties of Interest shall receive a copy of the Notice of Auction and this Motion through regular U.S. Mail.  The form Notice of Auction is attached hereto as **Exhibit B**.  The Receiver will also post a copy of the Notice of Auction on the Receiver's website for this case, *www.merrill-ledford.com*, to provide notice to the public of the proposed sale.  *See* Ex. A, Milligan Declaration at ¶ 18.

i.       <u>Notice Procedures</u>.  All Known Parties of Interest will have notice of and the opportunity to object to the sale of the DeVille Assets by service of this Motion.  Additionally, the Receiver will provide notice of the Bid Date to all Known Parties of Interest at least thirty (30) days before the Bid Date. The Receiver will file with the Court and serve on all Known Parties of Interest a notice that is in substantially the same form as the one below.

> Please be advised that pursuant to the Order entered on _____, __, 2020, in *Securities and Exchange Commission v. Kevin B. Merrill et al.*, Civil Action No. 1:18-cv-02844-RDB, the Court-appointed Receiver Gregory S. Milligan will conduct a

sealed-bid auction of DeVille Asset Management, Ltd.'s assets. The assets to be sold include DeVille's debt portfolios and its ongoing business (collectively "DeVille's assets").

Garnet Capital Advisors, LLC ("Garnet") is facilitating the auction of DeVille's assets. Garnet will accept bids for the DeVille Portfolios and the DeVille Platform on _____, __, 2020.

You should have already received a copy of the Receiver Gregory S. Milligan's Motion to Approve The Sale of and Procedures for the Sale of the Assets of DeVille Asset Management, Ltd., an opportunity to object to the Motion, and the Court's order granting the Motion.

Pursuant to the Court's_____, __, 2020 Order and after the conclusion of the sealed-bid sale, it is anticipated that the Successful Bidder(s) will be announced within 10 business days after the auction. The Receiver is approved to close on the sale as soon as practicable after the Successful Bidder(s) are announced.

If you have any questions regarding this Notice, please contact the Receiver's counsel, _____ at _____.

j.      Amendment of DeVille Sales Procedures. The Receiver may: (a) impose at or before the auction such other and additional terms and conditions as he deems appropriate, and/or (b) adjourn the auction to a later date and time.

k.      Closing the Sale and Payment of Breakup Fee. After the winning bid is announced, the Receiver shall, without need for further Court approval, proceed to close the sale with the Successful Bidder or Successful Bidders. No bidder or other party-in-interest shall be entitled to any breakup fee, expense reimbursement of its costs, expenses or professional fees incurred in connection with the sale and competitive bidding process for the DeVille Assets, including the DeVille Portfolio and DeVille Platform, including formulation and submission of any bid or any due diligence efforts, or breakup, termination or similar fee or payment.

l.      Private Sale. The Receiver reserves the right to seek authority from the

10

Court to sell the DeVille Portfolios or the DeVille Platform by a private sale if the best interests of the Receivership Estate would be served by a private sale.

   m. <u>Sales Free and Clear</u>.  If the Court grants this motion, the Receiver's sale of the DeVille Portfolios and/or DeVille Platform shall be free and clear of all liens, claims, and encumbrances, unless the Court orders that such liens, claims, or encumbrances shall attach to the proceeds of such auction.  If any party asserts a lien, claim, or encumbrance on the DeVille Portfolios and/or DeVille Platform to be sold and if the lien, claim, or encumbrance is not resolved prior to the Bid Date or the closing of the sale of the asset, such sale may go forward to closing, with a determination of the extent, validity and/or priority of the alleged lien, claim or encumbrance to be made by the Court at a later date.

   n. <u>Report of Sales Results</u>. The Receiver shall, when reporting on the Receivership Estate generally, report on the completion of any sale of the DeVille Assets that closed during the applicable period.  The Receiver will also post a notice of completion of the auction process on the Receiver's website, *www.merrill-ledford.com*, within thirty days after the closing of the last sale of the DeVille Assets. *See* Ex. A, Milligan Declaration at ¶ 19.

  13. The Receiver has numerous assets to manage, preserve, and potentially liquidate in order to maximize the value of the Receivership Assets, including the DeVille Assets.  Pursuant to the Receivership Order, the Receiver is to take such action as necessary and appropriate for the preservation of all Receivership Assets and, if necessary and upon approval from the Court, to oversee an orderly liquidation to preserve the value of the Receivership Assets.  *See* Ex. A, Milligan Declaration at ¶ 10; Dkt. No. 62 at ¶¶ 40, 42.

  14. The DeVille Portfolios are one of the largest, if not the largest, asset of the

Receivership Estate.  Allowing a sale of the DeVille Assets will result in a liquid asset for the Receivership Estate and will maximize the value of the Receivership Assets.  Implementation of the DeVille Sales Procedures will enable the Receiver to sell the DeVille Assets in an orderly, efficient, and equitable manner and to maximize the proceeds received from such sales. The sale of the DeVille Assets pursuant to the DeVille Sales Procedures is in the best interests of the Receivership Estate.  *See* Milligan Declaration at ¶ 22.

### III.    CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court enter an order: (i) granting this Motion; (ii) authorizing the Receiver to adopt and follow the DeVille Sales Procedures described in this Motion; (iii) authorizing the Receiver to sell the DeVille Assets, free and clear of liens, claims, and encumbrances (with such liens, claims, and encumbrances, if any, to attach to the sales proceeds), pursuant to the DeVille Sales Procedures; and (iv) granting such other relief as the Court deems just and proper.

Date: June 9, 2020.                          Respectfully Submitted,

                                             */s/ Lynn H. Butler*
                                             Lynn H. Butler, *pro hac vice*
                                             HUSCH BLACKWELL LLP
                                             111 Congress Ave., Suite 1400
                                             Austin, TX 78701
                                             Tel: (512) 472-5456
                                             Fax: (512) 479-1101
                                             lynn.butler@huschblackwell.com

                                             Buffey E. Klein, *pro hac vice*
                                             HUSCH BLACKWELL LLP
                                             1900 N. Pearl Street, Suite 1800
                                             Dallas, Texas 75201
                                             Tel: (214) 999-6100
                                             Fax: (214) 999-6170
                                             buffey.klein@huschblackwell.com

HB: 4846-9333-4975.1

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel: (202) 378-2300
Fax: (202) 378-2318
brian.waagner@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

## CERTIFICATE OF SERVICE

On June 9, 2020, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service. Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill, #64274-037
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

**Defendant Jay B. Ledford (via U.S. Mail):**

Jay B. Ledford, #55055-048
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

HB: 4846-9333-4975.1

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor, Jr.
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Relief Defendant Lalaine Ledford (via U.S. Mail):**

Lalaine Ledford
10512 Courtney Cove Ave.
Las Vegas, NV 89144
lalainebarretto@yahoo.com

**Baltimore County Office of Law (via E-Mail and U.S. Mail):**

Susan B. Dubin
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
sdubin@baltimorecountymd.gov

HB: 4846-9333-4975.1

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor
3291 Tamiami Trail East
Naples, Florida 34112

Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395

Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

HB: 4846-9333-4975.1

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas
c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

J Trust
c/o Hillary RE. Badrow, Trustee
2801 Paramount Boulevard
Amarillo, Texas 79109

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

HB: 4846-9333-4975.1

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

*/s/ Lynn H. Butler*
Lynn H. Butler

HB: 4846-9333-4975.1