IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SECURITIES AND EXCHANGE COMMISSION  *

v.                                                                              *           Civ. No. RDB 18-2844

KEVIN MERRILL, ET AL.                                          *

                                                                                    *

*        *        *        *        *        *        *        *        *        *        *        *        *

## MOTION FOR A TELEPHONIC STATUS CONFERENCE AND FOR THE RELEASE OF CERTAIN PROPERTY TO RELIEF DEFENDANT AMANDA MERRILL

Relief Defendant Amanda Merrill, through undersigned counsel, Robert W. Biddle, Nathans & Biddle, LLP, hereby provides this Motion for a status conference and for the release of certain property, requesting this Court direct the Receiver in this case to release to Ms. Merrill within 5 business days of the date of the entry of the attached order, a variety of seized personal property identified below. This Motion is permitted pursuant to the stay order in this case, ECF #42, filed on October 25, 2018, as by its express language, "the receivership, any order related to the receivership, and all powers granted to the Receiver shall remain in full force and effect." The Motion seeks an order relating to the receivership.

The property to be released includes women's clothing, coats, and shoes, which were seized from Amanda Merrill when she was removed from her and her husband Kevin Merrill's home located at 1848 Circle Road, Towson, Maryland, on December 11, 2018, as well as other property such as furniture seized from the Circle Road and Easton residences.

In brief summary, Ms. Merrill by counsel contends that this requested relief is in the interests of justice, entered with consideration of her interest in the property sought to be released, and is the best option available for expeditious monetization of other more valuable receivership

1

assets, including expenses for the receivership. Furniture has not been included in the proposed but not completed sale of Circle Road or in the completed sale of the Easton property. *See* ECF #153-1 ("purchase price [for Circle Road] does not include the furniture"); #199-2 (item#13 – "included in the purchase price are all permanently attached fixtures"). With the furniture unsold, uncertainty and disruption caused by Covid-19 in the market for auctioning or selling used clothing and shoes, including uncertainty as to how long the disruptions will last, combined with continued storage costs for all the seized items, some of which are arguably not "luxury" items, releasing furniture selected by Ms. Merrill identified in Ex. 1 or otherwise held by the Receiver, and releasing her clothing, coats, and shoes to her as promptly as possible is the appropriate course of action at this time.

As stated in the Initial Preservation Plan ECF #54 filed by the Receiver on November 13, 2018, the Receiver seeks expeditious monetization of Receivership assets, to minimize holding and maintenance costs, to minimize a reduction in value of assets due to their age, and to reduce the time period for other adverse actions to take place which would reduce the value of Receivership assets. That plan stated at pp. 9 – 10 that the "Receiver believes that liquidating all estate assets promptly, efficiently, and at market prices is in the best interest of all parties." The Third Receiver's Report, ECF #177, filed on July 30, 2019, almost a year ago, specifically referenced Ms. Merrill's clothing and shoes and their storage costs as a significant factor for the Receivership Estate. In that Report, the Receiver acknowledged that Ms. Merrill consented to the sale of a vessel and real estate, and referred to communications on her behalf by counsel over the disposition of other property. "However Amanda Merrill has not consented to the sale of any furniture, clothing, or other personal property located at the Circle Road Property . . . As a result,

2

the Receivership Estate will incur significant costs to pack, move and store the furniture and other personal property currently located in the Circle Road property."

Of course, since the Third Receiver's Report, counsel for the Receiver and Ms. Merrill agreed on the release of jewelry, *see* ECF #272, 272-1, filed January 24, 2020, and Ms. Merrill has not contested the sale of many handbags, watches, vehicles, and other items. However no agreement has been reached regarding the disposition of her shoes and clothes. No notice has been filed with this Court by the Receiver identifying a contract with any vendor to sell some or all of Ms. Merrill's clothes and shoes. Thus, it appears there is no immediate plan to monetize these assets by the Receiver. The Receiver had apparently expected to contract with a vendor by now to sell clothes and shoes as it informed this Court in the First Receiver's Report ECF #99 filed on January 30, 2019, that "the Receiver team has also identified outlets and sale strategies for the lower end but still luxury goods [other than art, collectibles, jewelry, rare wines, watches and luggage] which will also be the subject of a retention and sale procedures motion to be filed with the Court within the next thirty days."

Thus, in the period following January 2019, storage costs referenced by the Receiver in its Third Report ECF #177 continue to accumulate, furthermore the circumstances indicate that the coronavirus shutdowns appear to have impacted efforts to dispose of the clothes and shoes in a profitable fashion for the Receivership Estate. Under these circumstances, returning Ms. Merrill's clothes and shoes to her appears to undersigned counsel the best course of action under the circumstances.

By way of further background, counsel for Ms. Merrill states as follows.

1. The Initial Complaint in this case was initially filed against Kevin Merrill, Jay Ledford, and Cameron Jezierski on September 13, 2018. The Receiver was appointed and a TRO, ECF #9, was entered that same day, September 13, 2018.

2. An Amended Complaint was filed on November 6, 2018, adding Ms. Merrill, Kevin Merrill's wife, as a relief defendant.

3. On December 11, 2018, Ms. Merrill was arrested for violating the TRO with her husband, and was removed from Circle Road pursuant to the release order in the criminal case. The Receiver took control of Circle Road almost immediately, which included gaining possession of Ms. Merrill's and her childrens' personal belongings of all types. The Amended Receivership Order was filed on November 27, 2018, ECF #62, and directed the Receiver to marshal and preserve assets held by Ms. Merrill which were "acquired, either directly or indirectly, using such funds" "fraudulently obtained by investors." The Receiver has been granted latitude by this Court so far in the selection and administration of seized assets to decide what assets to seize and to sell, pursuant to a court order, or release. Some assets have been released, others addressed in this Motion have not been released.

4. Pursuant to the release order in the criminal case, a very limited quantity of clothes, shoes, and other personal items belonging to Ms. Merrill and her children were released by the Receiver from Circle Road on December 12, 2018. Further limited quantities of clothing, coats, and shoes, were returned to Ms. Merrill by the Receiver from Circle Road on February 26, 2019. No clothes or shoes have been released by the Receiver to Ms. Merrill since that date.

5. Over the past 18 months, the Receiver has been liquidating assets belonging to the Defendants and Relief Defendant Ms. Merrill. The Receiver has provided this Court with reports regarding its operations including assets sales, *see* ECF #99 (Report #1 filed January 30, 2019,

ECF # 138 (Report #2 filed April 30, 2019), ECF #177 (Report #3 filed on July 30, 2019), ECF #230 (Report #4 filed on October 30, 2019), ECF # 273,( Report #5 filed on January 31, 2019), and ECF #291 (Report #6 filed April 30, 2020). Report #3 specifically addressed Ms. Merrill's shoes and clothing obtained by the Receiver when she vacated the Circle Road residence on December 11, 2018, and referenced the burdensome cost of storing the items awaiting their sale. Other items were apparently more important to address given their high dollar value and potential to significantly enhance the value of the Receivership Estate. As of the end of March 2020, the Receiver had over $28 million in cash on hand awaiting distribution. ECF #291 at p. 7. In the course of its administration, the Receiver has obtained permission to sell real property, vehicles, boats, jewelry, and other items of personal property, in some of which Ms. Merrill had a potential ownership interest. Ms. Merrill consented to the sale of a voluminous value of property to date in this case. Some of the motions and notices for the sale of property in this case (a non-exhaustive list), which have been pursued by the Receiver to date, including Merrill and/or Ledford properties, include the following:

      a. On July 10, 2019, this Court granted the Receiver's motion to sell a 350 Crossover Bowrider Port Cruiser boat (ECF #154).
      b. On July 10, 2019, this Court granted the Receiver's motion to sell the 1848 Circle Road, Towson, Maryland, 21204, residence (ECF #155).
      c. On July 12, 2019, this Court granted the Receiver's motion to sell the residence at 1055 Spyglass Lane, Naples, Florida, 34102 (ECF #157).
      d. On July 23, 2019, this Court granted the Receiver's motion to sell the residence at 1718 Greenspring Valley Road, Stevenson, Maryland, 21153 (ECF #166).
      e. On July 29, 2019, this Court granted the Receiver's motion to sell the residence at 531 Hampton Lane, Towson, Maryland, 21286 (ECF #172).
      f. On August 2, 2019, this Court granted the Receiver's motion to sell the residence at 3018 Susanne Court, Owings Mills, Maryland, 21117 (ECF #183).
      g. On July 26, 2019, Notices were filed by the Receiver to sell vehicles including a 2017 Rolls Royce Wraith Coupe, 2018 Cadillac Escalade, a 2017 Land Rover Range Rover, and a 2017 Lamborghini (ECF #168-171).
      h. On August 26, 2019, this Court granted the Receiver's motion to sell the residence at 27776 Sharp Road, Easton, Maryland, 21601 (ECF #202).

    i. On September 13, 2019, Notices were filed by the Receiver to sell vehicles including a 2008 Bugatti Veyron and a 2017 Land Rover Range Rover (ECF #212 & 213).

    j. On November 11, 2019, Notices were filed by the Receiver to sell a 2015 BMW S1000R Motorcycle, a 2018 Lamborghini Huracan, and a 2016 Ducati Scrambler (ECF #232, 233 & 234).

    k. On November 20, 2019, a Notice was filed by the Receiver to sell a 2016 Mercedes Benz Sprinter 250 vehicle (ECF # 246).

    l. On December 5, 2019, a Notice was filed by the Receiver to sell a 2018 Lamborghini vehicle (ECF #251).

    m. On December 27, 2019, a Notice was filed by the Receiver to sell a 2017 Land Rover Range Rover vehicle (ECF #260).

    n. On January 10, 2020, a Notice was filed by the Receiver to sell a 2015 Porsche 918 vehicle (ECF #264).

    o. On January 13, 2020, a Notice was filed by the Receiver to sell a 2018 Cadillac Escalade (ECF #267).

    p. On February 16, 2020, a Notice was filed by the Receiver to sell a 2015 Ferrari 458 Spider Especial vehicle (ECF #276).

    q. On March 25, 2020 and April 7, 2020, Notices were filed by the Receiver to sell various comics (ECF #287 & 288).

    r. On April 17, 2020, a Notice was filed by the Receiver to sell jewelry (ECF #289).

    s. On May 6, 2020, a Notice was filed by the Receiver to sell additional jewelry (ECF #294).

    t. On May 8, 2020, a Notice was filed by the Receiver to sell timepieces (ECF #296).

    u. On May 11 and 12, 2020, Notices were filed by the Receiver to sell fine art and decorative art (ECF #298 & 299).

    v. On May 22, 2020, a Notice was filed by the Receiver to sell other luxury goods (including handbags) (ECF #300).

    w. On May 22, 2020, a Notice was filed by the Receiver to sell further additional jewelry (ECF #301).

    x. On May 26, 2020, a Notice was filed by the Receiver to sell fine art (ECF #302).

6. Since at least June, 2019, counsel for Ms. Merrill and counsel for the Receiver have communicated regarding Ms. Merrill's clothing, shoes, and coats, which were seized from 1848 Circle Road, Towson, Maryland.

10. By a letter to undersigned counsel dated June 4, 2020, counsel for the Receiver informed counsel for Ms. Merrill that "we have certain property that was recovered from the Circle Road and Easton residences." A list of the items in crates provided by counsel for the Receiver on June 4, 2020, is attached to this Motion as Exhibit 1.

11.     Ms. Merrill seeks a court order directing the Receiver to (1) release Ms. Merrill's shoes, coats, and clothes to her, (2) allow Ms. Merrill with counsel to inspect the contents of the crates Ex. 1 and identify which items she wants returned, and (3) deliver at the Receiver's expense the items identified in Ex. 1 which are to be returned to Ms. Merrill which it is not feasible in her discretion for her to pick up from wherever they are stored. Due to their bulk, many of the items she may want returned identified in Ex. 1, will be difficult for her to economically transport in bulk at one time to another location.

12.     It appears to undersigned counsel that the Receiver and his attorney has faced significant roadblocks as a result of coronavirus shutdowns to disposing of the remaining clothes and shoes it is holding belonging to Ms. Merrill. References to other disruptions in the Receiver's administration caused by Covid 19 are addressed in its latest report filed on April 30, 2020, ECF 291 at pp. 2 – 4. How long those roadblocks will remain and the state of the market for Ms. Merrill's clothing and shoes is uncertain, therefore returning all of them to her immediately is the best and most efficient course of action under the circumstances. In addition, this Court should also direct the Receiver by a date certain to make the items identified in Exhibit 1 attached available to Ms. Merrill and counsel for inspection wherever they are being stored, and direct that once designated by Ms. Merrill, at her discretion the items to be released will be delivered by the Receiver's agent at the Receiver's expense to an address provided by Ms. Merrill.

A draft order is attached.

                         Respectfully submitted,

                         /s/

                         Robert W. Biddle (#10761)
                         Nathans & Biddle LLP
                         120 East Baltimore Street, Suite 1800
                         Baltimore, Maryland 21202

(410) 783-0272

Counsel for Relief Defendant,
Amanda Merrill

July 7, 2020

Ex. 1 – list of property
Ex. 2 – draft order

## CERTIFICATE OF SERVICE

It is on this 7th day of July, 2020, I certify that a copy of this document was served by ECF notification on all parties' counsel.

/s/

_____
Robert W. Biddle