IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

SECURITIES AND EXCHANGE COM.

v.                                                    CIV. No.  RDB-18-2844

                                        *
KEVIN B. MERRILL, ET AL.

                                        *


          *     *     *     *     *     *     *     *     *     *     *     *     *

RESPONSE IN OPPOSITION BY RELIEF DEFENDANT MS. AMANDA MERRILL TO
RECEIVER'S  MOTION ECF # 354,  TO THE EXTENT THE RECEIVER SEEKS TO
CONVEY PERSONAL PROPERTY SUCH AS FURNITURE AND DRAPES TO THE
BUYER OF 1848 CIRCLE ROAD, INCLUDING A REQUST THAT THIS COURT STAY OR
VACATE THE PREMATURE GRANTING OF ECF#354 BY THE ORDER FILED
YESTERDAY ECF#355

        Relief Defendant Amanda Merrill, by Nathans & Biddle LLP, by Robert W. Biddle, Esq.,

hereby responds in opposition to the Receiver's Motion ECF #354, hereafter "Receiver's

Motion," filed two days ago, September 16, 2020, to the extent that the subsequent order ECF

#355 allows the Receiver to convey personal property, not fixtures, to the buyer of the family

residence located at 1848 Circle Road, Towson, 21204, hereafter referred to as "Buyer." Ms.

Merrill is not opposing the sale of the real property and does not want to interfere with

conveyance of the title to the property at settlement to the Buyer. However, unlike the sale of the

real property, to which she consented pursuant to ECF #'s 116 – 117, filed on April 5, 2019,

addressed in ECF # 126, court order filed on April 16, 2019, Ms. Merrill has not previously

consented to the sale of personal property such as drapes or furniture which were located in the

Circle Road residence when she vacated it on December 11, 2018. She is now contesting the sale

1

of personal property from Circle Road as provided for in the contract of sale provided to the Court by the Receiver in ECF #354.

The Court granted the Receiver's Motion ECF #354 yesterday, September 17, 2020, by ECF #355, without allowing counsel two weeks to respond as provided by the Local Rules, L.R.105(2)(A). Furthermore, the Receiver's motion ECF #354 provided for a 30 day period for claims regarding the furniture to be filed.

Therefore, counsel respectfully requests that the Court reconsider and vacate the Order filed at ECF#355, to the extent it authorizes the sale of personal property, drapes, and furniture to the Buyer, or in the alternative promptly enter an Order staying that Order until all objections are resolved to ECF #355 as it relates to the sale of personal property and the Court can enter an order based on full input from all interested parties..

Ms. Merrill by counsel states as follows.

1. Ms. Merrill is a relief defendant pursuant to the Amended Complaint.

2. In ECF # 354, the Receiver by its proposed draft order ECF #354-2 asked this Court to authorize as part of the sale of Circle Road for authority to convey insufficiently identified property to the Buyer. *See* ECF #354 at p, 3 ("The purchase price includes the furniture currently located in the dining room and master bedroom of the Real Property"); ECF #354-1 at p. 17 ("Seller to convey all dining room and master bedroom furnishings . . . all currently installed light fixtures . . . all window treatments, draperies and blinds"). The identity of the furnishings, etc. to be conveyed pursuant to ECF#355 to the Buyer is not further detailed in ECF #354 and has not otherwise been provided to Ms. Merrill or her counsel.

3. The previously executed contract of sale for Circle Road which this Court approved by

2

ECF #155 filed on July 10, 2019, did not provide for any furniture to be conveyed to that buyer. *See* ECF #153 at p. 3 ("The Purchase Price does not include the furniture currently located in the Real Property"). Therefore, there was no need for Ms. Merrill to respond to the prior order of sale for Circle Road regarding the furniture. The buyer last year had agreed to pay $250,000.00 more for the property than the current contracted-for sale price of $2,499,000.

4. The disposition of personal property at Circle Road was most recently addressed in a series of filings, a court conference, and an order by this Court, see ECF #'s 318, 321, 322, a status conference telephone call on July 15, 2020, and a court order ECF #324, filed on July 15, 2020. Ms. Merrill asserted her rights in personal property seized from Circle Road by the Receiver, and this Court denied her motion as premature. The issue is no longer premature in light of the proposed conveyance of furniture to the Buyer.

5. The Receiver lacks plenary authority to sell seized property absent specific authorization by this Court. In order for personal property seized at Circle Road to be sold, the Receiver should specifically identify each item of property to be sold (authority to convey furniture generically described is inadequate) and Ms. Merrill must have an opportunity to claim it. That is how issues relating to the seizure of personal property such as jewelry have been previously addressed. Before offering the Buyer the opportunity to acquire personal property, such as furniture, the Receiver should have come before this Court and asked for specific authority to do so in advance of making the offer. The Receiver seemingly endorsed this approach last year regarding the previous buyer with respect to this very same furniture. *See* ECF #153 at p. 3 ("If the Buyers [of Circle Road] submit an offer to purchase the furniture currently located in the Real Property, the Receiver will file a separate motion for authority to sell the

3

furniture to the Buyers"). Had the Receiver followed this procedure this year, the sales process of the furniture to the Buyer would have been streamlined as all claims to the furniture would have been resolved before the furniture was offered for sale by the Receiver.

6. Even where in this case seized personal property has not been claimed by Ms. Merrill, she has been able to bid on it during the on line auctions. She should have a similar opportunity to buy items of furniture at Circle Road which she does not claim and does not ask to be returned directly to her.

7. Ms. Merrill has been cooperative with the Receiver and the Government in this proceeding. *See*, e.g., ECF # 137, preserving Ms. Merrill's right to pursue claims against the proceeds of the sale of real properties. In addition, the Receiver has obtained permission to sell vehicles, boats, jewelry, and other items of personal property, in some of which Ms. Merrill had a potential ownership interest. Ms. Merrill consented to the sale of a voluminous value of property to date in this case. Some of the motions and notices for the sale of property in this case (a non-exhaustive list), which have been pursued by the Receiver to date, including Merrill and/or Ledford properties, include the following:

  a. On July 10, 2019, this Court granted the Receiver's motion to sell a 350 Crossover Bowrider Port Cruiser boat (ECF #154).
  b. On July 10, 2019, this Court granted the Receiver's motion to sell the 1848 Circle Road, Towson, Maryland, 21204, residence (ECF #155).
  c. On July 12, 2019, this Court granted the Receiver's motion to sell the residence at 1055 Spyglass Lane, Naples, Florida, 34102 (ECF #157).
  d. On July 23, 2019, this Court granted the Receiver's motion to sell the residence at 1718 Greenspring Valley Road, Stevenson, Maryland, 21153 (ECF #166).
  e. On July 29, 2019, this Court granted the Receiver's motion to sell the residence at 531 Hampton Lane, Towson, Maryland, 21286 (ECF #172).
  f. On August 2, 2019, this Court granted the Receiver's motion to sell the residence at 3018 Susanne Court, Owings Mills, Maryland, 21117 (ECF #183).

4

g.  On July 26, 2019, Notices were filed by the Receiver to sell vehicles including a 2017 Rolls Royce Wraith Coupe, 2018 Cadillac Escalade, a 2017 Land Rover Range Rover, and a 2017 Lamborghini (ECF #168-171).

h.  On August 26, 2019, this Court granted the Receiver's motion to sell the residence at 27776 Sharp Road, Easton, Maryland, 21601 (ECF #202).

i.  On September 13, 2019, Notices were filed by the Receiver to sell vehicles including a 2008 Bugatti Veyron and a 2017 Land Rover Range Rover (ECF #212 & 213).

j.  On November 11, 2019, Notices were filed by the Receiver to sell a 2015 BMW S1000R Motorcycle, a 2018 Lamborghini Huracan, and a 2016 Ducati Scrambler (ECF #232, 233 & 234).

k.  On November 20, 2019, a Notice was filed by the Receiver to sell a 2016 Mercedes Benz Sprinter 250 vehicle (ECF # 246).

l.  On December 5, 2019, a Notice was filed by the Receiver to sell a 2018 Lamborghini vehicle (ECF #251).

m.  On December 27, 2019, a Notice was filed by the Receiver to sell a 2017 Land Rover Range Rover vehicle (ECF #260).

n.  On January 10, 2020, a Notice was filed by the Receiver to sell a 2015 Porsche 918 vehicle (ECF #264).

o.  On January 13, 2020, a Notice was filed by the Receiver to sell a 2018 Cadillac Escalade (ECF #267).

p.  On February 16, 2020, a Notice was filed by the Receiver to sell a 2015 Ferrari 458 Spider Especial vehicle (ECF #276).

q.  On March 25, 2020 and April 7, 2020, Notices were filed by the Receiver to sell various comics (ECF #287 & 288).

r.  On April 17, 2020, a Notice was filed by the Receiver to sell jewelry (ECF #289).

s.  On May 6, 2020, a Notice was filed by the Receiver to sell additional jewelry (ECF #294).

t.  On May 8, 2020, a Notice was filed by the Receiver to sell timepieces (ECF #296).

u.  On May 11 and 12, 2020, Notices were filed by the Receiver to sell fine art and decorative art (ECF #298 & 299).

v.  On May 22, 2020, a Notice was filed by the Receiver to sell other luxury goods (including handbags) (ECF #300).

w.  On May 22, 2020, a Notice was filed by the Receiver to sell further additional jewelry (ECF #301).

x.  On May 26, 2020, a Notice was filed by the Receiver to sell fine art (ECF #302).

8. At all times in this case, Ms. Merrill has maintained her rights in and claims to certain

of the seized properties, both personal property and in the proceeds of sale of real properties. She

has not been indiscriminate in her claims and objections to sale. She is entitled to consideration

of her claims to personal property before the Receiver sells them.  She reserves her right to

supplement this motion in accordance with local practice and procedure as it being filed on short

notice.

9. Subject to the Receiver identifying the specific furniture and other personal property

intended to be conveyed to the Buyer, and the gathering of additional records and information,

Ms. Merrill by counsel proffers the following information regarding the origin of furniture

located in Circle Road in December 2018 likely subject to sale to the Buyer. Ms. Merrill recalls

that the following furniture was purchased by the couple, likely using Mr. Merrill's credit card,

in 2012 prior to her living with Mr. Merrill in another residence, 1408 Autumn Leaf Road,

Towson, a home owned by Mr. Merrill.

*Bedroom Items*

King size taupe tufted bed headboard with mattress
2 Restoration Hardware gray zinc end tables
1 3 draw zinc dresser
1 5 draw zinc dresser
1 8 draw zinc dresser
1 Gray sofa
1 Ottoman

*Dining Room Items*

1 120' Restoration Hardware table
10 taupe tufted chairs
2 hutches - Restoration Hardware
1 side credenza

Drapes were given as a move in gift from Valerie Merrill, her mother in law. She also
provided items in the Merrill's son Grant's room when he was born.

6

10. Neither the indictment, which alleges the fraud began in 2013, nor the statement of facts in Mr. Merrill's guilty plea in his criminal case, nor the pending amended complaint by the SEC provide any details of criminal acts by Mr. Merrill prior to 2013, therefore the record before this Court lacks evidence that any personal property purchased by Mr. Merrill in 2012 is the proceeds of fraud.

11. The Circle Road property is under contract and the Buyer needs to be able to obtain title and possession in the near future. Ms. Merrill proposes the following as next steps. First, the Court stay or vacate its order ECF # 355 as it pertains to the sale of furniture and personal property not fixtures located at Circle Road. Second, the Receiver provide the Court and the parties with a detailed list of the personal property, furniture, drapes, etc. (not fixtures) which it intends to convey to the Buyer. Third, Ms. Merrill be given a reasonable period of time to file claims, and to provide the basis for such claims, to the personal property, to the Receiver and/or the Court. Fourth, to the extent that the Buyer still wishes to acquire personal property seized at Circle Road but also claimed by Ms. Merrill, that the Buyer, Receiver, and Ms. Merrill be allowed an opportunity to negotiate an amicable settlement to any disputes regarding the disputed personal property. Fifth, if such disputes cannot be resolved through negotiation, that this Court, or a Magistrate-Judge, conduct a proceeding to address the competing claims and afterwards enter an order resolving the competing claims to the personal property. Ms. Merrill has no interest in impeding or interfering with the sale of the real property at Circle Road, or the fixtures, her interest in this motion is solely limited to the disposition of personal property which was at Circle Road on December 11, 2018, when her residence there ended.

7

Respectfully submitted,

/s/

_____

Robert W. Biddle, Esq.
NATHANS & BIDDLE LLP
SunTrust Bank Building
120 East Baltimore Street
Suite 1800
Baltimore, Maryland 21202
410-783-0272

Counsel to Relief Defendant Amanda Merrill

Dated: September 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent by ECF email to counsel of record.

/s/

_____

Robert W. Biddle

8