# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 18-cv-2844-RDB |
| v. | § | |
| | § | |
| KEVIN B. MERRILL, ET AL., | § | |
| | § | |
| Defendants. | § | |

---

## RECEIVER'S MOTION FOR APPROVAL OF
## FIRST INTERIM FEE APPLICATION OF BDO USA, LLP

---

Lynn H. Butler, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 472-5456
Facsimile: (512) 479-1101

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 378-2300
Facsimile: (202) 378-2318

*Attorneys for Gregory S. Milligan, Receiver*

HB: 4835-7168-3264.5

## TABLE OF CONTENTS

**Page**

I.     **BACKGROUND** ................................................................................................. **4**

     A.    This Receivership is large and complex. ............................................... 5

     B.    BDO's fees are necessary for the Receiver's successful management of the Receivership Estate for the benefit of all claimants................................. 6

II.    **REQUEST FOR APPROVAL OF FEES BETWEEN AUGUST 26, 2019 AND MAY 31, 2020** ................................................................................... **6**

     A.    The Court should approve the payment of all reasonable and necessary professional fees and expenses. ............................................................. 7

     B.    The fees and expenses are reasonable and necessary in light of the extraordinary complexity and difficulties of this case. .......................... 8

III.   **CONCLUSION** .............................................................................................. **9**

**CERTIFICATE OF CONFERENCE** ..................................................................... **11**

**CERTIFICATE OF SERVICE** ............................................................................... **12**

HB: 4835-7168-3264.5

Gregory S. Milligan, the Court-appointed Receiver in this action (the "Receiver"), seeks the Court's approval to pay interim fees and expenses of $70,740.33 (the "First Fee Application") to BDO USA, LLP ("BDO"), pursuant to the First Amended Order Appointing Temporary Receiver ("Receivership Order") (Dkt. No. 62) and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission ("Billing Instructions"), for professional services rendered on behalf of the Receivership Estate between August 26, 2019 and May 31, 2020 (the "Applicable Period"). Pursuant to Local Rule 105(2)(a) of the United States District Court for the District of Maryland, all oppositions to this First Fee Application must be filed within fourteen (14) days of the service of this motion, **on or before October 5, 2020**. The tasks and challenges presented by this large Receivership are numerous, complex, and difficult. To complete the court-ordered tasks and overcome these challenges, the Receiver and BDO worked long hours to enable the Receiver to carry out his fundamental duty of implementing this Court's Orders, which included the preparation and filing of tax returns for the non-individual Receivership Parties[1] and the Receivership Estate. *See* Dkt. No. 62 at ¶¶ 1, 2, 6, & 8.

The Receiver has had to discharge his duties with very little assistance from the individual Defendants, who may be the only people with full knowledge of the assets and records of the Receivership Parties. The Receiver and BDO have had to reconstruct, to the extent possible, the financial records of the non-individual Receivership Parties in order to ascertain their income, assets, and expenses for purposes of preparing and filing federal and state income tax returns for periods before and after entry of the Receivership Order.

---

[1] Pursuant to paragraph 42 of the Receivership Order, the Receiver did not retain and employ BDO to prepare tax returns for individual Defendants Kevin B. Merrill ("Merrill"), Jay B. Ledford ("Ledford"), and Cameron Jezierski ("Jezierski").

The work of the professionals is described in detail in the attached invoices, which the Receiver submits in support of this First Fee Application as **Exhibit A**. The information contained in the exhibit demonstrates the necessity for the professionals' services and the reasonableness of their fees and expenses for a case of this complexity and difficulty.

## I.    BACKGROUND

On September 13, 2018, the SEC filed this case and thousands of pages of evidence, alleging that Defendants engaged in a $345 million fraudulent scheme involving as many as 230 investors. *See* Dkt. Nos. 1, 3. This Court found that it was both necessary and appropriate to appoint a receiver and assumed exclusive jurisdiction over all assets and records of the Defendants and certain entities affiliated with Defendants. *See* Dkt. No. 62 at ¶ 1. The Receivership Order charged the Receiver with responsibility for acquiring control and possession of the Receivership Estate, and performing all acts necessary to conserve, manage, and preserve the Receivership Estate. *See* Dkt. No. 62 at ¶ 8.B.

As a result, the Receiver immediately was placed in charge of the assets of the Receivership Parties, which, at the time of appointment, consisted of three (3) individuals and thirty-one (31) named entities. *See* Dkt. No. 62 at ¶ 1. On the date the Receivership Order was unsealed, the Receivership Estate included four ongoing business operations in Texas: (i) DeVille Asset Management Ltd. ("DeVille"); (ii) Riverwalk Credit Repair, Inc. ("Riverwalk Credit"); (iii) Riverwalk Debt Solutions, Inc. ("Riverwalk Debt"); and (iv) Ledford & Associates, PLLC. In addition, numerous assets were owned or held in the name of non-individual Receivership Parties, most of which have been liquidated during the pendency of this receivership.

In furtherance of the Receiver's duties under the Receivership Order, the Receiver sought authority for and retained BDO to: (i) advise the Receiver on the tax liability of the Receivership Estate and the non-individual Receivership Parties; (ii) prepare and file state and federal tax returns

on behalf of the Receivership Estate and the non-individual Receivership Parties; (iii) advise the Receiver on obtaining and maintaining the status of a taxable "Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code for Receivership Funds; and (iv) advise the Receiver on other tax matters related to the administration of the Receivership Estate. *See* Dkt. Nos. 198 & 201.

Pursuant to the Billing Instructions, BDO charged the following hourly rates for its professionals working on this matter and recorded the following hours during the Applicable Period:

| Professional | Title | Rate | Hours |
|---|---|---|---|
| Laura Holmes | Director | $782.00 | 0.30 |
| Brad Goonan | Partner | $762.00 | 2.50 |
| Jessica Beedle | Manager | $562.00 | 15.00 |
| James Montgomery | Manager | $427.00 | 15.70 |
| Nicholas Hiatt | Senior Associate | $312.00 | 24.75 |
| Bret Nesbitt | Senior Associate | $312.00 | 63.00 |
| Mandy Tang | Associate | $237.00 | 50.70 |
| Connor Arnold | Associate | $237.00 | 7.75 |
| David Babatope | Associate | $237.00 | 39.25 |

In total during the Applicable Period, BDO billed 218.95 hours for its services to the Receivership Estate at an average hourly rate of $308.64, for a total of $67,806.40. In addition, BDO incurred expenses in the amount of $2,933.93 during the Applicable Period. This is the first interim fee application submitted by BDO for its fees and expenses in this matter.

## A.     This Receivership is large and complex.

This matter involves the operation of an alleged Ponzi scheme by Defendants Merrill, Ledford, and Jezierski that fraudulently raised more than $345 million from over 230 investors to purportedly invest in consumer debt portfolios. *See* Dkt. No. 50 at ¶ 1. Additional information about case background, the procedural history of the case, and other efforts of the Receiver can be found in the six (6) quarterly status reports filed with the Court and posted to the Receivership

Estate website at https://merrill-ledford.com/case-updates/, which are incorporated herein by reference.

**B.     BDO's fees are necessary for the Receiver's successful management of the Receivership Estate for the benefit of all claimants.**

Despite numerous obstacles, the Receiver has continued to make significant progress, part of which would not be possible without BDO's work.  In order to carry out his duties under the Receivership Order, the Receiver required the assistance of tax professionals to review and update the financial records of the Receivership Parties in order to file federal and state income tax returns for the Receivership Estate and non-individual Receivership Parties.  The tasks performed by BDO were complicated by the Defendants' falsification of financial records and failure to properly account for income and expenses of the various Receivership Parties.  It was necessary for BDO and the Receiver to review and reconcile the Receivership Parties' financial records to accurately report information in the Receivership Parties' tax returns.

During the Applicable Period, the Receiver continued to account for the Receivership Assets by, among other things, providing timely Standardized Fund Accounting Reports to the parties in this case.  Attached hereto as **Exhibit B** is the most recent Standardized Fund Accounting Report for the period end June 30, 2020 that was filed with the Receiver's Seventh Quarterly Status Report on July 30, 2020.  *See* Dkt. No. 326.

Pursuant to the Receivership Order, the Receiver requests that the Court approve this First Fee Application and enter an order approving, on an interim basis, the professional fees and expenses of BDO for the Applicable Period.

## II.     REQUEST FOR APPROVAL OF FEES BETWEEN AUGUST 26, 2019 AND MAY 31, 2020

The Receivership Order directs and authorizes the Receiver to retain and compensate professionals in connection with the administration of the Receivership Estate:

HB: 4835-7168-3264.5

> The Receiver may choose, engage and employ attorneys, accountants, appraisers, and any other independent contractors and technical specialists, including, but not limited to, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, property managers, brokers, traders, and auctioneers (collectively, "Retained Personnel") as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order.

Dkt. No. 62 at ¶ 49.  Accordingly, the Receiver hired BDO to assist the Receiver to carry out his duties under the Receivership Order.  *See* Dkt. Nos. 198 & 201.  BDO has been working diligently to prepare pre- and post-receivership tax returns for the non-individual Receivership Parties and the Receivership Estate.

The Receivership Order directs that "[t]hroughout the pendency of the receivership, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate."  Dkt. No. 62 at ¶ 65.  Accordingly, the Receiver files this Motion and requests that the Court approve the fees and expenses billed by the BDO for work during the Applicable Period.

**A.      The Court should approve the payment of all reasonable and necessary professional fees and expenses.**

The Receiver's compensation and the fees and expenses of the Receiver's professionals may be determined at the Court's discretion and, in making those determinations, the Court should consider the complexity of the problem faced, the benefit of the services to the Receivership Estate, the quality of the work performed, and the time records presented.  *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *see also SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992).  While guidelines and standards for assessing compensation are set forth in case law, the unique facts and situations of each case make it impossible to rely directly on those guidelines alone.  *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975).

**B.      The fees and expenses are reasonable and necessary in light of the extraordinary complexity and difficulties of this case.**

The Receiver requests approval of fees and expenses for BDO, as summarized below, in the amounts noted (which reflect billings for work during the Applicable Period).  The time spent, services performed, hourly rates charged, and expenses incurred were reasonable and necessary, and indeed essential, for the Receiver to perform his Court-ordered duties.  BDO was selected because it possesses special expertise required to fulfill the Court's orders.  *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974).

In the instant case, BDO has provided essential tax expertise and manpower related to the unique issues presented in this receivership.  The professionals working on this case during the Applicable Period have included senior directors, partners, and managers with decades of experience, as well as senior and junior associates, as appropriate to the specific tasks at hand.  *See Johnson*, 488 F.2d at 718-19 (compensation often reflects degree of experience).  The following tasks were performed by the Receiver's professionals and were necessary and essential to the work of the Receiver.

During the Applicable Period, BDO prepared and filed the 2018 and 2019 federal tax returns for the Receivership Estate.  BDO also prepared and filed the 2018 federal income tax return for Riverwalk Financial Corporation ("Riverwalk") and its subsidiaries, Riverwalk Credit and Riverwalk Debt.  BDO also prepared and filed 2018 state income and franchise tax returns for Riverwalk in Texas, Tennessee, South Carolina, Oklahoma, Illinois, Georgia, Florida, Colorado, California, and Alabama.  BDO also prepared and filed 2019 state income and franchise tax returns for Riverwalk and DeVille Asset Management Ltd. ("DeVille") in Texas, Tennessee, South Carolina, Oklahoma, Illinois, Georgia, Florida, Colorado, California, and Alabama.  By correcting

prior accounting entries and the use of available net operating losses, no taxes were due on the federal returns and the total tax due on the state returns was less than $2,000.00.

A bill for BDO's services and expenses for the Applicable Period is attached hereto as Exhibit A. The Receiver represents that (i) the fees and expenses included herein were incurred in the best interest of the Receivership Estate, and (ii) with the exception of the Billing Instructions, the Receiver has not entered into an agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any share thereof. The Receiver requests approval of payment to BDO for $67,806.40 in professional fees and $2,933.93 in expenses for a total of $70,740.33 incurred during the Applicable Period.

### III.    CONCLUSION

The relief requested herein is necessary and appropriate to carry out the provisions of the Receivership Order. Accordingly, the Receiver requests that the Court enter an order approving of the fees and expenses incurred between August 26, 2019 and May 31, 2020 and authorizing the Receiver to compensate BDO from the Receivership Estate.

Respectfully Submitted,

/s/ Lynn H. Butler
Lynn H. Butler, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
buffey.klein@huschblackwell.com

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel: (202) 378-2300
Fax: (202) 378-2318
brian.waagner@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

HB: 4835-7168-3264.5

## CERTIFICATE OF CONFERENCE

Counsel for the Receiver provided a copy of this proposed First Interim Fee Application for BDO to counsel for the SEC on July 28, 2020.  Counsel for the SEC has reviewed and approved this First Interim Fee Application for BDO.

*/s/ Lynn H. Butler*
Lynn H. Butler

## CERTIFICATE OF APPLICANT

Undersigned tax professional for the Receiver hereby certifies as follows with respect to the Receiver's Motion for Approval of First Interim Fee Application of BDO USA, LLP ("Application"):

(a)     I have the read the Application.

(b)     To the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions.

(c)     All fees contained in the Application are based on the rates listed in BDO USA, LLP's fee schedule contained herein and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

(d)     BDO USA, LLP has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

(e)     In seeking reimbursement for a service which BDO USA, LLP justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, or computerized research), BDO USA, LLP requests reimbursement only for the amount billed to BDO USA, LLP by the third-party vendor and paid by BDO USA, LLP to the vendor.

Brad Goonan

HB: 4835-7168-3264.5

## CERTIFICATE OF SERVICE

On September 21, 2020, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service.  Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill, #64274-037
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

**Defendant Jay B. Ledford (via U.S. Mail):**

Jay B. Ledford, #55055-048
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor , Jr
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

HB: 4835-7168-3264.5

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Relief Defendant Lalaine Ledford (via U.S. Mail):**

Lalaine Ledford
10512 Courtney Cove Ave.
Las Vegas, NV 89144
lalainebarretto@yahoo.com

**Baltimore County Office of Law (via E-Mail and U.S. Mail):**

Susan B. Dubin
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
sdubin@baltimorecountymd.gov

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

HB: 4835-7168-3264.5

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor
3291 Tamiami Trail East
Naples, Florida 34112

Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395
Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas
c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

J Trust
c/o Hillary RE. Badrow, Trustee
2801 Paramount Boulevard
Amarillo, Texas 79109

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

HB: 4835-7168-3264.5

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

Samual I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

*/s/ Lynn H. Butler*
Lynn H. Butler

HB: 4835-7168-3264.5