IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| KEVIN B. MERRILL, et al. | | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill ("Merrill"), Jay B. Ledford ("Ledford"), and Cameron Jezierski ("Jezierski") with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No.1, unsealed on September 18, 2018, ECF No. 12.) Merrill, Ledford, and Jezierski have all since pled guilty and were sentenced by this Court in the criminal case. *See id.* (ECF Nos. 76, 81, 87, 146, 169, 183).[1]

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Merrill, Ledford, and Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to the present, the

---

[1] On January 8, 2019, a superseding indictment charged an additional defendant, Amanda Merrill, with conspiracy to obstruct justice. *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (Superseding Indictment, ECF No. 60). Amanda Merrill also pled guilty and was sentenced by this Court. *Id.* (ECF Nos. 140, 218).

Defendants operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 at ¶ 1.) Of the $345 million, more than $90 million was invested by over 200 individual investors, approximately $52 million by family offices, and nearly $203 million by feeder funds. (*Id.* at ¶ 2.)

This Court appointed a temporary Receiver on the same day the SEC filed its Complaint. (ECF No. 11.) On October 4, 2018, this Court entered a Preliminary Injunction Order continuing the appointment of the Receiver. (ECF No. 28.) Under this Court's Receivership Order (ECF No. 11) and First Amended Receivership Order (ECF No 62), the Receiver has the authority to take possession of all assets for the estates of the Receivership Parties, which includes Defendants and affiliated entities (three individuals and thirty-one named entities). On October 25, 2018, this Court permitted the Government to intervene and stayed the proceedings in this case.[2] (ECF No. 42.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amana Merrill and Lalaine Ledford as Relief Defendants. (Am. Compl., ECF No. 50.)

All of the Defendants in the related criminal case, *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465, pled guilty and were sentenced by this Court. *See* Criminal No. RDB-18-0465 (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218). Mr. Jezierski pled guilty on

---

[2] The Order specified that "Defendants' obligation to respond to the Complaint and all discovery in the captioned case is stayed pending the resolution of the criminal action in this district." (ECF No. 42.)

April 2, 2019, Mr. Merrill pled guilty on May 16, 2019, Mr. Ledford pled guilty on June 6, 2019, and Ms. Merrill pled guilty on October 10, 2019.  Consequently, the criminal case was closed on January 27, 2020.  Accordingly, on July 15, 2020, the Court lifted the stay in this case.  (ECF No. 324.)

Currently pending before this Court is a Motion for Limited Intervention to Allow Cancellation of Bonds and for Collateral Security (ECF No. 114) filed by International Fidelity Insurance Company ("IFIC").  Both the Receiver and the SEC oppose this intervention.  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, IFIC's Motion to Intervene (ECF No. 114) shall be DENIED.

## RELEVANT BACKGROUND

On November 30, 2017, Defendant Ledford, individually and as CEO of Riverwalk Credit Repair, Inc., d/b/a/ Riverwalk Credit Solutions ("Riverwalk Credit"),[3] executed a Miscellaneous Bond Application and Indemnity Agreement in favor of IFIC.  (Indemnity Agreement, ECF No. 114-2.)  Under the Indemnity Agreement, Ledford and Riverwalk Credit agreed to pay the premium for bonds issued, obtain the release and discharge of liability of IFIC under the bonds, perform the conditions of the bonds, and to indemnify IFIC "from and against all liability, claims, demands, losses, costs, damages, suits, charges, and expenses of any kind whatsoever, including attorney's and counsel fees to the full extent allowed by law,

---

[3] Riverwalk Credit is not a defendant in this case.  It is a separate legal entity from Defendant Riverwalk Financial Corporation.  (*See* Am. Compl. ¶ 18, ECF No. 50.)  However, Riverwalk Credit has been identified as an affiliated entity of Defendants and is a "Receivership Party" in this action.  (*See* Receivership Order ¶ 1, ECF No. 62.)

3

which [IFIC] may sustain or incur by reason of the issuance of such Bond(s)." (*Id.*) IFIC's interest only relates to the bonds and whether it would be able to collect if a claim arose under the original indemnity agreement.

In connection with the Indemnity Agreement, IFIC issued a total of fourteen bonds to Riverwalk Credit, totaling $635,000.00. (ECF No. 114-3.) Four of the fourteen bonds were issued on June 18, 2018, before the SEC filed its case on September 13, 2018. (*Id.*; ECF No. 1.) The remaining ten were issued on February 15, 2019, February 22, 2019, and March 5, 2019, some of which the IFIC claims "have expired by their terms, while others have automatically renewed by their terms." (*See* ECF No. 114-3; ECF No. 114-1 at 3-4.)

On April 4, 2019, IFIC filed the presently pending Motion to Intervene in the Receivership of this case "for the limited purpose of protecting its rights and interests in the Bonds issued for [Riverwalk Credit] and for which [Riverwalk Credit] and Ledford are Indemnitors." (ECF No. 114-1 at 6.) Specifically, IFIC seeks this Court's approval to (1) cancel the bonds issued on behalf of Riverwalk Credit; (2) order the Receivership to provide collateral security to IFIC in the amount of $635,000.00; (3) order the Receivership to pay any premiums due; and (4) order the Receivership to pay $11,192.50 of attorney's fees incurred by IFIC. (*Id.* at 2.) On August 13, 2020, this Court granted the Receiver's Motion to Approve the Sale and Procedures for the Sale of Riverwalk Credit Repair, Inc. and Riverwalk Debt Solutions, Inc. (ECF No. 332.) On August 17, 2020, the Receiver filed its Notice of Proposed Auction of Riverwalk Credit Repair, Inc. and Riverwalk Debt Solutions, Inc. pursuant to this Court's Order approving the sale. (ECF No. 333.) The Notice provided that any objection

to the sale must be filed by September 16, 2020 and that the Riverwalk entities would be sold at public auction on September 30, 2020.  (*Id.*)  No objections have been filed.

## LEGAL STANDARD

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
>
> …
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> …
>
> (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

## DISCUSSION

IFIC seeks intervention under both Fed. R. Civ. P. 24(a) and 24(b).  (*See* ECF No. 114-1 at 6-8.)  It should be noted at the outset that IFIC's position in this action is atypical.  Unlike

5

the normal case where the intervenor seeks to join the litigation as a Plaintiff or Defendant, IFIC seeks limited intervention to assert its rights under an Indemnity Agreement executed by Riverwalk Credit, a Receivership Party in this action.  (*See* ECF No. 150 at 6 n.3.)

### A. Intervention of Right

The Fourth Circuit interprets Rule 24(a) to entitle an applicant to intervene as a matter of right if the applicant can demonstrate: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)).  To satisfy the first requirement for intervention as of right—having an interest in the underlying subject matter—the movant's interest in the action must be "significantly protectable." *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).  The Fourth Circuit has liberally construed the "significantly protectable interest" standard.  *See id.* (an intervenor need not demonstrate anything more than "a mere provable claim" to satisfy the protectable interest factor).

"When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).  Moreover, of relevance here, "where the party who shares the intervenor's objective is a government agency, the intervenor has the burden of making a strong showing of inadequacy." *Maryland Restorative Justice Initiative v. Hogan*, 316 F.R.D. 106, 111-12 (D. Md. 2016) (quoting *Stuart*, 706 F.3d at 350).  The Fourth

Circuit requires this heightened showing because "[t]o hold otherwise would place a severe and unnecessary burden on government agencies as they seek to fulfill their basic duty of representing the people in matters of public litigation." *Stuart*, 706 F.3d at 352.

As noted by the SEC in opposing IFIC's Motion for Limited Intervention, IFIC failed to satisfy the first element required by Rule 24(a) in that it has no interest in the securities fraud alleged in this case. (ECF No. 141.) It simply has no "interest in the subject matter" of this case. *Stuart*, 706 F.3d at 349. Indeed, IFIC essentially acknowledged this lack of interest in its Reply brief. (ECF No. 150 at 3 n.1.) It noted in a hypothetical that if a judgment was entered in favor of the defendants, it would have caused a lifting of the stay, permitting IFIC to cancel the bonds. Both Mr. Jezierski (April 2, 2019) and Mr. Merrill (May 16, 2019) entered pleas of guilty in the criminal case prior to IFIC's filing of this Reply on May 23, 2019, and Mr. Ledford entered his plea of guilty shortly thereafter (June 6, 2019).

IFIC originally contended that it had the right to intervene based on its interest in the surety bonds issued to Riverwalk Credit, which were subject to the asset freeze imposed as part of the Receivership. However, on August 13, 2020, this Court granted the Receiver's Motion to Approve the Sale and Procedures for the Sale of Riverwalk Credit Repair, Inc. and Riverwalk Debt Solutions, Inc ("Riverwalk entities"). (ECF No. 332.) On August 17, 2020, the Receiver filed its Notice of Proposed Auction of Riverwalk Credit Repair, Inc. and Riverwalk Debt Solutions, Inc. pursuant to this Court's Order approving the sale. (ECF No. 333.) The Notice provided that any objection to the sale must be filed by September 16, 2020 and that the Riverwalk entities would be sold at public auction on September 30, 2020. (*Id.*) IFIC did not file an objection nor were any other objections filed against the proposed sale.

7

Accordingly, the September 30, 2020 approved sale of Riverwalk Credit, eliminating Riverwalk Credit as a Receivership Party, will likewise eliminate any interest IFIC may have had in this receivership action.  As IFIC itself conceded in its Reply brief, its arguments for intervention "do not account for any sale of [Riverwalk] as alleged in other filings in this case, which would obviously alter the legal landscape." (IFIC Reply, ECF No. 150 at 3 n.1.)  Consequently, IFIC has no right to intervene in this action.

### B. Permissive Intervention

Alternatively, IFIC asserts permissive intervention.  The decision to grant or deny permissive intervention under Rule 24(b) "lies within the sound discretion of the trial court." *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *Hill v. Western Elec. Co., Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)).  A party seeking permissive intervention must satisfy the following conditions:

> (1) that [the intervenor's] motion is "timely"; (2) that its "claim or defense and the main action have a question of law or fact in common"…; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties."

*Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004) (citations omitted).

For the same reason that IFIC does not have an interest in the subject matter of this action to intervene as of right, so too does IFIC lack a common question of fact or law with this receivership action to intervene permissively.  Due to this Court's approval of the Receiver's sale of Riverwalk Credit, and with no objections having been filed, IFIC has no interest whatsoever in this case.  Accordingly, permissive intervention will also be denied.

## CONCLUSION

For these reasons, it is HEREBY ORDERED this 25th day of September, 2020 that:

1. IFIC's Motion for Limited Intervention to Allow Cancellation of Bonds and for Collateral Security (ECF No. 114) is DENIED;

2. The Clerk of Court shall transmit a copy of this Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge