# EXHIBIT B

# INVESTOR NOTICE OF CLAIMS
# PROCEDURE AND CLAIMS BAR DATE

**Merrill-Ledford Claims**
**c/o Stretto**
**8269 E. 23rd Avenue, Suite 275**
**Denver, CO 80238**

**Website: www.Merrill-Ledford.com/Claims-Process/**
**E-Mail: TeamMerrillLedford@stretto.com**

RE:   *Securities and Exchange Commission v. Kevin B. Merrill, Jay B. Ledford, et al.*
       **United States District Court for the District of Maryland**
       **Civil Action No. 18-cv-02844-RDB**

## IMPORTANT NOTICE

Dear Victim Investor:

This is an important notification from the Court-appointed Receiver, Gregory S. Milligan (the "<u>Receiver</u>"), in the civil action that was filed on September 13, 2018 (the "<u>SEC Action</u>").[1]

You may have previously furnished information regarding your investments made, monies returned, and losses suffered to the U.S. Attorney's Office and FBI for the related criminal case, *United States v. Kevin B. Merrill, Jay B. Ledford,* and others.  Criminal Case No. RDB-18-0465. Even if you previously provided investment information, you must review and verify or dispute the Receiver's numbers, which are provided as Attachment B.

The Court appointed the Receiver[2] to investigate, marshal, and preserve all assets and interests (the "<u>Receivership Estate</u>") of the people and entities subject to the Receivership Order (the "<u>Receivership Parties</u>")[3] for the benefit of the defrauded investors and other creditors of the

---

[1] For information regarding the receivership in the SEC Action, please visit www.Merrill-Ledford.com.

[2] The Court appointed the Receiver pursuant to the First Amended Order Appointing Temporary Receiver (Dkt. No. 62) (the "<u>Receivership Order</u>"), a copy of which has been published on the Receiver's website and is available at https://merrill-ledford.com/wp-content/uploads/2019/01/First-Amended-Order-Appointing-Receiver-11.27.18.pdf.

[3] The Receivership Parties are defined in the Receivership Order as: (i) Kevin B. Merrill; (ii) Jay B. Ledford; (iii) Jezierski; (iv) Global Credit Recovery, LLC; (v) Delmarva Capital, LLC; (vi) Rhino Capital Holdings, LLC; (vii) Rhino Capital Group, LLC; (viii) DeVille Asset Management LTD; (ix) Riverwalk Financial Corporation; (x) K.B. Merrill Associates; (xi) Financial Reclamation Group LLC; (xii) Halo Credit Solutions LLC; (xiii) JBL Holdings LLC; (xiv) Jay B. Ledford, P.C.; (xv) the Joseph Finance Company; (xvi) Leddy Bear LTD; (xvii) Ledford & Associates, PLLC; (xviii) King Fischer LTD d/b/a LP Investments LTD; (xix) NLEX, Inc.; (xx) Receivables Portfolio Interchange, Inc.; (xxi) Riverwalk Capital Investments, Inc.; (xxii) Riverwalk Credit Solutions, Inc.; (xxiii) Riverwalk Debt Solutions, Inc.; (xxiv) Riverwalk Fixed Asset Group LLC; (xxv) SCUSA Financial, Inc.; (xxvi) Vaquero Asset Management, Inc.; (xxvii) CRJ Holdings LLC; (xxviii) Centurion Capital Corporation; (xxix) GCR CBL CP I, LLC; (xxx) GCR CBL CP II, LLC; (xxxi) GCR CBL CP III, LLC; (xxxii) GCR CBL CP IV, LLC; (xxxiii) GCR HCP

Receivership Estate.  As of December 31, 2020, the Receiver has recovered approximately $56.2 million that will be available for an ultimate distribution to defrauded investors and other creditors following this Claims Procedure and a future Plan of Distribution.  Based upon current available information, which is preliminary and subject to further due diligence, the Receiver estimates total recoveries from Receivership Assets could range between $55 million and $65 million.

On [**DATE**], the Court in the SEC Action issued an Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process (Dkt. No. [**DKT. NO.**]) (the "Order").  This Order applies to all known investors who invested with any of the Receivership Parties.  If you are receiving this notice by mail or e-mail from the Receiver, a copy of the Court's Order is included as **Attachment A** for your notice and review.  A copy of the Order is also available at www.Merrill-Ledford.com.

**In accordance with the Court-approved claims procedure, this letter serves as notice of the Receiver's preliminary determination of your claim, if any, against the Receivership Estate.**

**EVEN IF YOU HAVE PREVIOUSLY PROVIDED INFORMATION IN THE CRIMINAL CASE, <u>YOU MUST RESPOND TO THIS NOTICE ON OR BEFORE [**CLAIMS BAR DATE**]</u>.**

## I.    KNOWN INVESTORS

**IF YOU ARE RECEIVING THIS NOTICE DIRECTLY FROM THE RECEIVER**, it means that the Receiver has concluded that you invested with a Receivership Party.  Enclosed with this notice is **Attachment B**, a schedule that identifies whether the Receiver has preliminarily concluded that you have a claim against the Receivership Estate.

If your total investments exceed the total amount of disbursements you received from the Receivership Parties, you will have a claim against the Receivership Estate.  If the total amount of disbursements you received from the Receivership Parties exceed your total investments, then you do not have a claim against the Receivership Estate and your claim amount is identified as $0. **You may dispute the amount on Attachment B or the conclusion that you do not have a claim.** Instructions for disputing the Receiver's preliminary conclusion are below.

Attachment B sets forth the transaction activity of your investment(s) with the Receivership Parties (the "Schedule").  The starting point for Attachment B were the investment and disbursement calculations made by the FBI to support the restitution order in the criminal case.  If there has been no change from your loss calculation in the criminal case, that fact is noted on Attachment B.  If there has been a change from your loss calculation, that fact is noted on Attachment B.

---

Holdings 1, LLC; (xxxiv) GCR Mercer Holdings, LLC; (xxxv) the J Trust; and (xxxvi) the Kevin B. Merrill Revocable Living Trust.  *See* Receivership Order, Dkt. No. 62 at ¶ 1.

Attachment B contains the "Net Transaction" amount. The Net Transaction sums your total investments minus disbursements paid to you, and the "net" number is the amount of your claim, if any, against the Receivership Estate.

Please review Attachment B and any other relevant information and/or documentation that you may have in your possession. With respect to each transfer identified in your Attachment B, please designate in the space provided whether you confirm or dispute the Receiver's conclusion. Please include any comments that you may have in the corresponding space on Attachment B.

**WHETHER YOU ACCEPT OR DISPUTE THE RECEIVER'S CONCLUSION AS TO THE NET TRANSACTION AND/OR ANY PARTICULAR TRANSACTION, YOU MUST SIGN AND RETURN YOUR ATTACHMENT B TO**

**Merrill-Ledford Claims**
**c/o Stretto**
**8269 E. 23rd Avenue, Suite 275**
**Denver, CO 80238**
**OR**
**E-Mail: TeamMerrillLedford@stretto.com**

**prior to [**CLAIMS BAR DATE**].**

A self-addressed envelope has been provided for the return of your Attachment B, but you may also submit your Attachment B and any other information by email or a tracked delivery method (e.g., UPS, FedEx). To the extent you dispute or disagree with any portion of the Schedule, please provide all information and documentation in support of your position when returning your Schedule.

**RECEIPT OF OTHER COMPENSATION**

If you have received payments from any source to compensate you for the losses sustained in the Defendants' fraudulent scheme, you must disclose all payments received to date. If in the future, after you have submitted your claim, you receive any payments, you must disclose those payments, too. The payments include, but are not limited to, settlements in separate litigation and recoveries by state-court receivers which have been paid to you. If you have sold or transferred your claim to any other person or entity, you must disclose that fact as well.

If you fail to disclose your receipt of a payment, you may waive your right to participate in any ultimate distribution in this SEC Action. To the extent the Receiver discovers an undisclosed payment after a distribution is made in this SEC Action, you will be required to return the full amount of any distribution received in this SEC Action.

YOUR SIGNED ATTACHMENT B MUST BE RECEIVED AT THE ADDRESS OR E-MAIL ADDRESS LISTED ABOVE, POSTMARKED OR E-MAILED ON OR BEFORE **[**CLAIMS BAR DATE**].**

## RESOLUTION OF DISPUTED AMOUNTS

Your confirmation of the Net Transaction on Attachment B will be the amount of your claim against the Receivership Estate. If you dispute or disagree with any of the transactions on Attachment B, your dispute will be subject to further review in accordance with the Court-approved claims procedure as detailed in the Order. The Receiver will review any documentation and/or information provided in support of a disputed position and notify you whether the Receiver accepts or disputes your disputed position on or before [**30 DAYS AFTER CLAIMS BAR DATE**]. If the Receiver accepts your disputed position, your claim against the Receivership will be adjusted accordingly and no further action will be required.

If the Receiver disputes your position, you will be provided an additional twenty-one (21) days from the postmark or transmission date of the Receiver's notice to provide supplemental documentation as to any disputed transactions. If you fail to supplement your claim within the time permitted, or if after providing supplemental documentation the Receiver continues to dispute your claim, the Receiver will file a motion with the Court, which will be provided to you, seeking a final determination of your claim.

## II.      UNKNOWN INVESTORS

**IF YOU HAVE NOT RECEIVED THIS NOTICE IN THE MAIL FROM THE RECEIVER**, but have learned about this procedure in some other way, the Receiver has **NO** record of your potential claim. You must complete the Claim Form that you can obtain at www.Merrill-Ledford.com or by contacting the Receiver by submitting an email inquiry at www.Merrill-Ledford.com/Contact/ or TeamMerrillLedford@stretto.com.

You must return the completed Claim Form with all supporting documentation and information requested to the Receiver

**Merrill-Ledford Claims**
**c/o Stretto**
**8269 E. 23rd Avenue, Suite 275**
**Denver, CO 80238**
**OR**
**E-Mail: TeamMerrillLedford@stretto.com**

at the above address on or before [**CLAIMS BAR DATE**]. IN ORDER FOR YOUR CLAIM TO BE CONSIDERED, THE RECEIVER MUST RECEIVE THE FULLY COMPLETED CLAIM FORM AND DOCUMENTATION, POSTMARKED OR EMAILED ON OR BEFORE [**CLAIMS BAR DATE**].

HB: 4841-0584-4663.7

### III.   PLAN OF DISTRIBUTION

**NOTE: YOU MAY NOT RECEIVE THE FULL AMOUNT OF YOUR ALLOWED CLAIM FROM THE RECEIVERSHIP ESTATE.**

Your claim represents the amount of your loss which will be taken into account in a future interim or final distribution process to be approved by the Court.  The distribution procedure and methodology will be determined by the Court at a later date.  The Receiver will mail and e-mail all known investors a copy of the proposed Plan of Distribution and will publish a copy on the Receiver's website: www.Merrill-Ledford.com.  If you do not have regular access to the internet, please send a request for direct notice to the Receiver's address or E-Mail.

Investors and other parties in interest will have an opportunity to review the proposed Plan of Distribution and file responses and objections with the Court.

Finally, please be advised that the notice provided here relates solely to the claim regarding your investment and does not affect the Receiver's right to pursue other claims, including claims for the return of fictitious profits in excess of an investor's principal investment, which right is expressly reserved.

Thank you for your attention to and cooperation with this matter.

*/s/Lynn H. Butler*
Lynn H. Butler, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
buffey.klein@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

HB: 4841-0584-4663.7