IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN B. MERRILL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 1:18-cv-02844-RDB<br>)<br>)<br>)<br>)<br>) |

### ORDER GRANTING RECEIVER GREGORY S. MILLIGAN'S MOTION FOR ORDER SETTING CLAIMS BAR DATE, ESTABLISHING CLAIMS PROCEDURE, AND APPROVING NOTIFICATION PROCESS

This matter is before the Court on the Motion for Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process filed by the Receiver Gregory S. Milligan (the "Motion") (Dkt. 394). The Court, having considered the Motion and the information submitted in support, responses or objections, if any, the arguments of counsel, and the pleadings on file finds that the Motion should be, and hereby is, GRANTED.

IT IS ORDERED that:

1. <u>Claims Bar Date.</u> The Court establishes <u>May 20, 2021</u> at 11:59 p.m. Eastern Standard Time, which is a date no earlier than ninety (90) days from the date of this Order, as the deadline ("Claims Bar Date") for:

> a. Known Investors[1] to return their completed and signed Transaction Schedule under penalty of perjury, together with any supporting documentation to Gregory S. Milligan, Receiver, either via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com.
>
> b. Relief Defendants, Other Creditors, Unknown Creditors, Unknown Investors, and Unknown Investor Creditors to return their completed and signed Claim

---

[1] Capitalized terms in this Order refer to the defined terms in the Motion unless otherwise noted.

1

Form with all supporting documentation to Gregory S. Milligan, Receiver, either via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com.

2. The Claims Procedure, including the Newspaper Publication, the Investor Notice, the Transaction Schedule, the Letter for individuals within Investment Entities or Pooled Investor Groups, the Claim Form, the Other Creditor Notice, and the Relief Defendant Notice attached to the Motion as Exhibits A-G, respectively, are approved in substantially the same form as included with the Motion. Exhibits A-G are collectively the "Notices."

3. All persons or entities who believe they are owed money by, or are entitled to a distribution from, the Receivership Estate must submit a completed Transaction Schedule or Claim Form by the Bar Date in accordance with the instructions on the Transaction Schedule or Claim Form.

4. Method of Notice. The Receiver must serve all Known Investors, Relief Defendants, and Other Creditors with any papers required by this Order by certified and regular U.S. Mail and e-mail. If a Known Investor, Relief Defendant, or Other Creditor is represented by counsel and that counsel has appeared in this SEC Action, the represented party will also be served via ECF notice or E-Mail.

5. Except for filings made with the Court in this SEC Action, whenever an action is required to be taken pursuant to this Order by mail or E-Mail, the action will be deemed timely: (i) if sent by U.S. Mail, Federal Express, UPS, or any other similar delivery service, if it is postmarked on or before the applicable deadline; or (ii) if sent by E-Mail or website submission, transmitted on or before the applicable deadline.

6. Notice by Publication. The Receiver must publish the Newspaper Publication on one day, for two consecutive weeks, in (i) a publication of general circulation, such as *USA Today* or

*The Wall Street Journal*, and (ii) a publication of regional circulation in Dallas-Fort Worth, Baltimore, and Las Vegas. The Receiver must also publish the Motion, this Order, the Notices, the Claims Bar Date, and the Claim Form on his website, www.Merrill-Ledford.com (the "<u>Receiver's Website</u>") for at least thirty (30) consecutive days.

      7.    <u>Procedure for Submitting Claims</u>.

**Known Investors:** All Known Investors must review their Transaction Schedule. If the Known Investor agrees with the information on the Transaction Schedule, the Known Investor must sign and return the Transaction Schedule and the Net Transaction amount included therein will be deemed to be the amount of that Known Investor's claim. If the Known Investor disputes the accuracy of any information on the Transaction Schedule, the Known Investor must indicate on the Transaction Schedule the amount the Known Investor believes the claim to be and return the Revised Transaction Schedule with all relevant supporting documentation. Each Known Investor must also disclose whether they have received any payment to compensate him, her, or it, in whole or in part, for the losses sustained in the Defendants' fraudulent scheme that is at issue in this SEC Action (the "<u>Compensation Payments</u>"). Known Investors shall have an ongoing duty to disclose to the Receiver any future Compensation Payments that they may receive after their submission of the Transaction Schedule to the Receiver. If a Known Investor does not identify a Compensation Payment, the Known Investor may waive the Known Investor's right to participate in any interim, final, or other distribution in this SEC Action. A Known Investor may also be required to return the full amount of any distribution received in this SEC Action if it is determined that, after the Known Investor received a Compensation Payment, the Known Investor failed to disclose a Compensation Payment to the Receiver. Known Investors must return the Transaction Schedule and any required supporting documentation to the Receiver via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd

HB: 4831-2951-0618.2

Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com on or before the Claims Bar Date.

**Other Creditors:** Other Creditors must review the Other Creditor Notice. Other Creditors must submit a claim by completing the Claim Form and submitting it with all supporting documentation to the Receiver via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com on or before the Claims Bar Date.

**Unknown Investors & Unknown Creditors**: For individuals or entities who believe they have a claim against the Receivership Estate but whose information is unknown to the Receiver and do not receive a Transaction Schedule or Claim Form, the individual or entity may access a Claim Form on the Receiver's website, www.Merrill-Ledford.com. The individual or entity must submit a claim by completing the Claim Form and submitting it with all supporting documentation to the Receiver via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com on or before the Claims Bar Date.

**Relief Defendants**: Relief Defendants must review the Relief Defendant Notice. To submit a claim, Relief Defendants must complete the Claim Form and submit it with all supporting documentation to the Receiver via U.S. Mail to Merrill-Ledford Claims, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238, or via E-Mail to TeamMerrillLedford@stretto.com on or before the Claims Bar Date.

8. <u>Failure to Submit a Transaction Schedule (Known Investors) or Claim Form (All Others)</u>. If a Known Investor fails to timely submit a Transaction Schedule or if an Other Creditor, Unknown Investor, Unknown Creditor, or Relief Defendant fails to timely submit a Claim Form, the Known Investor, Other Creditor, Unknown Investor, Unknown Creditor, or Relief Defendant

4

(collectively the "Claimants") will waive any claim against the Receivership Estate and will be forever barred and estopped from asserting any such claims against the Receivership Estate. The Claimants will further be deemed to have no allowed claim for purposes of any interim or final distribution in this SEC Action, and the Receivership Estate will be discharged from any and all indebtedness or liability with respect to any claim the Claimant could have submitted. If a Claimant fails to timely submit a Transaction Schedule or Claim Form on or before the Claims Bar Date, the Receiver is not obligated to continue providing Notices to the Claimant.

9. **Receiver's Claims Review & Claimants' Supplementation.** The Receiver is directed to review each received Transaction Schedule and Claim Form submitted by the Claimants within thirty (30) days of the Claims Bar Date. If a Known Investor disputed the Receiver's Transaction Schedule, the Receiver must reply to the Known Investor within thirty (30) days of the Claims Bar Date to advise whether he agrees with or disputes the sum claimed by the Known Investor and the basis for his determination. For Unknown Investors, Other Creditors, and Unknown Claimants, the Receiver's reply must be served within thirty (30) days of the Claims Bar Date and must state whether he agrees with or disputes the amount of the claim and the basis for his determination. For Relief Defendants, the Receiver's reply will state whether he agrees with or disputes the property or sum claimed by the Relief Defendant and his basis for his determination. The Receiver's reply to the Relief Defendants' Claim Forms will be due thirty (30) days immediately following the entry of a final judgment as to the SEC's claims against that Relief Defendant.

If the Receiver's Reply disputes, in whole or in part, the claim as set forth in the Known Creditor's Transaction Schedule or the Claim Form, the Claimant has twenty-one (21) days of the postmark or transmission date of the Receiver's Reply to supplement their claim (the "Supplement"). If the Claimant fails to timely submit a Supplement or, if after reviewing the Supplement the Receiver still disputes the claim, in whole or in part, the Receiver may file a regularly noticed motion

5

with this Court in accordance with Local Rule 105 of the United States District Court for the District of Maryland setting out his objection(s) to the claim(s) and will serve the motion on the Claimant via certified mail and first class mail. The Receiver shall have the discretion to consolidate similar objections into one omnibus filing. There is no deadline by which the Receiver must file a motion with this Court pursuant to this paragraph.

10. <u>Court Resolution of Claims</u>. If the Receiver elects to file a motion pursuant to paragraph 9 of this Order, the Claimant may respond to the Motion pursuant to the Local Rules for the United States District Court for the District of Maryland. After the expiration of the response and reply periods under the Local Rules, this Court will make a final determination as to the disputed claims. All claims approved by the Receiver and all claims over which this Court makes a final determination in accordance with this paragraph will be final and will establish the amount of each Claimant's allowed claim.

Before the Receiver files a motion pursuant to paragraph 9 of this Order, no discovery, motion practice, or other litigation relating to the claim shall occur unless the Claimant and the Receiver consent. If the Claimant or the Receiver wish to take discovery and the other does not consent, either may file a motion with the Court requesting the Court determine whether to allow discovery to resolve the claim. The Court further retains the discretion to set a briefing schedule, to set hearings, or to schedule mandatory settlement conferences to resolve claims.

11. <u>Consent to Jurisdiction</u>. Claimants consent to the jurisdiction of this Court upon submission of a Transaction Schedule or Claim Form. The Claimants' submission of a Transaction Schedule or Claim Form constitutes the Claimant's agreement to be bound by the Court's decisions, including without limitation, a determination as to the extent, validity, priority, and amount of any claim asserted against the Receivership Estate. The submission of a Transaction Form or Claim Form shall further be deemed consent to be bound by the decisions of this Court as to the

classification, treatment, and payment of the Claim upon this Court's approved distribution plan.

      12.    <u>Authority to Compromise and Settle</u>.  The Receiver has authority to compromise and settle any claim set forth by a Claimant without further Order of this Court where the value of the claim, the amount discounted, or the amount given up by the Receivership Estate is equal to or less than $25,000.  The Receiver shall file a motion seeking Court approval of any compromise or settlement of a claim exceeding $25,000.  Any objection or opposition to a motion seeking Court approval of any compromise or settlement of a claim shall be filed within fourteen (14) days of the date the Receiver's motion is filed.  If no party objects to or opposes the motion to compromise or settle a claim, the Receiver shall file a notice of no objection to the proposed compromise or settlement.  All Claimants are directed to cooperate with the Receiver to the maximum extent possible to achieve a swift resolution of disputes concerning Claims without the need for determination by the Court.

      13.    <u>Reservation of Rights</u>.  Nothing herein shall prejudice or limit any right of the Receiver to dispute, or assert offsets or defenses to, the extent, validity, or priority, of any amounts asserted in any Claim Form or Transaction Schedule, including but not limited to the manner in which investments may be aggregated and claims classified, treated, and paid under this Court's approved distribution plan.  Nothing contained herein is intended to preclude or limit the Receiver from objecting to any claim on any grounds.

IT IS SO ORDERED, this   10th  day of   February  , 2021.

                                              /s/
                                    HON. RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE

HB: 4831-2951-0618.2