IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:18-cv-02844-RDB ) ) |
| KEVIN B. MERRILL, et al., | ) ) |
| Defendants. | ) ) |

**RECEIVER GREGORY S. MILLIGAN'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE**

Receiver Gregory S. Milligan, with the consent of the Securities and Exchange Commission (the "SEC") and the Office of the United States Attorney for the District of Maryland, respectfully submits this Motion to Approve Settlement Agreement and Release (the "Motion"). The facts and circumstances supporting this Motion are set forth in the Declaration of Gregory S. Milligan (the "Milligan Declaration"), which is attached as **Exhibit A**.

## I.   BACKGROUND

1.  Pursuant to the Receiver's Initial Preservation Plan, the Receiver identified the real property located at 2308 Cedar Elm Terrace, Westlake, Texas 76262 (the "Property") as property of the Receivership Estate.[1] Dkt. 54 at 17. In the Initial Preservation Plan, the Receiver proposed listing, marketing, and selling the Property for the purpose of maximizing the recovery of the Receivership Estate. *Id.* at 3, 20. Since the Receiver filed the Initial Preservation Plan, there has been a dispute as to the amount owed to the holder of a second lien ("Preston") recorded against the Property and the ability of the Receiver to assert a claim against Preston based on funds he

---

[1] Unless otherwise noted, capitalized terms herein shall have the meaning as used in the Court's September 13, 2018 Order Appointing Temporary Receiver and the First Amended Order Appointing Temporary Receiver, Dkts. 11, 62.

1

HB: 4832-4644-0414.1

and/or his related entities received from investments with Jay Ledford ("Ledford") and the Receivership Parties (collectively the "Disputed Claims").[2] Ex. A, Milligan Declaration ¶¶ 9-12. To resolve the Disputed Claims, the Receiver proposes entering into the Settlement Agreement attached to this Motion as Exhibit A-1. As outlined below, the outstanding liens on the Property exceed the fair market value. In further support of the Motion, the Receiver shows as follows:

2. The Property is titled to Ledford. Ex. B, Deed of Trust to Secure Assumption. The relevant county has appraised the Property at $1,341,531. *See* Ex. C. Tarrant County Appraisal Records. The Property is secured by a first lien deed of trust in favor of Wells Fargo Bank, N.A. f/k/a Wachovia Mortgage FSB[3] ("Wells Fargo Deed of Trust") and a second lien deed of trust in favor of Preston ("Preston Deed of Trust"). Ex. D, Wells Fargo Deed of Trust; Ex. E, Preston Deed of Trust. The total amount to pay off the loan secured by the Wells Fargo Deed of Trust as of December 2, 2019 was $821,248.05. Ex. A, Milligan Declaration ¶ 8. The total amount to pay off the loan secured by the Preston Deed of Trust (the "Preston Loan") as claimed by Preston exceeds $900,000. *Id.* ¶ 9. The value of the debt secured by the Wells Fargo Deed of Trust and the Preston Deed of Trust exceed the county's appraised value of the Property. If the Receiver sells the Property as part of a traditional sale, it is unlikely there will be excess proceeds available

---

[2] The Receivership Parties are defined in the Receivership Order as: (i) Merrill; (ii) Ledford; (iii) Jezierski; (iv) Global Credit Recovery, LLC; (v) Delmarva Capital, LLC; (vi) Rhino Capital Holdings, LLC; (vii) Rhino Capital Group, LLC; (viii) DeVille Asset Management LTD; (ix) Riverwalk Financial Corporation; (x) K.B. Merrill Associates; (xi) Financial Reclamation Group LLC; (xii) Halo Credit Solutions LLC; (xiii) JBL Holdings LLC; (xiv) Jay B. Ledford, P.C.; (xv) the Joseph Finance Company; (xvi) Leddy Bear LTD; (xvii) Ledford & Associates, PLLC; (xviii) King Fischer LTD d/b/a LP Investments LTD; (xix) NLEX, Inc.; (xx) Receivables Portfolio Interchange, Inc.; (xxi) Riverwalk Capital Investments, Inc.; (xxii) Riverwalk Credit Solutions, Inc.; (xxiii) Riverwalk Debt Solutions, Inc.; (xxiv) Riverwalk Fixed Asset Group LLC; (xxv) SCUSA Financial, Inc.; (xxvi) Vaquero Asset Management, Inc.; (xxvii) CRJ Holdings LLC; (xxviii) Centurion Capital Corporation; (xxix) GCR CBL CP I, LLC; (xxx) GCR CBL CP II, LLC; (xxxi) GCR CBL CP III, LLC; (xxxii) GCR CBL CP IV, LLC; (xxxiii) GCR HCP Holdings 1, LLC; (xxxiv) GCR Mercer Holdings, LLC; (xxxv) the J Trust; and (xxxvi) the Kevin B. Merrill Revocable Living Trust. *See* Dkt. No. 62 at ¶ 1.

[3] Wachovia Mortgage, FSB merged into and with Wells Fargo Bank, National Association effective November 1, 2009.

HB: 4832-4644-0414.1

to the Receivership Estate after paying off the loan secured by the Wells Fargo Deed of Trust and the Preston Loan.

3. Based on the Receiver's review of the Receivership Parties' business records, the Receiver believes there may be a claim that the Preston Deed of Trust is unenforceable and a dispute as to the total amount owed to pay off the Preston Loan.  Based on the Receiver's review of the Receivership Parties' business records, the Receiver further believes that Preston and his related entities received a net return on their investments with the Receivership Parties that exceeds $200,000.  The Receiver has determined there is a viable fraudulent transfer claim to recover the excess distributions Preston and his related entities received.  The Receiver's claims against Preston referred to in this paragraph are collectively the "Disputed Claims."

4. While the Receiver believes there may be a claim that the Preston Deed of Trust is unenforceable, the Receiver recognizes that it would require time and expense to litigate this issue, with significant uncertainty as to the outcome of any potential litigation and/or an ensuing appeal.

5. To avoid the uncertainty and expense of litigation and to preserve the value of the Receivership Estate, the Receiver and Preston have agreed to certain terms to resolve the Disputed Claims that are set forth in the Settlement Agreement attached to this Motion as Exhibit A-1 (the "Settlement Agreement").  The material terms of the Settlement Agreement are described in the following paragraphs.

6. Pursuant to the terms of the Settlement Agreement, the Receiver would agree not to contest the validity of the Preston Deed of Trust.  Ex. A-1, Settlement Agreement ¶ 3.  The Receiver and Preston would further agree that the total amount owed on the Preston Loan is $900,000. *Id.* ¶ 4.  Preston would further acknowledge that there are no amounts owed for accrued interest, late charges, or other amounts that could be assessed pursuant to the terms of the Preston

Loan or the Preston Deed of Trust.  Preston would further agree not to assess such amounts on a going forward basis.  *Id.*

7. Preston would further agree that upon sale of the Property, the Receiver shall be entitled to the first $204,477.92 of proceeds which would otherwise be available to satisfy the Preston Loan.  *Id.* ¶ 4.  After the Receiver has been paid $204,477.92, Preston shall be entitled to retain the remainder of the proceeds up to the remaining amount to pay off the loan, *i.e.*, $695,522.08.  Preston would also be required to acknowledge that the Preston Loan had been deemed paid in full even if the proceeds from the sale of the Property or other event triggering a payoff of the Loan are insufficient to pay off the Preston Loan in full.

## II. RELIEF REQUESTED

8. The Receiver seeks Court authorization to enter into the Settlement Agreement.  Courts have discretion to approve settlements of disputed claims to receivership assets if the settlement is "'fair and equitable and in the best interests of the estate.'"  *Secs. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (quoting *Ritchie Cap. Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015)); *see also S.E.C. v. Parish*, No. 2:07-cv-00919, No. 2:07-cv-919, 2010 WL 8347143, at *3-4 (D.S.C. Feb. 10, 2010) (approving settlement agreement on grounds it is fair and reasonable).  In the parallel bankruptcy context, courts consider the following factors to determine whether to approve a settlement on the grounds it is fair and equitable: (1) probability of success in the litigation, (2) difficulties, if any, in collection, (3) complexity of litigation, including the litigation's expense, inconvenience, and delay, and (4) the paramount interest of creditors.  *In re Essex Construction, LLC*, 575 B.R. 648 (Bankr. D. Md. 2017);[4] *see also Secs. & Exch. Comm'n v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020)

---

[4] In the bankruptcy context, courts may also "approve a settlement agreement over objections unless the proposed settlement falls below the lowest point in the range of reasonableness.  A settlement should be approved if it provides

(recognizing that courts "often apply bankruptcy principles to receivership cases because we have limited receivership precedent.").

9.  The interest of investor victims favors approving the Settlement Agreement as the Settlement Agreement has the possibility to exceed the available proceeds to the Receivership Estate based on a sale of the Property than without the Settlement Agreement. There is currently no equity in the Property based on the county's appraised value. If the Receiver sold the Property, there would be no excess proceeds available to the Receivership Estate after paying the loans secured by the Wells Fargo Deed of Trust and the Preston Deed of Trust. However, the Settlement Agreement limits the payoff amount for the Preston Loan and provides that the Receiver shall receive the first $204,477.92 in proceeds to which Preston may otherwise have a claim. The Receiver's right to recover the $204,477.92 from Preston is further achieved without incurring the expense and delay of litigation. As such, the Receiver has concluded that entering into the Settlement Agreement is in the best interest of the Receivership Estate.

10. The Receiver has given due consideration to alternative courses of action and after considering alternatives, reviewing the Receivership Parties' business records, and understanding potential litigation would diminish the Receivership Estate's assets, may result in an uncertain recovery, and would delay any recovery if one is realized. As a result, the Receiver believes the Settlement Agreement is fair and equitable and is in the best interest of the Receivership Estate. Ex. A, Milligan Declaration ¶ 13.

11. The Settlement Agreement also resolves any future claims the Receiver could assert against Preston or his related business entities as a result of the profit he earned from his

---

for the best possible realization upon the available assets without undue waste or needless or fruitless litigation." *U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 269 B.R. 139, 149-50 (Bankr. D. Md. Nov. 1, 2001) (internal quotations omitted) (internal citations omitted).

investments with the Receivership Parties and similarly resolves any and all claims Preston might assert against the Receivership Estate. The Settlement Agreement allows the Receiver to potentially recoup all the excess payments Preston recovered. The Receiver believes that the expense, time, and inconvenience avoided in subsequent litigation between Preston and the Receiver merits entering into the Settlement Agreement, particularly as the Settlement Agreement identifies designated funds from which Preston will have to repay the profit he received. Ex. A, Milligan Declaration ¶ 13.

### III.  CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court enter an order: (i) granting this Motion; (ii) approving the Settlement Agreement and authorizing the Receiver and Preston to enter into it; and (iii) granting such other relief as the Court deems just and proper.

Date: March 8, 2021.                             Respectfully Submitted,


                                                 */s/ Lynn H. Butler*
                                                 Lynn H. Butler, *pro hac vice*
                                                 HUSCH BLACKWELL LLP
                                                 111 Congress Ave., Suite 1400
                                                 Austin, TX 78701
                                                 Tel: (512) 472-5456
                                                 Fax: (512) 479-1101
                                                 lynn.butler@huschblackwell.com

                                                 Buffey E. Klein, *pro hac vice*
                                                 HUSCH BLACKWELL LLP
                                                 1900 N. Pearl Street, Suite 1800
                                                 Dallas, Texas  75201
                                                 Tel: (214) 999-6100
                                                 Fax:  (214) 999-6170
                                                 buffey.klein@huschblackwell.com

                                                 Brian P. Waagner, Fed. Bar No. 14954
                                                 HUSCH BLACKWELL LLP
                                                 750 17th Street, NW, Suite 900
                                                 Washington, D.C. 20006
                                                 Tel:  (202) 378-2300
                                                 Fax:  (202) 378-2318
                                                 brian.waagner@huschblackwell.com

                                                 *Counsel for Receiver Gregory S. Milligan*

## **CERTIFICATE OF SERVICE**

On March 8, 2021, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service. Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill, #64274-037
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

**Defendant Jay B. Ledford (via U.S. Mail):**

Jay B. Ledford, #55055-048
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor, Jr
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Relief Defendant Lalaine Ledford (via U.S. Mail):**

Lalaine Ledford
10512 Courtney Cove Ave.
Las Vegas, NV 89144

Lalaine Ledford
2381 Carnegie Hall Street
Las Vegas, NV 89135
lalainebarretto@yahoo.com

**Baltimore County Office of Law (via E-Mail and U.S. Mail):**

Susan B. Dubin
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
sdubin@baltimorecountymd.gov

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor
3291 Tamiami Trail East
Naples, Florida 34112

Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395

Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas
c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

J Trust
c/o Hillary RE. Badrow, Trustee
2801 Paramount Boulevard
Amarillo, Texas 79109

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

11

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

Samuel I. White, P.C.
596 Lynnhaven Parkway, Suite 200
Virginia Beach, VA 23452-7371

Stephen D. Graeff
Dunlap Bennett & Ludwig
8300 Boone Boulevard, #550
Vienna, VA  22182

Kenneth C. Grace
Lash Wilcox  & Grace PL
2202 West Shore Blvd.; Suite 200
Tampa, FL 33607

Wells Fargo Bank, N.A. **(Via E-Mail, U.S. Mail, Certified Mail)**
c/o Philip Traynor
2201 W. Royal Lane, Suite 155
Irving, Texas 75063
ptraynor@alaw.com

Wells Fargo Bank, N.A. **(Via Certified Mail)**
c/o its registered agent Corporation Service Company
211 E. 7th St., Suite 620
Austin, Texas 78701

                                        */s/ Lynn H. Butler*
                                           Lynn H. Butler

HB: 4832-4644-0414.1