IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| **KEVIN B. MERRILL, et al.** | | |
| | * | |
| Defendants. | | |
| *     *     *     *     *     *     *     *     *     *     *     *     * | | |

## MEMORANDUM OPINION

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill, Jay B. Ledford, and Cameron Jezierski with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No. 1, unsealed on September 18, 2018, ECF No. 12.) On January 8, 2019, a superseding indictment charged an additional defendant, Amanda Merrill, with conspiracy to obstruct justice. *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (Superseding Indictment, ECF No. 60). Kevin Merrill, Jay Ledford, Cameron Jezierski, and Amanda Merrill have all since pled guilty and were sentenced by this Court in the criminal case. *Id.* (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218).

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to 2018, the Defendants operated a Ponzi-like scheme that involved, among other things,

securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 ¶ 1.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amanda Merrill ("Ms. Merrill") and Lalaine Ledford as Relief Defendants.[1] (Am. Compl., ECF No. 50.)

Currently pending before this Court is Relief Defendant Amanda Merrill's Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment. (ECF No. 327.) The SEC opposes the Motion. (ECF No. 335.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Relief Defendant Amanda Merrill's Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment (ECF No. 327), construed as a Motion to Dismiss, is DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents

---

[1] A "relief defendant" or a "nominal defendant" is someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See supra* (citing *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-2 (4th Cir. 2002) ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant")). Ms. Merrill's plea of guilty as to obstruction of justice in the criminal case did not implicate her in the Ponzi scheme which is the subject of this securities enforcement action, and she has not been accused of any wrongdoing in this civil case.

incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

On September 13, 2018, the SEC filed its initial Complaint alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. (ECF No. 1.) The SEC alleges that from at least 2013 to the present, Mr. Merrill, Mr. Ledford, and Mr. Jezierski operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (*Id.* ¶ 1.) This Court appointed a temporary Receiver on the same day the SEC filed its Complaint. (ECF No. 11.) On October 4, 2018, this Court entered a Preliminary Injunction Order continuing the appointment of the Receiver. (ECF No. 28.) Under this Court's Receivership Order (ECF No. 11) and First Amended Receivership Order (ECF No 62), the Receiver has the authority to take possession of all assets for the estates of the Receivership Parties, which includes Defendants Mr. Merrill, Mr. Ledford, and Mr. Jezierski and their affiliated entities (three individuals and thirty-one named entities).

On October 25, 2018, this Court permitted the Government to intervene and stayed the proceedings in this case, specifying that "Defendants' obligation to respond to the Complaint and all discovery in the captioned case is stayed pending the resolution of the criminal action in this district." (ECF No. 42.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amanda Merrill, Kevin Merrill's wife, and Lalaine Ledford, Jay

3

Ledford's wife, as Relief Defendants. (Am. Compl., ECF No. 50.) All of the Defendants in the related criminal case, *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465, pled guilty and were sentenced by this Court. *See* Criminal No. RDB-18-0465 (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218). Ms. Merrill pled guilty to charges of obstruction of justice on October 10, 2019. *Id.* (ECF No. 140). On January 27, 2020, the Court sentenced Ms. Merrill to a three-year term of probation, including a period of incarceration and home detention, with a restitution amount yet to be determined.[2] *Id.* (ECF No. 218). Consequently, the criminal case was closed on January 27, 2020, and on July 15, 2020, the Court lifted the stay in this case. (ECF No. 324.)

In the Amended Complaint, the SEC asserts one claim for relief against Ms. Merrill as a Relief Defendant: equitable disgorgement of ill-gotten funds, contending that Ms. Merrill "obtained funds and property as a result of the violations of the securities laws by Defendants Merrill and Ledford," and that she "should be required to disgorge all ill-gotten gains which inured to her benefit under the equitable doctrines of disgorgement, unjust enrichment, and/or constructive trust." (Am. Compl. ¶¶ 214, 215, 217, 219, ECF No. 50.)

Specifically, the SEC alleges that: Ms. Merrill received $104,000 from Mr. Merrill "that came from investors who were told they were investing in consumer debt portfolios" (*id.* ¶ 197); Ms. Merrill was the owner or co-owner with Mr. Merrill "of at least three houses purchased using money [Kevin] Merrill obtained from defrauded investors" (*id.* ¶ 198); and Ms. Merrill possessed "numerous luxury items purchased using money obtained from

---

[2] The Court is awaiting the exact restitution figure believed appropriate by Ms. Merrill and by the Government in the criminal case. *See* Criminal No. RDB-18-0465 (ECF No. 237).

4

defrauded investors" (*id.* ¶ 199). The SEC asserts that Ms. Merrill received such money and assets "as a result of [Kevin] Merrill's and [Jay] Ledford's material misrepresentations, omissions, and other deceptive acts," and that the transfers to Ms. Merrill "were part, and in furtherance of, the securities laws violations." (*Id.* ¶¶ 202, 204.) In addition, the SEC alleges that Ms. Merrill did not provide "money, goods, services, or anything else of value in exchange for the money or other assets" transferred to her by her husband, Kevin Merrill. (*Id.* ¶ 203.)

As relevant to Ms. Merrill's current Motion[3], two of the homes which the SEC alleges were purchased with money from defrauded investors are vacation homes that Ms. Merrill allegedly owned or co-owned with Mr. Merrill in which she asserts she has a tenancy by the entirety interest: a Naples, Florida home ("the Florida property") and an Easton, Maryland home ("the Maryland property"). (*Id.* ¶ 198.) The Florida property was purchased for $10.5 million and carried a $5 million mortgage. (*Id.*) It was sold by the Court-appointed Receiver for $11.1 million on August 19, 2019. (ECF No. 157.) The Maryland property was purchased for $1.3 million and carried no mortgage. (Am. Compl. ¶ 198.) It was sold by the Court-appointed Receiver for $1.6 million on October 8, 2019. (ECF No. 202.)

On August 31, 2019 Kevin Merrill entered into a bifurcated settlement with the SEC and conceded his liability in this case. (ECF No. 208.) On September 9, 2019, judgment was entered against him. (Judgment as to Defendant Kevin B. Merrill, ECF No. 211.) On July

---

[3] Ms. Merrill does not address her entitlement to the following four additional properties which are not held as tenants by the entireties and which she asserts raise different legal issues: two Towson, Maryland homes, one Owings Mills, Maryland home, and one Stevenson, Maryland home. (*See* Mot. at 12 n.4, ECF No. 327-2.) She has reserved her rights to address her entitlement, if any, in whole or in part, to proceeds from the sale of those properties at a later date. (*Id.*)

31, 2020, Ms. Merrill filed the presently pending Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment. (ECF No. 327.)

**STANDARD OF REVIEW**

A relief defendant may properly challenge the sufficiency of a claim against him or her by a motion to dismiss under Rule 12(b)(6). *See FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 463-64 (D. Md. 2004) (applying Rule 12(b)(6) to relief defendant's motion to dismiss); *SEC v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291 (M.D. Fla. 2009) (same). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359,

365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

If fraud is alleged, Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff "must plead 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation, and what he obtained thereby.'" *Edmondson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019). "Rule 9(b) refers to 'alleging fraud,' not to causes of action or elements of fraud." *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008).

When a defendant seeks dismissal, or in the alternative, summary judgment, the Court may use its discretion under Rule 12(d) of the Federal Rules of Civil Procedure to determine whether to consider matters outside the pleadings. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Pursuant to Rule 12(d), "[w]hen matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(d)). The Court will construe Ms. Merrill's Motion as a Motion to Dismiss and need not convert it to one for summary judgment because matters outside of the pleadings will not be considered.

## ANALYSIS

Relief Defendant Ms. Merrill seeks to dismiss the Amended Complaint's claim for disgorgement of proceeds only as to the two properties which she asserts she owned as a tenant by the entirety with Kevin Merrill: the Florida property and the Maryland property. A federal court may order equitable relief in the form of disgorgement against a "person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (quoting *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998)); *see also SEC v. North Star Finance, LLC*, Case No.: GJH-15-1339, 2019 WL 3860321, at *9 (D. Md. Aug. 15, 2019) (quoting *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-92). This person or entity is known as a "relief defendant" or a "nominal defendant," someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-2 ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant"). In the securities context, to have no "legitimate claim" to the funds in question means that "an individual gave no consideration for the ill-gotten funds and thus received them as a gift." *SEC v. Natural Diamonds Investment Co.*, No. 19-cv-80633, 2019 WL 2583863, at * 7 (S.D. Fla. June 11, 2019) (citing *SEC v. Cavanagh*, 155 F.3d 129, 137 (2d Cir. 1998)).

There is no question that the proceeds used to purchase the two homes in question were "ill-gotten funds" as "the money used to purchase these houses came from defrauded

8

investors." (Am. Compl. ¶¶ 197-199; Mot. to Dismiss at 29-30, ECF No. 327-2 ("the two houses held as tenant by the entireties were purchased in whole or in part with the proceeds of Mr. Merrill's Ponzi scheme").) The SEC has also alleged that Ms. Merrill has no legitimate interest in these homes as she did not provide any "money, goods, services, or anything else of value in exchange for the money or other assets…." (Am. Compl. ¶ 203.) Accordingly, the Court is satisfied that the SEC has adequately pled disgorgement against Ms. Merrill and that she is a proper relief defendant in this case.[4]

Ms. Merrill, contends, however, that because she held the properties as a tenant by the entirety, and thereby had an ownership interest in them, then the SEC cannot show that she did not have a legitimate claim to the properties. Ms. Merrill attempts to convert her Motion to Dismiss into one for summary judgment by providing the deeds to the two properties, which she assures establish that she held an ownership interest in the properties. While Ms. Merrill urges the Court to find that the recent opinion by the United States Supreme Court in *Liu v. SEC*, 140 S. Ct. 1936 (2020), supports such a finding, this Court is not so persuaded.

In *Liu*, the Supreme Court held that disgorgement is a permissible form of equitable relief under the Securities Exchange Act, 15 U.S.C. § 78u(d)(5), when the disgorgement award does not exceed a wrongdoer's net profits. In so holding, the Supreme Court also noted the difficulties that arise when the SEC seeks to impose "disgorgement liability on a wrongdoer for benefits that accrue to his affiliates…in a manner sometimes seemingly at odds with the

---

[4] It should be noted that, even if the Court determined that the properties in question were not subject to disgorgement, Ms. Merrill would still be properly named as a relief defendant based on the additional ill-gotten funds she is alleged to have possessed, namely the $104,000 Mr. Merrill transferred to Ms. Merrill that came from defrauded investors, the Towson, Maryland house titled in her name, purchased for $350,000 and carrying no mortgage, and the numerous other luxury items purchased using money obtained from defrauded investors. (Am. Compl. ¶¶ 197-199.)

common-law rule requiring individual liability for wrongful profits. 140 S. Ct. at 1949 (citing *SEC v. Contorinis*, 743 F.3d 296, 302 (2d Cir 2014); *SEC v. Clark*, 915 F.2d 439, 454 (9th Cir. 1990); *SEC v. Whittemore*, 659 F.3d 1, 10 (D.C. Cir. 2011)). The Court declined to "wade into all the circumstances where an equitable profits remedy might be punitive [and thereby prohibited] when applied to multiple individuals" because of the "wide spectrum of relationships between participants and beneficiaries of unlawful schemes—from equally culpable codefendants to more remote, unrelated" arrangements. *Id.* Instead, the Court remanded for the United States Court of the Appeals for the Ninth Circuit to determine whether the married couple in question, who were both involved in the fraudulent scheme, could be found liable as partners in wrongdoing or whether individual liability was require. *Id.* Finally, the Court noted the type of evidence that may be relevant in making such a determination, including, *inter alia,* whether "one spouse was a mere passive recipient of the funds," whether the couple's finances were commingled, or whether one spouse did not "enjoy the fruits of the scheme." *Id.* (citing *SEC v. Hughes Capital Corp.*, 124 F.3d 449, 456 (3rd Cir. 1997) (a co-defendant spouse found liable for unlawful proceeds where the proceeds funded her "lavish lifestyle")).

       The *Liu* holding in no way changes the Fourth Circuit's directive that, in determining whether a relief defendant has a "legitimate interest" in the ill-gotten funds, any "claimed ownership interest must not only be recognized in law; it must also be valid in fact." *Kimberlynn Creek Ranch*, 276 F.3d at 192. Nor do the considerations that the *Lui* Court references regarding joint and several liability of a spouse have any bearing here, where Ms. Merrill is not a co-defendant, and has not been accused of any wrongdoing. In a recent opinion from the

United States District Court for the Northern District of California issued in the wake of the *Liu* decision, the district court found that *Liu* "simply has no bearing on the propriety" of recovery from relief defendants, who are not defendants in the action, not required to disgorge "profits," and not accused of wrongdoing. *SEC v. San Francisco Reg'l Ctr. LLC*, No. 17-cv-223, 2020 WL 4569844, at *2 (N.D. Cal. Aug 7, 2020). Such is also the case here.

As a result, in the context of a motion to dismiss, it is not appropriate for the Court to resolve certain factual questions over Ms. Merrill's ownership of the Maryland and Florida properties when the SEC is still in the process of developing the record to present the relevant facts to the Court. Indeed, Ms. Merrill herself expressed her understanding that her assertion of ownership over the properties does not resolve the matter as there are several factors this Court must address in determining Ms. Merrill's entitlement to the Florida and Maryland properties, noting the Court's expectation that "Ms. Merrill [] prove a source independent of Mr. Merrill for any property seized by the Receiver to be returned to her." (Mot. at 29, ECF No. 327-2.) To be sure, prior to any order of disgorgement, Ms. Merrill will have the opportunity to demonstrate that she has a "legally and factually valid ownership interest to some or all of the assets" in question. *Kimberlynn Creek Ranch*, 276 F.3d at 192 n.5.

Finally, the SEC need not satisfy the heightened pleading standard of Federal Rule 9(b) for claims sounding in fraud to adequately allege a claim against Ms. Merrill as a Relief Defendant. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Here, as explained above, disgorgement can be pled against a "person who is not accused of wrongdoing in a securities enforcement action," if that person received ill-gotten funds and does not have a legitimate

11

claim to those funds. *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 192. Accordingly, the SEC need not plead any fraud committed by Ms. Merrill because, as a relief defendant, she is clearly *not* accused of wrongdoing in this securities action. Even if the SEC were required to plead its disgorgement claim with specificity to satisfy Rule 9(b), it has done so by alleging that the proceeds used to purchase the two properties in question came from defrauded investors and Ms. Merrill did not provide anything of value in exchange for any ownership interest she may have in the properties. (Am. Compl. ¶ 198.)

In sum, Ms. Merrill's Motion to Dismiss and for Partial Summary Judgment (ECF No. 327), construed as a Motion to Dismiss, is DENIED.

## CONCLUSION

For the reasons stated above, Relief Defendant Amanda Merrill's Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment (ECF No. 327), construed as a Motion to Dismiss, is DENIED.

A separate Order follows.

Dated: March 23, 2021

_____/s/_____
Richard D. Bennett
United States District Judge