IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. RDB-18-2844 |
| | * | |
| v. | * | |
| KEVIN B. MERRILL, et al. | * | |
| Defendants. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM ORDER

On February 10, 2021, this Court entered an Order Granting Receiver Gregory S. Milligan's Motion for Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process. (ECF No. 396.) That Order established May 20, 2021 as the claims bar date. (*Id.*) On May 19, 2021, Relief Defendant Amanda Merrill ("Ms. Merrill") filed the presently Motion for Reconsideration of Court Order ECF #396 (ECF No. 445). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, Ms. Merrill's Motion (ECF No. 445) is untimely and meritless, and it shall be DENIED.

Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at \*2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion

> to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Ms. Merrill did not file her motion within 28 days of this Court's Order, instead filing it nearly three months later. Accordingly, Rule 60(b) governs this Court's analysis.

Rule 60(b) of the Federal Rules of Civil Procedure empowers this Court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "To support a motion for relief from an Order under Rule 60(b), the moving party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Ericksen v. Kaplan Higher Educ., LLC*, No. RDB-14-3106, 2016 WL 7377154, at *1 (D. Md. Dec. 20, 2016) (quoting *Hale v. Belton Ass'n, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009)). If these three threshold requirements are satisfied, the moving party must then demonstrate one of the six grounds for relief authorized by the Rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

*Id.*; *see* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds [for its motion] to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at

*2 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). These motions "impose a more onerous burden on the moving party because these motions request relief from judgments, implicating interests in 'finality and repose.'" *Ma v. CaerVision Corp.*, No. RDB-15-1059, 2016 WL 3087449, at *2 (D. Md. Jun. 2, 2016). The decision to grant or deny a Rule 60(b) motion is a matter of the District Court's discretion. *Id.*

Ms. Merrill has failed to show timeliness in filing her Motion, submitting it nearly three months after this Court's Order and one day before the claims bar date in this case. However, even considering Ms. Merrill's objections to this Court's Order, this Court finds that Ms. Merrill has not met the high bar she faces to succeed on her Motion for Reconsideration. In her Reply, Ms. Merrill notes that her requested relief seeks to "preserve [her] right to appeal, her right to contest this Court's jurisdiction to enter a disgorgement order against her, a Relief Defendant, pursuant to *Liu v. SEC*, 140 S.Ct. 1939 (2000), and issues with discovery." (ECF No. 457.) As the Receiver notes, however, Ms. Merrill has filed a claim with the Receiver, in which she has reserved the resolution of any disputes with respect to her claim until after entry of a final judgment on the SEC's claims against her. (ECF No. 445-1.)

In the event that Ms. Merrill wishes to engage in discovery or motion practice with respect to property identified in her claim, this Court also has the authority and ability to authorize such discovery pursuant to the Claims Procedure. (*See* ECF No. 396 at 6 ("If the Claimant or the Receiver wish to take discovery and the other does not consent, either may file a motion with the Court requesting the Court determine whether to allow discovery to resolve the claim. The Court further retains the discretion to set a briefing schedule, to set hearings, or to schedule mandatory settlement conferences to resolve claims.").) Accordingly,

this Court finds no basis for the relief sought and concludes that Ms. Merrill has failed to meet her burden for the extraordinary remedy of reconsideration of a judgment after its entry.

For the foregoing reasons, it is this 7th day of July, 2021, HEREBY ORDERED that:

1. Ms. Merrill's Motion for Reconsideration of Court Order ECF #396 (ECF No. 445) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge