# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * |
| | * |
| Plaintiff, | Civil Action No. RDB-18-2844 |
| | * |
| v. | * |
| KEVIN B. MERRILL, et al. | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill, Jay B. Ledford, and Cameron Jezierski with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No. 1, unsealed on September 18, 2018, ECF No. 12.) On January 8, 2019, a superseding indictment charged an additional defendant, Amanda Merrill, with conspiracy to obstruct justice. *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (Superseding Indictment, ECF No. 60). Kevin Merrill, Jay Ledford, Cameron Jezierski, and Amanda Merrill have all since pled guilty and were sentenced by this Court in the criminal case. *Id.* (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218).

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to 2018, the Defendants operated a Ponzi-like scheme that involved, among other things,

securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 ¶ 1.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amanda Merrill ("Ms. Merrill") and Lalaine Ledford ("Ms. Ledford") as Relief Defendants.[1] (Am. Compl., ECF No. 50.) On March 23, 2021, this Court denied Relief Defendant Ms. Merrill's Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment, which the Court construed as a Motion to Dismiss. (ECF Nos. 418, 419.)

Currently pending before this Court is Relief Defendant Lalaine Ledford's Motion to Dismiss. (ECF No. 417.) The SEC opposes the Motion. (ECF No. 425.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Relief Defendant Lalaine Ledford's Motion to Dismiss (ECF No. 417) is DENIED.

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside

---

[1] A "relief defendant" or a "nominal defendant" is someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See infra* (citing *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-2 (4th Cir. 2002) ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant")).

the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

On September 13, 2018, the SEC filed its initial Complaint alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski raised more than $345 million from over 230 investors to purportedly purchase consumer debt portfolios. (ECF No. 1.) The SEC alleges that from at least 2013 to the present, Mr. Merrill, Mr. Ledford, and Mr. Jezierski operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (*Id.* ¶ 1.) This Court appointed a temporary Receiver on the same day the SEC filed its Complaint. (ECF No. 11.) On October 4, 2018, this Court entered a Preliminary Injunction Order continuing the appointment of the Receiver. (ECF No. 28.) Under this Court's Receivership Order (ECF No. 11) and First Amended Receivership Order (ECF No 62), the Receiver has the authority to take possession of all assets for the estates of the Receivership Parties, which includes Defendants Mr. Merrill, Mr. Ledford, and Mr. Jezierski and their affiliated entities (three individuals and thirty-one named entities).

On October 25, 2018, this Court permitted the Government to intervene and stayed the proceedings in this case, specifying that "Defendants' obligation to respond to the Complaint and all discovery in the captioned case is stayed pending the resolution of the criminal action in this district." (ECF No. 42.) On November 6, 2018, the SEC filed an

3

Amended Complaint, adding Amanda Merrill, Kevin Merrill's wife, and Lalaine Ledford, Jay Ledford's wife, as Relief Defendants. (Am. Compl., ECF No. 50.) All of the Defendants in the related criminal case, *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465, pled guilty and were sentenced by this Court. *See* Criminal No. RDB-18-0465 (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218). Consequently, the criminal case was closed on January 27, 2020, and on July 15, 2020, the Court lifted the stay in this case. (ECF No. 324.)

In the Amended Complaint, the SEC asserts one claim for relief against Ms. Ledford as a Relief Defendant: equitable disgorgement of ill-gotten funds, contending that Ms. Ledford "obtained funds and property as a result of the violations of the securities laws by Defendants Merrill and Ledford," and that she "should be required to disgorge all ill-gotten gains which inured to her benefit under the equitable doctrines of disgorgement, unjust enrichment, and/or constructive trust." (Am. Compl. ¶¶ 214, 215, 218, 220, ECF No. 50.)

Specifically, the SEC alleges that Mr. Ledford "transferred to Mrs. Ledford at least $300,000 obtained from defrauded investors" and that Ms. Ledford "is in possession of numerous luxury items purchased using money from defrauded investors, including but not limited to jewelry, handbags, and artwork." (*Id.* ¶¶ 200, 201.) The SEC asserts that Ms. Ledford received such money and assets "as a result of [Kevin] Merrill's and [Jay] Ledford's material misrepresentations, omissions, and other deceptive acts," and that the transfers to Ms. Ledford "were part, and in furtherance of, the securities laws violations." (*Id.* ¶¶ 202, 204.) In addition, the SEC alleges that Ms. Ledford did not provide "money, goods, services, or anything else of value in exchange for the money or other assets" transferred to her by her husband, Jay Ledford. (*Id.* ¶ 203.)

4

On June 21, 2019 Jay Ledford entered into a bifurcated settlement with the SEC and conceded his liability in this case. (ECF No. 194-1.) On August 19, 2019, judgment was entered against him. (Judgment as to Defendant Jay B. Ledford, ECF No. 196.) On March 22, 2021, Ms. Ledford filed the presently pending Motion to Dismiss. (ECF No. 417.) On March 23, 2021, this Court denied Relief Defendant Ms. Merrill's Motion to Dismiss Amended Complaint and Motion for Partial Summary Judgment, which the Court construed as a Motion to Dismiss. (ECF Nos. 418, 419.) Ms. Merrill's Motion to Dismiss raised similar arguments that Ms. Ledford now raises in her Motion, and which this Court has already rejected.

## STANDARD OF REVIEW

A relief defendant may properly challenge the sufficiency of a claim against him or her by a motion to dismiss under Rule 12(b)(6). *See FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 463-64 (D. Md. 2004) (applying Rule 12(b)(6) to relief defendant's motion to dismiss); *SEC v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291 (M.D. Fla. 2009) (same). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

If fraud is alleged, Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff "must plead 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation, and what he obtained thereby.'" *Edmondson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019). "Rule 9(b) refers to 'alleging fraud,' not to causes of action or elements of fraud." *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008).

## ANALYSIS

Relief Defendant Ms. Ledford seeks to dismiss the Amended Complaint's claim for disgorgement of proceeds, arguing that the SEC's conclusory allegations against her fail to state a claim. A federal court may order equitable relief in the form of disgorgement against a

6

"person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (quoting *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998)); *see also SEC v. North Star Finance, LLC*, Case No.: GJH-15-1339, 2019 WL 3860321, at *9 (D. Md. Aug. 15, 2019) (quoting *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-92). This person or entity is known as a "relief defendant" or a "nominal defendant," someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-2 ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant"). In the securities context, to have no "legitimate claim" to the funds in question means that "an individual gave no consideration for the ill-gotten funds and thus received them as a gift." *SEC v. Natural Diamonds Investment Co.*, No. 19-cv-80633, 2019 WL 2583863, at * 7 (S.D. Fla. June 11, 2019) (citing *SEC v. Cavanagh*, 155 F.3d 129, 137 (2d Cir. 1998)).

At issue here is $300,000 in ill-gotten funds that Jay Ledford allegedly transferred to Ms. Ledford, in addition to numerous luxury items purchased using money from defrauded investors, including but not limited to jewelry, handbags, and artwork. Ms. Ledford argues that the SEC "makes no accounting of how they came to that particular number, from where that money came from, where she received it, when she received it, how that money was transferred, [or] how those funds were connected to the Ponzi Scheme." (Mot. at 5-6.) However, all that is required of the SEC at this stage is to allege that Ms. Ledford has received

7

ill-gotten funds ($300,000 and numerous luxury items) to which she does not have a legitimate claim. *See Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-2. The SEC has alleged that Ms. Ledford has no legitimate interest in the $300,000 and numerous luxury items as she did not provide any "money, goods, services, or anything else of value in exchange for the money or other assets…." (Am. Compl. ¶ 203.) Accordingly, the Court is satisfied that the SEC has adequately pled disgorgement against Ms. Ledford and that she is a proper relief defendant in this case.

Ms. Ledford also urges the Court to find that that the recent opinion by the United States Supreme Court in *Liu v. SEC*, 140 S. Ct. 1936 (2020), renders disgorgement appropriate only against "culpable actors" who engage in securities fraud. However, *Liu* did not involve a relief defendant who was innocent of securities fraud, but instead involved a husband and wife who were both wrongdoers engaged in such fraud. In *Liu*, the Supreme Court held that disgorgement is a permissible form of equitable relief under the Securities Exchange Act, 15 U.S.C. § 78u(d)(5), when the disgorgement award does not exceed a wrongdoer's net profits. In so holding, the Supreme Court also noted the difficulties that arise when the SEC seeks to impose "disgorgement liability on a wrongdoer for benefits that accrue to his affiliates…in a manner sometimes seemingly at odds with the common-law rule requiring individual liability for wrongful profits. 140 S. Ct. at 1949 (citing *SEC v. Contorinis*, 743 F.3d 296, 302 (2d Cir 2014); *SEC v. Clark*, 915 F.2d 439, 454 (9th Cir. 1990); *SEC v. Whittemore*, 659 F.3d 1, 10 (D.C. Cir. 2011)). The Court declined to "wade into all the circumstances where an equitable profits remedy might be punitive [and thereby prohibited] when applied to multiple individuals" because of the "wide spectrum of relationships between participants and beneficiaries of

8

unlawful schemes—from equally culpable codefendants to more remote, unrelated" arrangements. *Id.* Instead, the Court remanded for the United States Court of the Appeals for the Ninth Circuit to determine whether the married couple in question, who were both involved in the fraudulent scheme, could be found liable as partners in wrongdoing or whether individual liability was required. *Id.* Finally, the Court noted the type of evidence that may be relevant in making such a determination, including, *inter alia,* whether "one spouse was a mere passive recipient of the funds," whether the couple's finances were commingled, or whether one spouse did not "enjoy the fruits of the scheme." *Id.* (citing *SEC v. Hughes Capital Corp.*, 124 F.3d 449, 456 (3rd Cir. 1997) (a co-defendant spouse found liable for unlawful proceeds where the proceeds funded her "lavish lifestyle")).

The *Liu* holding in no way changes the Fourth Circuit's directive that, in determining whether a relief defendant has a "legitimate interest" in the ill-gotten funds, any "claimed ownership interest must not only be recognized in law; it must also be valid in fact." *Kimberlynn Creek Ranch*, 276 F.3d at 192. Nor do the considerations that the *Lui* Court references regarding joint and several liability of a spouse have any bearing here, where Ms. Ledford is not a co-defendant, and has not been accused of any wrongdoing. In a recent opinion from the United States District Court for the Northern District of California issued in the wake of the *Liu* decision, the district court found that *Liu* "simply has no bearing on the propriety" of recovery from relief defendants, who are not defendants in the action, not required to disgorge "profits," and not accused of wrongdoing. *SEC v. San Francisco Reg'l Ctr. LLC*, No. 17-cv-223, 2020 WL 4569844, at *2 (N.D. Cal. Aug 7, 2020). Such is also the case here.

9

Moreover, in the context of a motion to dismiss, it is not appropriate for the Court to resolve certain factual questions over Ms. Ledford's claim to the $300,000 and luxury items in question when the SEC is still in the process of developing the record to present the relevant facts to the Court. To be sure, prior to any order of disgorgement, Ms. Ledford will have the opportunity to demonstrate that she has a "legally and factually valid ownership interest to some or all of the assets" in question. *Kimberlynn Creek Ranch*, 276 F.3d at 192 n.5.

Finally, the SEC need not satisfy the heightened pleading standard of Federal Rule 9(b) for claims sounding in fraud to adequately allege a claim against Ms. Ledford as a Relief Defendant. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Here, as explained above, disgorgement can be pled against a "person who is not accused of wrongdoing in a securities enforcement action," if that person received ill-gotten funds and does not have a legitimate claim to those funds. *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 192. Accordingly, the SEC need not plead any fraud committed by Ms. Ledford because, as a relief defendant, she is clearly *not* accused of wrongdoing in this securities action. Even if the SEC were required to plead its disgorgement claim with specificity to satisfy Rule 9(b), it has done so by alleging that the funds and luxury items were derived from ill-gotten proceeds from defrauded investors and Ms. Ledford did not provide anything of value in exchange for any of those assets. (Am. Compl. ¶¶ 200, 201, 203.)

In sum, Ms. Ledford's Motion to Dismiss (ECF No. 417) is DENIED.

## CONCLUSION

For the reasons stated above, Relief Defendant Lalaine Ledford's Motion to Dismiss (ECF No. 417) is DENIED.

A separate Order follows.

Dated: July 16, 2021

_____/s/_____
Richard D. Bennett
United States District Judge