FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2021 SEP 14  PM 1: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-02844-RDB |
| v. | |
| KEVIN B. MERRILL, et al., | |
| Defendants | |

## SECOND AMENDED ORDER APPOINTING TEMPORARY RECEIVER

**WHEREAS this matter has come before the Court upon** Receiver Gregory S.

Milligan's Second Motion to Clarify and Modify Receivership Order (Doc. No. 479) the

("Second Motion to Modify");

**WHEREAS** this matter originally came before this Court upon Plaintiff Securities and

Exchange Commission's (the "SEC") Motion for a Temporary Restraining Order Freezing

Assets, Appointing a Temporary Receiver, and Granting Other Emergency Relief (Doc. No. 3);

**WHEREAS** on November 27, 2018, this Court granted Receiver Gregory S. Milligan's

Motion to Clarify and Modify Receivership Order (Doc. No. 62), and the modifications pursuant

to that Order are incorporated herein;

**WHEREAS** Defendants and their affiliate entities possess significant assets-the full

nature and extent of which are not currently known to the Court-including but not limited to debt

portfolios, automobiles, jewelry, real estate, and other assets, the value of which should be

preserved during the pendency of this litigation;

HB: 4838-3339-6465.7

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Defendants Kevin B. Merrill, Jay B. Ledford, Cameron R. Jezierski, Global Credit Recovery, LLC, Delmarva Capital, LLC, Rhino Capital Holdings, LLC, Rhino Capital Group, LLC, DeVille Asset Management LTD, Riverwalk Financial Corporation ("Defendants"), and the affiliate entities of Defendants, as described below, including but not limited to funds fraudulently obtained from investors that are held by the Relief Defendants Amanda Merrill and Lalaine Ledford (collectively, the "Relief Defendants") and any and all assets acquired, either directly or indirectly, using such funds; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants, and venue properly lies in this district;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT THE SECOND MOTION TO MODIFY IS GRANTED IN FULL;**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants, and the affiliate entities of Defendants, including but not limited to: Kevin B. Merrill ("Merrill"), Jay B. Ledford ("Ledford"); Cameron R. Jezierski ("Jezierski"); Global Credit Recovery, LLC; Delmarva Capital, LLC; Rhino Capital Holdings, LLC; Rhino Capital Group, LLC; DeVille Asset Management LTD; Riverwalk Financial Corporation; K.B. Merrill Associates; Financial Reclamation Group LLC; Halo Credit Solutions LLC; JBL Holdings LLC; Jay B. Ledford, P.C.; the Joseph Finance Company; Leddy Bear LTD; Ledford & Associates, PLLC; King Fischer LTD d/b/a LP Investments LTD; NLEX, Inc.; Receivables Portfolio Interchange, Inc.; Riverwalk

Capital Investments, Inc.; Riverwalk Credit Solutions, Inc.; Riverwalk Debt Solutions, Inc.;

Riverwalk Fixed Asset Group LLC; SCUSA Financial, Inc.; Vaquero Asset Management, Inc.;

CRJ Holdings LLC; Centurion Capital Corporation; GCR CBL CP I, LLC; GCR CBL CP II,

LLC; GCR CBL CP III, LLC; GCR CBL CP IV, LLC; GCR HCP Holdings 1, LLC; GCR

Mercer Holdings, LLC; the J Trust; and the Kevin B. Merrill Revocable Trust (collectively, the

"Receivership Parties").

  2.  Until further Order of this Court, Gregory S. Milligan, of the firm Harney

Management Partners, LLC, is hereby appointed to serve without bond as receiver (the

"Receiver") for the estates of the Receivership Parties.

**I.  Asset Freeze**

  3.  Except as otherwise specified herein, all assets of Defendants and Receivership

Parties (collectively, "Receivership Assets") are frozen until further order of this Court.

"Receivership Assets" means assets of any and every kind whatsoever, including without

limitation all assets described in this Order, that are: (a) owned, controlled, or held, in whole or

in part, by or for the benefit of any of the Receivership Parties; (b) in the actual or constructive

possession of any of the Receivership Parties, or other individual or entity acting in concert with

any of the Receivership Parties; (c) held by an agent of any of the Receivership Parties, including

as a retainer for the agent's provision of services; or (d) owned, controlled, or held, in whole or

in part, by, or in the actual or constructive possession of, or otherwise held for the benefit of, any

corporation, partnership, trust, or other entity directly or indirectly owned, controlled, or held, in

whole or in part, by any of the Receivership Parties, including assets that have been transferred

to other persons or entities but as to which assets such persons or entities do not have a legitimate

claim. For the avoidance of doubt, the "Receivership Assets" include all assets owned,

controlled, or held, in whole or in part by, or in the actual or constructive possession of, or

HB: 4838-3339-6465.7

otherwise held for the benefit of the J Trust and Kevin B. Merrill Revocable Trust, including the

following real properties: (a) 1718 Greenspring Valley Road, Stevenson, MD 21153; (b) 9017

Grove Crest Lane, Las Vegas, NV 89134; and (c) 1650 Cedar Hill, Dallas, TX 75208. The

"Receivership Assets" also include funds fraudulently obtained from investors that are held by

the Relief Defendants and any and all assets acquired, either directly or indirectly, using such

funds, including but not limited to: (i) 1055 Spyglass Lane, Naples, FL 34102; (ii) 27776 Sharp

Road, Easton, MD 21601; and (iii) 531 Hampton Lane, Baltimore, MD 21204. Accordingly, all

persons, institutions, and entities with direct or indirect control over any Receivership Assets-

other than the Receiver or law enforcement officials acting within the course and scope of their

official duties are hereby restrained and enjoined from directly or indirectly transferring, setting

off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or

withdrawing such Receivership Assets. This freeze shall include, but not be limited to,

Receivership Assets that are on deposit with financial institutions such as banks, brokerage

firms, and mutual funds, or other institutions, including but not limited to casinos.

**II.     General Powers and Duties of Receiver**

4.     Except as limited herein, the Receiver shall have all powers, authorities, rights,

and privileges heretofore possessed by the officers, directors, managers, and general and limited

partners of the Receivership Parties under applicable state and federal law, by the governing

charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver

at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959

and 1692, Fed. R. Civ. P. 66, and this Order, including but not limited to paragraphs 49 and 50 of

this Order.

5.     The trustees, directors, officers, managers, investment advisors, accountants,

attorneys, and other agents of the non-individual Receivership Parties are hereby dismissed and

the powers of any partners, directors, and/or managers are hereby suspended. Such persons and

entities shall have no authority with respect to the Receivership Parties' operations or assets,

except to the extent as hereafter may be expressly granted by the Receiver. This Order, however,

does not dismiss Defendants' attorneys, if any, who file an appearance in this action.

6.      The Receiver shall assume and control the operation of the non-individual

Receivership Parties and shall preserve all of their claims or interests using the powers set forth

in this Order. The Receiver shall not have the power to bring suits in law or in equity without

further Order of this Court except as otherwise authorized in Paragraph 37 of this Order. The

Receiver has a continuing duty to ensure that there are no conflicts of interest between the

Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

The Receiver may continue and conduct the business of the Receivership Parties in such manner,

to such extent and for such duration as the Receiver may deem to be necessary or appropriate, if

at all.

7.      No person holding or claiming any position of any sort with any of the non-

individual Receivership Parties shall possess any authority to act by or on behalf of any of the

non-individual Receivership Parties, unless expressly authorized, in writing, by the Receiver.

8.      Subject to the specific provisions in Sections III through XIV, below, the

Receiver shall have the following general powers and duties:

> A.      To use reasonable efforts to determine the nature, location, and value of all
>
> property interests of the Receivership Parties, including, but not limited to,
>
> monies, funds, securities, credits, investments, savings, options, shares,
>
> cash, currencies, checks, accounts, vehicles, boats, equipment, fixtures,
>
> effects, goods, chattels, lands, premises, leases, claims, notes, membership

interests in any limited liability company, partnership interests, contracts, certificates of title, instruments, inheritances, interests in any trust, art, collectibles, furnishings, jewelry, personal effects, digital currencies, virtual currencies, cryptocurrencies, digital or electronic property, casino accounts, deposits, or chips, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Parties own, possess, have a beneficial interest in, or control directly or indirectly (the foregoing, together with all assets described in this Order collectively may be referred to as the "Receivership Assets" or the "Receivership Estate");

B.    To take custody, control, and possession of all Receivership Assets and records relevant thereto from the Receivership Parties;

C.    To manage, control, operate, and maintain the Receivership Estate and hold in his possession, custody, and control all Receivership Assets, pending further Order of this Court;

D.    To use Receivership Assets for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.    To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Parties, except as limited by this Order;

F.     To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G.     To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

H.     To the extent necessary to locate and identify assets, the Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.     To investigate, compromise, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against any non-individual Receivership Party or the Receivership Estate in any state, federal or foreign court or proceeding of any kind as may in the Receiver's discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property. Compromises of claims must be approved by the Court, and approval of similarly situated claims may be approved pursuant to an omnibus filing by the Receiver. All such resolutions shall be reported to the Court in the next Receiver's next quarterly report provided, however, that details the Receiver, in his discretion, believes might adversely affect negotiations

and resolutions in other matters may be filed under seal, to be publicly disclosed when the concern no longer applies;

J.      To investigate the manner in which the financial and business affairs of the Receivership Parties were conducted for the benefit and on behalf of the Receivership Estate.  The Receiver, in consultation with SEC counsel, may serve demand letters and/or attempt to settle any claims for any legal or equitable relief that the Receiver determines may exist, including but not limited to, for the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, or collection of debts.  At this time, the Receiver does not have authority to institute any lawsuits seeking affirmative relief but may move the Court for an Order to do so.  The Receiver should consult with Counsel for the SEC before commencing investigations and/or seeking authority to institute actions; and,

K.      To take such other action as may be approved by this Court.

9.      Unless otherwise limited by this Order, the Receiver is authorized to exercise all equitable powers under applicable law.

10.     The Receiver may delegate to his agents any of the powers of the Receiver granted to him by this Order.

11.     The Receiver may seek further Orders of this Court regarding standing powers of the Receiver, operations of Receivership Parties, and administration of Receivership Assets as may be deemed necessary to conserve the Receivership Assets, secure the best interests of

creditors, investors, and other stakeholders of the Receivership Parties, and protect the interests of the Receiver.

**III.    Access to Information**

12.    The individual Receivership Parties and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the non-individual Receivership Parties, as well as those acting in their place, including third party vendors storing financial and other business information, as well as email communications, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Parties and/or all Receivership Assets; such information shall include but not be limited to books, records, documents, accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, details of items deposited, and check registers), client lists, title documents, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, computer files, databases and other data compilations, including but not limited to records relating to debt portfolios, including but not limited to all information stored using Debtmaster software, electronically stored records and information, including any information stored by third parties (including but not limited to Intuit, Inc.), including those utilizing using cloud-based services" access codes, security codes, passwords, safe deposit keys, combinations, and all other instruments, papers, and electronic data or records of any kind or nature. This does not, however, include any documents or files of Merrill's, Ledford's, or Jezierski's personal attorneys, if any, that are protected by the work-product doctrine and/or attorney-client privilege.

13.    Within ten (10) days of the entry of this Order, the Receivership Parties shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the

identity, location, and estimated value of all Receivership Assets, including contact information

for the party in possession of all assets of such Receivership Party, held jointly or singly,

including without limitation all assets held outside the territory of the United States; (b) all

employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents

or contractors of the Receivership Parties; and (c) the amount and nature of all liabilities of such

Receivership Party, including without limitation the names, addresses, and amounts of claims of

all known creditors of the Receivership Parties. Such sworn statement shall include the names,

addresses, telephone numbers, facsimile numbers, and e-mail addresses of the holders of any

legal, equitable, or beneficial interests in such assets and the names, addresses, telephone

numbers, facsimile numbers, and e-mail addresses of any financial institutions or other persons

or entities holding such assets, along with the account numbers and balances. The sworn

statements shall be accurate as of the date of this Order, shall be signed and verified as true and

complete under penalty of perjury.

      14.     Within thirty (30) days of the entry of this Order, the Receivership Parties shall

file with the Court and serve upon the Receiver and the SEC a sworn statement and accounting,

with complete documentation, covering the period from January 1,2013 to the present:

          A.     Of all Receivership Assets, wherever located, held by or in the name of

                the Receivership Parties, or in which any of them, directly or indirectly,

                has or had any beneficial interest, or over which any of them maintained

                or maintains and/or exercised or exercises control, including, but not

                limited to: (a) all securities, investments, funds, real estate, automobiles,

                jewelry, digital assets, including but not limited to any assets contained in

                digital assets held at crypto-currency exchanges, and other assets, stating

the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution, or any other institution, including but not limited to casinos, held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;

B.      Identifying every account at every bank, brokerage, or other financial institution, including but not limited to casinos: (a) over which Receivership Parties have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Parties;

C.      Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Party, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.      Of all assets received by any of Receivership Parties from any person or entity, including the value, location, and disposition of any assets so received;

E.      Of all funds received by the Receivership Parties, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's

Complaint. The submission must clearly identify, among other things, all

investors, the securities they purchased, the date and amount of their

investments, and the current location of such funds;

F.      Of all expenditures exceeding $1,000 made by any of Receivership

Parties, including those made on their behalf by any person or entity; and

G.      Of all transfers of assets made by any of Receivership Parties.

15.      Within thirty (30) days of the entry of this Order, the Receivership Parties shall

provide to the Receiver and the Commission copies of the Receivership Parties' federal income

tax returns for 2013 through 2017 with all relevant and necessary underlying documentation.

16.      The individual Receivership Parties and the non-individual Receivership Parties'

past and/or present officers, directors, agents, attorneys, managers, shareholders, employees,

accountants, debtors, creditors, managers and general and limited partners, and other appropriate

persons or entities shall answer all questions which the Receiver may put to them and produce all

documents as required by the Receiver regarding the business of the Receivership Parties, or any

other matter relevant to the operation or administration of the receivership or the collection of

funds due to the Receivership Parties. The Receiver holds and controls, and is therefore

empowered to waive, all privileges, including the attorney-client privilege, held by all non-

individual Receivership Parties. Nothing in this Order shall operate as or effectuate a waiver of

the attorney-client privilege regarding communications between Defendants Merrill, Ledford,

and Jezierski and their respective personal attorneys, if any, and such personal attorneys shall not

be compelled by this Order to divulge information that would otherwise be protected by the

attorney-client privilege.

17.     The Receivership Parties are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver. This cooperation and assistance shall include, but not be limited to: (a) providing any information or documents that the Receiver deems necessary or appropriate to the exercise of the Receiver's authority and the discharge of the Receiver's responsibilities under this Order; (b) providing any keys, including but not limited to physical, digital, and cryptographic keys, codes, device PINs, and passwords, including but not limited to account, encryption, email account, and computer passwords required to access any computer, electronic file, or telephonic data in any medium; (c) immediately advising all persons who owe money or currency of any kind to the Receivership Parties that all debts should be paid directly to the Receiver; (d) providing full access to all Receivership Assets; and (e) maintaining and not wasting, damaging, disposing of, or transferring in any manner any Receivership Assets.

## IV.     Access to Books, Records, and Accounts

18.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books, and records and all other documents or instruments relating to the Receivership Parties. All persons and entities having control, custody, or possession of any Receivership Assets are hereby directed to turn such property, including but not limited to all accounts, over to the Receiver.

19.     The Receivership Parties, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Parties, including third party vendors of the Receivership Parties, and any persons receiving notice of this Order by personal service, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Parties are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

HB: 4838-3339-6465.7

20.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Parties that receive actual notice of this Order by personal service, facsimile transmission, or otherwise shall:

      A.     Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Parties except upon instructions from the Receiver;

      B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

      D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

## V.     Access to Real and Personal Property

21.     The Receiver is authorized but not directed to take immediate possession of all personal property Receivership Assets, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts,

brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

22.     The Receiver is authorized but not directed to take immediate possession of all real property Receivership Assets, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises. Notwithstanding the foregoing, the individual Receivership Parties, or any of their respective family members, shall be permitted to continue residing in their respective primary places of residence, until further notice by the Receiver.

23.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receivership Parties, all other persons in possession or control of Receivership Assets, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

24.     The Receiver is authorized to open all mail, other than mail directed to the spouses of individual Defendants, directed to or received by or at the offices or post office boxes of the Receivership Parties, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

HB: 4838-3339-6465.7

25.     Upon the request of the Receiver, the United States Marshal Service, in any
judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take
possession, custody and control of, or identify the location of, any assets, records, or other
materials belonging to the Receivership Estate. In addition, the Receiver is authorized to request
similar assistance from any other federal, state, county, or civil law enforcement officer(s) or
constable(s) of any jurisdiction.

**VI.     Notice to Third Parties**

26.     The Receiver shall promptly give notice of his appointment to all known officers,
directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited
partners of the Receivership Parties, as the Receiver deems necessary or advisable to effectuate
the operation of the receivership.

27.     All persons and entities owing any obligation, debt, or distribution with respect to
an ownership interest to any Receivership Defendant shall, until further ordered by this Court,
pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for
such payments shall have the same force and effect as if the Receivership Defendant had
received such payment.

28.     In furtherance of his responsibilities in this matter, the Receiver is authorized to
communicate with, and/or serve this Order upon, any person, entity, or government office that he
deems appropriate to inform them of the status of this matter and/or the financial condition of the
Receivership Estate. All government offices which maintain public files of security interests in
real and personal property shall, consistent with such office's applicable procedures, record this
Order upon the request of the Receiver or the SEC.

29.     The Receiver is authorized to instruct the United States Postmaster to hold and/or
reroute mail which is related, directly or indirectly, to the business, operations, or activities of

HB: 4838-3339-6465.7

any of the Receivership Parties (the "Receiver's Mail"), including all mail addressed to, or for

the benefit of, the Receivership Parties. The Postmaster shall not comply with, and shall

immediately report to the Receiver, any change of address or other instruction given by anyone

other than the Receiver concerning the Receiver's Mail. The Receivership Parties shall not open

any of the Receiver's Mail and shall immediately turn over such mail, regardless of when

received, to the Receiver. All personal mail of any individual Receivership Parties, mail

addressed to any individual Receivership Defendant's spouse, and/or any mail appearing to

contain privileged information, and/or any mail not falling within the mandate of the Receiver,

shall be released to the named addressee or addressee's attorney by the Receiver. The foregoing

instructions shall apply to any proprietor, whether individual or entity, of any private mail box,

depository, business or service, or mail courier or delivery service, hired, rented, or used by the

Receivership Parties. The Receivership Parties shall not open a new mailbox, or take any steps or

make any arrangements to receive mail in contravention of this Order, whether through the U.S.

mail, a private mail depository, or courier service.

      30.    Subject to payment for services provided, any entity furnishing water, electric,

telephone, sewage, garbage, or trash removal services to the Receivership Parties shall maintain

such service and transfer any such accounts to the Receiver unless instructed to the contrary by

the Receiver.

**VII.    Injunction Against Interference with Receiver**

      31.    The Receivership Parties, other persons in possession or control of Receivership

Assets,  and all persons, other than law enforcement officials acting within the course and scope

of their official duties, receiving notice of this Order by personal service, facsimile, or otherwise,

are hereby restrained and enjoined from directly or indirectly taking any action or causing any

action to be taken, without the express written agreement of the Receiver, which would:

Case 1:18-cv-02844-RDB   Document 479-3   Filed 08/27/21   Page 18 of 29

A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments, or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Assets; or,

D.   Transact any of the business of the Receivership Parties or transfer any Receivership Assets to anyone other than the Receiver;

E.   Destroy, secret, deface, transfer, delete, or otherwise alter or dispose of any documents of or pertaining to the Receivership Parties or the

Receivership Assets and to the extent any such documents are no longer in existence, fail to disclose the nature and contents of such documents and how, when, and by whom such documents were caused to no longer be in existence;

F.   Fail to notify the Receiver of any Receivership Assets, including accounts constituting Receivership Assets held in any name other than the name of a Receivership Defendant, or by any person other than the Receivership Parties, or fail to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Receivership Assets;

G.   Refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their powers, duties, or authority under any order of this Court; or

H.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

32.   The Receivership Parties shall cooperate with and assist the Receiver in the performance of his duties.

33.   The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

**VIII.   Stay of Litigation**

34.   As set forth in detail below, the following proceedings, excluding the instant proceeding, all police or regulatory actions, and actions of the SEC related to the above-captioned enforcement action, are stayed upon entry of this Order and until further Order of this Court:

HB: 4838-3339-6465.7

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Receivership Parties, including subsidiaries and partnerships; or, (d) any of the Receivership Parties' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process. All counterparties to agreements and contracts entered into with the Receivership Parties are enjoined from unilaterally terminating such agreements or contracts without order of this Court.

36.     All Ancillary Proceedings not subject to Paragraph 37 below are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Parties against a third person or party, or as to any and all claims or causes of action under applicable law that have accrued or are accruing regarding transfers and transactions of fraudulently obtained investor funds (or proceeds thereof) to third parties, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

37.     The Court modifies the above-described stay in part and amends this Order to allow the Receiver to continue, in his discretion, the consumer debt collection business of the Receivership Parties under those contracts and agreements that existed on date of the entry of the Order Appointing Temporary Receiver. Specifically, the Court modifies the above-described stay in part and amends this Order to allow the Receiver to file, maintain, and prosecute

HB: 4838-3339-6465.7

consumer debt collection civil proceedings in the name of DeVille Asset Management Ltd. and

any other Receivership Party pursuant to their service agreements with collection litigation firms,

including AACANet, Inc. d/b/a American Alliance of Creditor Attorneys, DRB Financial

Solutions, LLC, Persolve, Series 2, d/b/a Account Resolution Associates, and such other similar

entities. The stay is modified to cover all such agreements that the Receiver decides to continue

as part of his duties under the Receivership Order.

## IX.    Managing Assets

38.    The Receiver shall establish one or more custodial accounts at a federally insured

bank to receive and hold all cash equivalent Receivership Assets (the "Receivership Funds").

39.    The Receiver's deposit account shall be entitled "Receiver's Account, Estate of

[Name of Receivership Defendant]" together with the name of the action, or a title to that effect.

40.    Without further Order of this Court, the Receiver may not liquidate or otherwise

dispose of Receivership Assets, including real estate, other than in the ordinary course of

business.

41.    The Receiver is authorized to use the Receivership Assets and proceeds thereof to

pay debts and expenses of Receivership Parties that (i) have accrued prior to or during the

receivership and (ii) in the sole discretion of the receiver are essential or necessary to the

operations of the non-individual Receivership Parties.

42.    The Receiver's duties shall include, using reasonable efforts, identifying,

marshaling, taking custody of, and preserving the value of the Receivership Assets. Without

further Order of this Court, the Receiver's duties shall not include a forensic investigation to

identify claimants on or creditors of Receivership Assets or any determination of amounts owed

to such parties. Defendants Merrill, Ledford, and Jezierski shall retain responsibility, and the

Receiver shall assume no responsibility, for preparing and filing their respective personal income tax returns.

43.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

44.     The Receiver is authorized to take all actions to manage or maintain business operations of the Receivership Estate, including making payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

45.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.

## X.     Bankruptcy Filing

46.     The Receiver may seek an Order of this Court authorizing the Receiver to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Parties, or any of them. If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estate as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all non-individual Receivership Parties and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Parties in bankruptcy proceedings.

HB: 4838-3339-6465.7

## XI.    Liability of Receiver

48.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

49.    The Receiver may choose, engage and employ attorneys, accountants, appraisers, and any other independent contractors and technical specialists, including, but not limited to, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, property managers, brokers, traders, and auctioneers (collectively, "Retained Personnel") as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order. The Receiver and his Retained Personnel, acting within scope of such agency, are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, including compliance with applicable law governing the collection of debt, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.    This Court shall retain exclusive jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions alleged to have been committed in their representative capacities.

51.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the resignation shall not

be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

52.    The Receiver shall not be personally liable for any liabilities that have accrued or will accrue to the Receivership Estate or the Receivership Parties.

## XII.    Insurance

53.    Given the urgency to appoint a Receiver, the Court recognizes that the Receiver accepts this appointment without time for independent verification that appropriate insurance is in place on the property or that appropriate liability or other insurance is in place to protect the Receivership Assets and the Receivership Estate. Accordingly, the Court acknowledges that the Receiver has no responsibility or liability until such time as he can confirm that such insurance is in place or acquire the appropriate insurance. The Receiver shall make it a priority to verify or obtain insurance coverage immediately upon this Order Appointing Receiver being entered; however, the SEC, Receivership Parties, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Receiver has no responsibility or liability until such time as he/it has notified the Court by filing a notice that insurance is in place.

54.    Defendants Merrill, Ledford, and Jezierski and Relief Defendants Amanda Merrill and Lalaine Ledford are ordered to immediately provide the Receiver with all available insurance information for both existing and prior insurance policies. This includes all applications, policies, riders, correspondence, endorsements, claims and other information. Merrill, Ledford, and Jezierski are ordered: (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies.

HB: 4838-3339-6465.7

55.     Any insurance broker, agent, carrier, or underwriter is specifically ordered by the Court to cooperate with the Receiver by timely furnishing the following: (1) copies of all insurance policies including any riders, endorsements and applications with respect to policies related to the Receivership Estate, (2) loss history for five consecutive years or for as long as insurance has been in force if less than five years, (3) premium payment history including current status, and (4) any correspondence with insurance agents, brokers and companies. Policies shall be endorsed by the Defendants naming the Receiver as Named Insured and Loss Payee effective the date of this Order as appropriate to the type of coverage, and evidence of this policy endorsement shall be promptly supplied to the Receiver.

56.     The Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the Receivership Assets.

**XIII.  Recommendations and Reports**

57.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient preservation of assets during the pendency of this litigation (the "Preservation Plan").

58.     Within 60 days of the entry date of this Order the Receiver shall file the Preservation Plan in the above-captioned action, with service copies to counsel of record, to allow the Court to evaluate the best course of action for the preservation of assets.

59.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.  The first Quarterly Status Report shall be filed and

served on or before January 30, 2019, to cover the period from September 13, 2018 through December 31, 2018.

    60.    The Quarterly Status Report shall contain the following:

    A.    A summary of the operations of the Receiver;

    B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.    A description of all known Receivership Assets, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

    E.    A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments)

    F.    A list of all known creditors with their addresses and the amounts of their claims;

    G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

> H.    The Receiver's recommendations for a continuation or discontinuation of
> the receivership and the reasons for the recommendations.

61.    On the request of the SEC, the Receiver shall provide the SEC with any
documentation that the SEC deems necessary to meet its reporting requirements, that is
mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XIV. Fees, Expenses, and Accountings

62.    Subject to Paragraphs 63-69 immediately below, the Receiver need not obtain
Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary
course of the administration and operation of the receivership. Further, prior Court approval is
not required for payments of applicable federal, state, or local taxes.

63.    Subject to Paragraph 64 immediately below, the Receiver is authorized to solicit
persons and entities ("Retained Personnel") to assist him in carrying out the duties and
responsibilities described in this Order. With the exception of the retention of counsel to
represent him in this matter, the Receiver shall not engage any Retained Personnel without first
obtaining an Order of the Court authorizing such engagement.

64.    The Receiver and Retained Personnel are entitled to reasonable compensation and
expense reimbursement from the Receivership Estate as described in the "Billing Instructions for
Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the
"Billing Instructions") agreed to by the Receiver. All costs and fees related to affirmative claims
and litigation by the Receiver in accordance with Paragraphs 8(I) and 8(J) and further Order of
this Court shall be pursuant to the fee schedule agreed to by the Receiver, his counsel, and SEC
counsel that was attached as Exhibit A to the Second Motion to Modify. Such compensation
shall require the prior approval of the Court.

65.     Throughout the pendency of the receivership, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Interim Fee Applications"). Interim Fee Applications are to be filed by the Receiver and Retained Personnel no more frequently than every 60 days. At least thirty (30) days prior to filing each Interim Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

66.     All Interim Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

67.     Interim Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

68.     Each Interim Fee Application shall:

A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity

concerning the amount of compensation paid or to be paid from the
Receivership Estate, or any sharing thereof.

69.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in
a format to be provided by SEC staff, as well as the Receiver's final application for
compensation and expense reimbursement.

70.     All such fees and expenses of the Receiver, including all amounts due to the
Receiver or his counsel, shall be accorded priority to the maximum extent provided by applicable
law.

**IT IS SO ORDERED,** this __14th__ day of __September__ 2021, at Baltimore,
**Maryland.**

_____
UNITED STATES DISTRICT JUDGE