# Exhibit 3

July 6, 2021

**By Electronic Mail**
Lauren E. Hayes
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093
Lauren.Hayes@huschblackwell.com

Re: SEC v. Merrill - Claim Response (Richy Castro)

Dear Ms. Hayes:

I am in receipt of the June 18, 2021 email that you sent to my client, Richy Castro, regarding his claim against DeVille Asset Management, Ltd. ("DeVille") in the SEC v. Merrill receivership. Your email indicated that the Receiver considers Mr. Castro's claim against DeVille to be a "contingent" claim because Mr. Castro has not established DeVille's liability or damages in the underlying litigation, *Castro v. Trans Union, LLC*, 1:18-cv-1303 (E.D. Va.) (the "Virginia Litigation"). Your letter also asked Ms. Castro to supplement his claim with any documentation in his possession that establishes liability on the claims he asserted and the damages he requested in the Virginia Litigation.

First, we dispute your categorization of Mr. Castro's claim as contingent because he has not demonstrated Deville's liability. Instead, DeVille defaulted in the Virginia Litigation because it failed to file any responsive pleadings. The Clerk noted DeVille's default on December 20, 2018. As I am sure you are aware, when a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Therefore, the allegations in Mr. Castro complaint, which are sufficient to state claims against DeVille for violation of the FDCPA and FCRA, are uncontested.

Next, Mr. Castro had submitted a Motion for Entry of Default Judgment in the Virginia Litigation, but the motion was stayed as a result of the Receivership. As that motion establishes, Mr. Castro is entitled to $1,000 in statutory damages, $19,500 in actual damages, $37,500 in punitive damages, and his attorney's fees and costs under the FDCPA and the FCRA. We submitted a fee declaration to you establishing that our fees in this case are $10,652.50 and our litigation costs are $485.84. We also submitted numerous documents, including supporting documentation regarding DeVille's FDCPA and FCRA violations that we received from the consumer-reporting agencies during litigation against those entities that support the allegations made in the Complaint and Mr. Castro's default judgment motion. I would be happy to address any specific questions that you have regarding any of those documents.

      We have previously submitted the complaint, the Clerk's entry of default, the motion for default judgment, and supporting documentation sufficient to verify the allegations in the complaint independent of the fact that they are all deemed admitted by virtue of DeVille's default. As I mentioned above, we also submitted an attorney's fee declaration regarding our fees and costs incurred in the case, which I would have submitted to the Virginia court during the default judgment hearing. If you did not receive any of those documents, please let me know and I would be happy to send them again.

      Please let me know if you have any additional questions regarding Mr. Castro's claim.

      Sincerely,

      Kristi C. Kelly