IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:18-cv-02844-RDB |
| v. | ) ) | |
| KEVIN B. MERRILL, et al., | ) ) | |
| Defendants. | ) | |

**RECEIVER GREGORY S. MILLIGAN'S REPLY TO CLAIMANT
IWONA HOWLEY'S OBJECTION TO RECEIVER'S MOTION FOR
ORDER APPROVING DISTRIBUTION PLAN AND INTERIM DISTRIBUTION**

Receiver Gregory S. Milligan (the "Receiver") respectfully files his Reply to Claimant Iwona Howley's ("Mrs. Howley") Objection to Receiver's Motion for Order Approving Distribution Plan and Interim Distribution (the "Objection") (Dkt. No. 565). The Receiver requests the Court overrule Mrs. Howley's Objection and find that Mrs. Howley is an insider subject to subordination as proposed in the Receiver's Distribution Plan. In support thereof, the Receiver would respectfully show the Court as follows:

I.     PRELIMINARY STATEMENT

Mrs. Howley is the spouse of Jack Howley ("Mr. Howley"), an individual who the Securities and Exchange Commission ("SEC") and the New Jersey Bureau of Securities ("NJ Bureau") found violated securities laws for transactions in connection with Global Credit Recovery, LLC ("GCR"), a Defendant in this SEC Action. As described in more detail below, Mr. Howley advised his clients to invest in GCR, which was an unregistered security. Because Mr. Howley is an insider in this case, which neither Mr. Howley nor Mrs. Howley contest, Mrs. Howley, as his spouse, is also an insider and should be subordinated to other claimants. *See* 11

U.S.C. §§ 101 (31), (45) (defining an individual related to an insider also as an insider). Moreover, the investment at issue appears to have been made by Mr. Howley, from, at best, a joint bank account, and Mrs. Howley has not established the funds allegedly invested by her were her own separate assets and not those of Mr. Howley. Therefore, the Receiver properly subordinated her claim in his Motion for Order Approving Distribution Plan and Interim Distribution (the "Distribution Plan") (Dkt. No. 504).

## II.   BACKGROUND

1. On September 13, 2018, the SEC initiated this action (the "SEC Action") against Defendants Kevin B. Merrill ("Merrill"), Jay B. Ledford, Cameron R. Jezierski, GCR, Delmarva Capital, LLC, Rhino Capital Holdings, LLC, Rhino Capital Group, LLC, DeVille Asset Management LTD, and Riverwalk Financial Corporation (collectively, the "Defendants") asserting claims against the Defendants for violating the Securities Act of 1933 and the Securities Exchange Act of 1934 based on their operation of a Ponzi scheme. *See* Receivership Order, Dkt. No. 484.

2. Shortly after the SEC Action against the Defendants was initiated, the SEC also initiated a Cease-and-Desist Proceeding against Mr. Howley. Mr. Howley submitted an offer to settle and did not admit or deny any findings set forth in the Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Section 15(b) and 21C of the Securities Exchange Act of 1934, Section 203(f) of the Investment Advisers Act of 1940, and Section 9(b) of the Investment Company Act of 1940, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order (the "SEC Order"). A copy of the SEC Order is as **Exhibit A**.

3. The SEC found that Mr. Howley was introduced to Merrill in 2016 and personally invested a total of $1.75 million in GCR. Exhibit A, at ¶ 8. During their relationship, Mr. Howley

2

hosted a dinner event where he introduced Merrill to prospective investors and aided Merrill in forming goals to have individuals invest in GCR. *Id.* at ¶ 9. Beyond his discussions with Merrill on how to increase investments into GCR, Mr. Howley advised on GCR's portfolio and even helped investors obtain loans to fund their investments. *Id.* at ¶¶ 9-11. The SEC found Mr. Howley did not disclose his relationship with GCR or have the approval to offer unregistered GCR securities to investors. *Id.* at ¶ 14. The SEC specifically determined Mr. Howley "acted as a liaison with GCR." *Id.* at ¶ 11.

4. On December 23, 2021, Mr. Howley also entered into a Consent Penalty and Revocation Order (the "NJ Order") with the NJ Bureau after it investigated Mr. Howley's activities related to GCR. A copy of the NJ Order is attached as **Exhibit B**. Although Mr. Howley did not admit or deny specific findings, the NJ Bureau found Mr. Howley violated securities laws by selling unregistered securities as an agent without registration and in violation of his employer's policies. Exhibit B at ¶¶ 27, 32, 36. Mr. Howley was terminated as a representative of a registered broker-dealer and investment advisor.[1] *Id.* at ¶ 42.

5. The NJ Bureau explicitly found that Mr. Howley acted as an agent of GCR in "effecting or attempting to effect transactions in securities in and from New Jersey." *Id.* at ¶ 31. The NJ Bureau also found that "[Mr.] Howley met with Merrill in New York and gave Merrill the GCR investor agreement signed by Howley's wife and a $250,000 check signed by [Mr.] Howley to facilitate their first purchase of unregistered GCR Securities. [Mr.] Howley effected additional investments in GCR on the following dates, all in his wife's name: an additional $500,000 investment on or about July 22, 2016; An additional $250,000 investment on or about August 16,

---

[1] Prior to the SEC Order, FINRA also barred Howley from associating with any FINRA members. Exhibit A, at ¶ 1.

2016; An additional $250,000 investment on or about November 11, 2016; An additional $250,000 investment on or about October 17, 2017; An additional $250,000 on or about May 5, 2018." *Id.* at ¶¶ 13, 14 (formatting omitted). Each of the checks identified above appears to have been signed by "Jack C. Howley" and not Mrs. Howley, which is consistent with the NJ Bureau's findings in the NJ Order. *See* Objection at Ex. A, Dkt. No. 565-1 at 6-11.

### III.     ARGUMENT AND AUTHORITIES

A.     **Mr. Howley is an Insider.**

6.     While the term "insider" is not expressly defined by the SEC, courts have interpreted the term "insider" to be inclusive and refer to a person who, due to their relationship or position with an entity, has knowledge of or access to material, nonpublic information. *In re Cady, Roberts & Co.,* Exchange Act Release No. 6668, 40 S.E.C. 907, 911, 1961 WL 60638 (1961). The definition of "insider" used by the SEC aligns with the definition of "insider" enumerated in the Bankruptcy Code. The Bankruptcy Code's definition of "insider" *includes* directors, officers, general partners, and persons in control of the debtor, as well as relatives. 11 U.S.C. § 101(31) (emphasis added). Courts have considered the relationship between parties and how frequently parties were in contact in determining an insider's status, as the definition of insider is non-exhaustive, and "an insider may be any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny." *Butler v. David Shaw, Inc.,* 72 F.3d 437, 443 (4th Cir. 1996); *see also Parks v. Thomas* (*In re Parks*), 503 B.R. 820, 832-33 (Bankr. W.D. Wa. 2013); *Carn v. Heesung PMTech. Corp.*, 579 B.R. 282, 299 (Bankr. Ala. 2017) (citations omitted).

7.     Both the SEC and the NJ Bureau determined Mr. Howley was an agent or liaison for GCR, demonstrating how close his relationship was with GCR. Mr. Howley's friendship with

Merrill spanned over a couple of years and involved hosting a dinner event in which Mr. Howley introduced investors to Merrill in addition to investing his own money. The close relationship between GCR/Merrill and Mr. Howley warrants classifying Mr. Howley as an insider, a determination that is not challenged by Mr. Howley or Mrs. Howley.

8.  Mr. Howley received information directly from Merrill about GCR, accepted that information at face value, and actively took steps to increase investments into GCR. Merrill and Mr. Howley discussed how to increase investments into GCR. Mr. Howley encouraged several other investors to invest in GCR, helping them procure loans to invest and hand delivering investment forms to Merrill. Despite being an investment advisor, Mr. Howley did not properly report his outside business activities with GCR or disclose his personal interests in the GCR portfolio to investors as required under securities law. Because Mr. Howley blindly disseminated information provided by Merrill and took active steps to raise investments for GCR, in violation of securities law, Mr. Howley is an insider.

**B.   The Receiver properly identified Mrs. Howley as an insider in his Distribution Plan because she is a relative of Mr. Howley.**

9.  Since the definition of "insider" used by the SEC aligns with the definition of "insider" in the Bankruptcy Code, the Receiver properly identified Mrs. Howley as an insider in his Distribution Plan because she is a relative of Mr. Howley. The Bankruptcy Code's definition of "insider" includes relatives, and the term "relative" is defined to include individuals related by affinity. 11 U.S.C. § 101(45). Bankruptcy courts have often determined a spouse of a debtor is a relative by affinity. *Miller v. Schuman (In re Schuman)*, 81 B.R. 853, 565 (B.A.P. 9th Cir. 1987); *Rupp v. United Security Bank* (*In re Kunz*), 489 F.3d 1072, 1078 (10th Cir. 2007) (finding that "a spouse clearly is a relative and thus an insider").

10. During all times in which Mr. Howley was determined to be an insider, Mrs. Howley was also an insider due to their marriage. Therefore, the Receiver properly identified Mrs. Howley as an insider in his Distribution Plan.

**C.     Mrs. Howley has that not established her claim is for funds invested from her individual or separate assets.**

11. Even if the Court was to determine Mrs. Howley was not an insider, Mrs. Howley has not met her burden in establishing that the assets invested were her individual property, as assets in a joint account belong to the individual in proportion to the individual's contribution to the account. N.J. Stat. Ann. § 17:16I-4.a ("a joint account belongs, during the lifetime of all parties, *to the parties in proportion to the net contributions* by each to the sums on deposit. In absence of proof of net contributions, the account belongs in equal shares . . .") (emphasis added).

12. While Mrs. Howley states that she agreed to make investments from the joint bank account, she has not provided any evidence showing the funds invested were from her contributions to the joint bank account or that she provided any contributions to the joint bank account. Since Mrs. Howley has not traced the assets as funds contributed by her directly or as her own separate property, they are still funds co-mingled with Mr. Howley's assets. Accordingly, Mrs. Howley does not have a claim for funds invested from her individual or separate assets, and any potential distribution to Mrs. Howley would also be a *de facto* distribution to Mr. Howley.

## IV.     CONCLUSION

Mrs. Howley is subject to Class 5 classification under the Distribution Plan because she is the spouse of Mr. Howley, an insider whose relationship with GCR undermined the fairness and integrity of the securities market. Because Mr. Howley is an insider, Mrs. Howley is also an insider. Moreover, Mrs. Howley has failed to trace any individual or separate assets used by her

to make investments with GCR. Therefore, the Receiver properly subordinated her claim in his Distribution Plan.

WHEREFORE, the Receiver respectfully requests that the Court: (i) overrule Mrs. Howley's Objection; (ii) deny all relief requested in Mrs. Howley's Objection; and (iii) grant such other and further relief as is just and equitable.

Dated: January 31, 2022	Respectfully Submitted,

/s/ Lynn H. Butler
Lynn H. Butler, *pro hac vice*
Jameson J. Watts, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com
jameson.watts@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
buffey.klein@huschblackwell.com

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel: (202) 378-2300
Fax: (202) 378-2318
brian.waagner@huschblackwell.com

**COUNSEL FOR RECEIVER
GREGORY S. MILLIGAN**

HB: 4890-7408-1035.4

# CERTIFICATE OF SERVICE

On January 31, 2022, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service. Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill, #64274-037
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

**Defendant Jay B. Ledford (via U.S. Mail):**

Jay B. Ledford, #55055-048
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor , Jr
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Baltimore County Office of Law (via E-Mail and U.S. Mail):**

Susan B. Dubin
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
sdubin@baltimorecountymd.gov

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor

3291 Tamiami Trail East
Naples, Florida 34112


Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395

Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas

c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201


Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

J Trust
c/o Hillary RE. Badrow, Trustee
2801 Paramount Boulevard
Amarillo, Texas 79109

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

11

HB: 4890-7408-1035.4

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Stephen D. Graeff
Dunlap Bennett & Ludwig
8300 Boone Boulevard, #550
Vienna, VA  22182

Kenneth C. Grace
Lash Wilcox & Grace PL
2202 West Shore Blvd.; Suite 200
Tampa, FL 33607

Marilyn Barrett
820 Olive St.
Denver, CO 80220

/s/ Lynn H. Butler
Lynn H. Butler

HB: 4890-7408-1035.4