IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| **KEVIN B. MERRILL,** *et al.* | | |
| | * | |
| Defendants. | | |
| *    *    *    *    *    *    *    *    *    *    *    *    * | | |

## MEMORANDUM ORDER

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill, Jay B. Ledford, and Cameron Jezierski with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No. 1, unsealed on September 18, 2018, ECF No. 12.) On January 8, 2019, a superseding indictment charged an additional defendant, Amanda Merrill, with conspiracy to obstruct justice. *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (Superseding Indictment, ECF No. 60). Kevin Merrill, Jay Ledford, Cameron Jezierski, and Amanda Merrill have all since pled guilty and were sentenced by this Court in the criminal case. *Id.* (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218).

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to

purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to 2018, the Defendants operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 ¶ 1.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amanda Merrill ("Ms. Merrill") and Lalaine Ledford as Relief Defendants.[1] (Am. Compl., ECF No. 50.)

Presently before this Court is the SEC's Memorandum of Law Establishing a Prima Facie Case for Equitable Disgorgement Against Relief Defendant Amanda Merrill. (ECF No. 498.) The parties' submissions have been reviewed, and this Court held a telephonic motions hearing on February 8, 2022 at which it heard the arguments of counsel. For the reasons that follow, this Court GRANTS partial summary judgment in favor the SEC as to the $98,500 in cash referred to in its Memorandum. Relief Defendant Merrill is liable for disgorgement of the $98,500, representing ill-gotten gains she received as a result of Mr. Merrill's admitted fraud.

---

[1] A "relief defendant" or a "nominal defendant" is someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See supra* (citing *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-2 (4th Cir. 2002) ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant")). Ms. Merrill's plea of guilty as to obstruction of justice in the criminal case did not implicate her in the Ponzi scheme which is the subject of this securities enforcement action, and she has not been accused of any wrongdoing in this civil case.

## BACKGROUND

In its Memorandum Opinion of March 23, 2021, this Court detailed the SEC's factual allegations in support of its claims against Ms. Merrill. (ECF No. 418.) In that Opinion, this Court also denied Ms. Merrill's Motion to Dismiss the Amended Complaint. On September 1, 2021, this Court entered a Consent Order between the SEC and Relief Defendants Amanda Merrill and Lalaine Ledford setting forth a briefing schedule on the question of whether the SEC can sufficiently establish a prima facie case for equitable disgorgement against them. (ECF No. 483.) On October 26, 2021, this Court entered a Consent Order staying all deadlines as to Relief Defendant Lalaine Ledford, who has been in negotiations with the SEC as to a possible settlement of the claims against her.[2] (ECF No. 495.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant

---

[2] On January 21, 2022, the SEC submitted a Status Report requesting that this Court continue the stay of all deadlines as to Ms. Ledford through April 15, 2022. (ECF No. 573.) This Court granted that request. (ECF No. 576.)

submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences "in the light most favorable to the nonmoving party." *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that a trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650 (2014).

## ANALYSIS

The SEC argues that it is entitled to equitable disgorgement of $98,500 in fraud proceeds that Mr. Merrill transferred to Ms. Merrill.[3] (SEC Mem., ECF No. 498 at 7-8.) A federal court may order equitable relief in the form of disgorgement against a "person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has

---

[3] The SEC also seeks disgorgement from Relief Defendant Merrill as to (1) the proceeds of the sales of two vacation homes (the "Vacation Homes") and (2) a collection of jewelry and other luxury retail items (the "Disputed Personal Property"). As to the Disputed Personal Property, this Court found that the SEC had met its burden to establish a prima facie case for equitable disgorgement and ordered further briefing for Ms. Merrill to set forth the factual basis for the source, independent of Mr. Merrill's fraud, of each item in which she claims a legitimate interest. (ECF No. 558.) This Court will address the Vacation Homes in a forthcoming opinion.

4

received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (quoting *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998)); *see also SEC v. North Star Finance, LLC*, Case No.: GJH-15-1339, 2019 WL 3860321, at *9 (D. Md. Aug. 15, 2019) (quoting *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-92). This person or entity is known as a "relief defendant" or a "nominal defendant," someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-2 ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant"). In the securities context, to have no "legitimate claim" to the funds in question means that "an individual gave no consideration for the ill-gotten funds and thus received them as a gift." *SEC v. Natural Diamonds Investment Co.*, No. 19-cv-80633, 2019 WL 2583863, at * 7 (S.D. Fla. June 11, 2019) (citing *SEC v. Cavanagh*, 155 F.3d 129, 137 (2d Cir. 1998)).

Relief defendants may be ordered to pay disgorgement even if they received ill-gotten funds in the form of cash they no longer have. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1098 (9th Cir. 2010) ("A person who controls the distribution of illegally obtained funds is liable for the funds he or she dissipated as well as the funds he or she retained."); *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1116 (9th Cir. 2006) ("The manner in which [the recipient of ill-gotten funds] chose to spend the illegally obtained funds has no relevance to the disgorgement calculation."); *see also Colello*, 139 F.3d at 677

(approving the use of relief defendant procedures even where the disputed funds were "paid over to others" by the relief defendant after their receipt).

"Once the SEC meets its burden of showing a prima facie case of its entitlement to equitable relief, the relief defendants must present 'affirmative evidence, not just affirmative assertions, demonstrating a disputed issue of material fact.'"[4] *United States SEC v. ConnectAJet.com, Inc.*, No. 3:09-CV-1742-B, 2011 U.S. Dist. LEXIS 130215, at *19 (N.D. Tex. Nov. 9, 2011) (quoting *SEC v. George,* 426 F.3d 786, 798 (6th Cir. 2005)).

In this case, the SEC has met its burden to establish a prima facie case of its entitlement to the disgorgement of the $98,500 in question. First, the SEC has established that Ms. Merrill received ill-gotten funds. The SEC has provided a detailed accounting of 23 transfers Mr. Merrill made to Ms. Merrill totaling approximately $103,500.00. (Ruta Decl., ECF No. 498-5 ¶¶ 7-10.; Financial Records, ECF No. 498-6.) The SEC has also provided evidence of two payments totaling $5,026.84 from Mr. Merrill's accounts to vendors on behalf of Ms. Merrill's business, Stylish Occasions. (ECF No. 498-5 ¶ 10.) Bank records further reflect that Ms. Merrill made three payments totaling $10,000 back to an account controlled by Mr. Merrill. (*Id.* ¶ 13.) Taking the $10,000 in return payments into account, the SEC seeks disgorgement from Ms. Merrill of $98,500. (Reply Br., ECF No. 577 at 2.) In support of its argument that these funds were the ill-gotten proceeds of Mr. Merrill's fraud, the SEC points to Mr. Merrill's admissions in the Statement of Facts attached to his Plea Agreement in the criminal case. (RDB-18-465, ECF No. 81-1.) The SEC also notes that Mr.

---

[4] Black's Law Dictionary defines "prima facie case" as "a party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima Facie Case*, Black's Law Dictionary (11th ed. 2019).

Merrill has conceded liability in this civil action. (ECF No. 208.) Likewise, the SEC has sufficiently demonstrated that Ms. Merrill does not have a legitimate claim to the $98,500 because she gave no consideration for those funds. The record reflects that the transfers at issue were gratuitous. Accordingly, this Court concludes that the SEC has met its burden to establish a prima facie case for the equitable disgorgement of $98,500 in cash.

The burden now shifts to Ms. Merrill to produce evidence demonstrating the existence of a disputed issue of material fact. Ms. Merrill, however, conceded on the record at the motions hearing that the funds in question were the proceeds of Mr. Merrill's fraud. Indeed, she acknowledged that she had *no factual challenge at all* to the SEC's case for the disgorgement of these funds. Instead, she argued that equitable disgorgement is improper because she no longer possesses the funds in question. Courts have considered and rejected this line of argument. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1098 (9th Cir. 2010) (holding that a "person who controls the distribution of illegally obtained funds is liable for the funds he or she dissipated as well as the funds he or she retained"). Accordingly, this Court concludes that partial summary judgment in favor of the SEC as to the $98,500 is appropriate.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 9th day of February 2022, that

1. Partial summary judgment is ENTERED in favor of the SEC against Relief Defendant Amanda Merrill as to the $98,500.00 referred to in the SEC's Memorandum (ECF No. 498 at 7-8);

2. Relief Defendant Amanda Merrill is liable for disgorgement of $98,500.00 representing ill-gotten gains she received from Defendant Kevin's Merrill's fraud;

7

3. Relief Defendant Amanda Merrill shall satisfy this obligation by paying $98,500.00 to the Court-appointed Receiver Gregory S. Milligan. (*See* Order Appointing Receiver, ECF No. 62);

4. This Court reserves ruling on the question of equitable disgorgement as to the Vacation Homes and the Disputed Personal Property.

_____/s/_____
Richard D. Bennett
United States District Judge

8