IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| KEVIN B. MERRILL, *et al.* | | |
| | * | |
| Defendants. | | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM ORDER

On September 11, 2018, a grand jury in the District of Maryland returned an indictment charging Defendants Kevin B. Merrill, Jay B. Ledford, and Cameron Jezierski with numerous counts, including wire fraud, identity theft, and money-laundering. *See United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (ECF No. 1, unsealed on September 18, 2018, ECF No. 12.) On January 8, 2019, a superseding indictment charged an additional defendant, Amanda Merrill, with conspiracy to obstruct justice. *United States v. Kevin B. Merrill, et al.*, Criminal No. RDB-18-0465 (Superseding Indictment, ECF No. 60). Kevin Merrill, Jay Ledford, Cameron Jezierski, and Amanda Merrill have all since pled guilty and were sentenced by this Court in the criminal case. *Id.* (ECF Nos. 76, 81, 87, 140, 146, 169, 183, 218).

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint (ECF No. 1) alleging that Kevin Merrill, Jay Ledford, and Cameron Jezierski (collectively, the "Defendants") raised more than $345 million from over 230 investors to

1

purportedly purchase consumer debt portfolios. The SEC alleges that from at least 2013 to 2018, the Defendants operated a Ponzi-like scheme that involved, among other things, securities offerings "rife with misrepresentations," fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same debt and/or debt portfolios, to multiple victims. (Compl., ECF No. 1 ¶ 1.) On November 6, 2018, the SEC filed an Amended Complaint, adding Amanda Merrill ("Ms. Merrill") and Lalaine Ledford as Relief Defendants.[1] (Am. Compl., ECF No. 50.)

Presently before this Court is the SEC's Memorandum of Law Establishing a Prima Facie Case for Equitable Disgorgement Against Relief Defendant Amanda Merrill. (ECF No. 498.) The parties' submissions have been reviewed, and this Court held a telephonic motions hearing on February 8, 2022 at which it heard the arguments of counsel. For the reasons that follow, this Court GRANTS partial summary judgment in favor the SEC as to the $6.2 million in proceeds from the sales of the residences at 1055 Spyglass Lane, Naples, Florida (the "Spyglass Lane" property) and 27776 Sharp Road, Easton, Maryland (the "Sharp Road" property) (collectively, the "Vacation Homes"). Relief Defendant Merrill is liable for disgorgement of the entire value of the net proceeds, representing ill-gotten gains she received as a result of Mr. Merrill's admitted fraud.

---

[1] A "relief defendant" or a "nominal defendant" is someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See supra* (citing *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-2 (4th Cir. 2002) ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant")). Ms. Merrill's plea of guilty as to obstruction of justice in the criminal case did not implicate her in the Ponzi scheme which is the subject of this securities enforcement action, and she has not been accused of any wrongdoing in this civil case.

## BACKGROUND

In its Memorandum Opinion of March 23, 2021, this Court detailed the SEC's factual allegations in support of its claims against Ms. Merrill. (ECF No. 418.) In that Opinion, this Court also denied Ms. Merrill's Motion to Dismiss the Amended Complaint. On September 1, 2021, this Court entered a Consent Order between the SEC and Relief Defendants Amanda Merrill and Lalaine Ledford setting forth a briefing schedule on the question of whether the SEC can sufficiently establish a prima facie case for equitable disgorgement against them. (ECF No. 483.) On October 26, 2021, this Court entered a Consent Order staying all deadlines as to Relief Defendant Lalaine Ledford, who has been in negotiations with the SEC as to a possible settlement of the claims against her.[2] (ECF No. 495.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant

---

[2] On January 21, 2022, the SEC submitted a Status Report requesting that this Court continue the stay of all deadlines as to Ms. Ledford through April 15, 2022. (ECF No. 573.) This Court granted that request. (ECF No. 576.)

submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences "in the light most favorable to the nonmoving party." *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that a trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650 (2014).

## ANALYSIS

The SEC argues that it is entitled to equitable disgorgement of $6.2 million dollars representing the net proceeds[3] from the sales of the Vacation Homes.[4] A federal court may

---

[3] On July 11, 2019, this Court authorized the court-appointed Receiver Gregory S. Milligan to sell the Spyglass Lane property for $11 million and to pay off the existing mortgage on the property which had a principal balance of nearly $5 million. (Order, ECF No. 157.) On August 26, 2019, this Court authorized the Receiver to sell the Sharp Road property for $1.6 million and to pay off the existing mortgage on the property which had a balance of $666,800.01. (Order, ECF No. 202.) Relief Defendant Merrill has made a claim to the proceeds of the sales, which are currently in the possession of the Receiver awaiting distribution. (Amanda Merrill Claim Form, ECF No. 498-1 at 20.)

[4] The SEC has also sought disgorgement from Relief Defendant Merrill as to (1) a collection of jewelry and other luxury retail items (the "Disputed Personal Property") and (2) $98,500 in fraud proceeds that Mr. Merrill transferred to Relief Defendant Merrill. As to the $98,500, this Court has granted summary judgment in favor of the SEC and ordered that Relief Defendant Merrill disgorge those funds. (ECF No. 589.) As to the Disputed Personal Property, this Court found that the SEC had met its burden to establish a prima facie case for equitable disgorgement and ordered further briefing for Ms. Merrill to set forth the factual basis for

order equitable relief in the form of disgorgement against a "person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (quoting *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998)); *see also SEC v. North Star Finance, LLC*, Case No.: GJH-15-1339, 2019 WL 3860321, at *9 (D. Md. Aug. 15, 2019) (quoting *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-92). This person or entity is known as a "relief defendant" or a "nominal defendant," someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-2 ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant"). In the securities context, to have no "legitimate claim" to the funds in question means that "an individual gave no consideration for the ill-gotten funds and thus received them as a gift." *SEC v. Natural Diamonds Investment Co.*, No. 19-cv-80633, 2019 WL 2583863, at * 7 (S.D. Fla. June 11, 2019) (citing *SEC v. Cavanagh*, 155 F.3d 129, 137 (2d Cir. 1998)).

"Once the SEC meets its burden of showing a prima facie case of its entitlement to equitable relief, the relief defendants must present 'affirmative evidence, not just affirmative assertions, demonstrating a disputed issue of material fact.'"[5] *United States SEC v.*

---

the source, independent of Mr. Merrill's fraud, of each item in which she claims a legitimate interest. (ECF No. 588.)

[5] Black's Law Dictionary defines "prima facie case" as "a party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima Facie Case*, Black's Law Dictionary (11th ed. 2019).

*ConnectAJet.com, Inc.*, No. 3:09-CV-1742-B, 2011 U.S. Dist. LEXIS 130215, at *19 (N.D. Tex. Nov. 9, 2011) (quoting *SEC v. George,* 426 F.3d 786, 798 (6th Cir. 2005)).

In this case, the SEC has met its burden to establish a prima facie case of its entitlement to the disgorgement of the $6.2 million in proceeds from the sales of the Vacation Homes. First, the SEC has established, and Ms. Merrill does not contest, that the Vacation Homes were purchased with the proceeds of Mr. Merrill's fraud. *See* Stipulation of Facts to Plea Agreement, *United States v. Kevin Merrill*, Crim. No. RDB-18-465 (D. Md. May 16, 2019), ECF No. 81-1 at 14-15 (describing Kevin Merrill's use of diverted investor funds to purchase the Spyglass Lane property and the property of Maryland's Eastern Shore). Indeed, Ms. Merrill notes in her response to the SEC's Memorandum that she does not dispute that Mr. Merrill purchased the Vacation Homes with fraud proceeds. (ECF No. 552 at 7.) Likewise, Ms. Merrill does not contend that she gave consideration for her interest in the Vacation Homes. The record clearly reflects that Mr. Merrill purchased the Vacation Homes in both his and Ms. Merrill's names with the proceeds of his fraud. (*See* ECF No. 156 ¶ 6; ECF No. 199 ¶ 5.)

The burden now shifts to Ms. Merrill to produce evidence demonstrating the existence of a disputed issue of material fact. Ms. Merrill, however, has conceded both in her submissions to this Court and on the record at the motions hearing that she has *no factual challenge at all* to the SEC's case for the disgorgement of the proceeds of the sales of the Vacation Homes. (*See, e.g.*, ECF No. 552 at 7.) Instead, Ms. Merrill argues that equitable disgorgement is improper because she and Mr. Merrill held title to the Vacation Homes as

6

tenants by the entireties.[6] Essentially, counsel for Ms. Merrill has proffered that the purchase of the Vacation Homes by Mr. and Ms. Merrill protects 50% of the ill-gotten gains provided for the purchases of those homes. This argument is totally without merit and would extend the concept of tenancy by the entireties to unlimited lengths in protecting the proceeds of fraud.[7] The Securities and Exchange Commission is simply not a creditor in this case in the context of a massive fraud against the public.

In support of her position, Ms. Merrill cites to many Maryland state court decisions that explain the contours of a tenancy by the entireties. *See, e.g.*, *Beall v. Beall*, 291 Md. 224, 434 A.2d 1015, 1021 (Md. 1981) (noting that a tenancy by the entireties cannot be severed by individual judgment creditors during the tenants' joint, married life); *Alvarez v. HSBC Bank USA, N.A. (In re Alvarez)*, 733 F.3d 136, 140 (4th Cir. 2013) (citing cases). The SEC, however, notes that "[t]his Court has broad equitable powers to reach assets otherwise protected by state law to satisfy a disgorgement." *SEC v. Solow*, 682 F. Supp. 2d 1312, 1325 (S.D. Fla. 2010); *see also e.g.*, *SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003) ("We do not think that state law limitations on the alter ego theory or doctrine are necessarily controlling in determining the permitted scope of remedial orders under federal regulatory statutes.

---

[6] "A tenancy by the entireties is essentially a joint tenancy with rights of survivorship between the husband and wife rendered individually indissoluble by the common law theory that the husband and wife are one person. While both spouses are alive, a tenancy by the entireties may only be severed by divorce or joint action by both spouses." *Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2004) (citing *Bruce v. Dyer*, 309 Md. 421, 426, 524 A.2d 777, 780 (1987)).

[7] To the extent Ms. Merrill argues that Florida's Homestead exemption, Fla. Const. Art. 10, § 4, protects the Spyglass Lane property from equitable disgorgement, the exemption is inapplicable where "funds obtained through fraud or egregious conduct were used to invest in, purchase or improve the homestead." *In re Hecker*, 264 Fed. Appx. 786, 789 (11th Cir. 2008) (*citing In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880, 888 (11th Cir. 2003) (*quoting Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018, 1028 (Fla. 2001)). As stated above, Ms. Merrill does not dispute that the property in question was purchased with the proceeds of Mr. Merrill's fraud.

Instead, federal courts have inherent equitable authority to issue a variety of ancillary relief measures in actions brought by the SEC to enforce the federal securities laws.") (citations omitted). In the alternative, the SEC argues that Maryland law would permit disgorgement in this case because the Vacation Homes themselves were purchased with the proceeds of fraud. *E.g.*, *Robbins v. Dorsey*, 150 Md. 265, 270, 132 A. 633, 635 (1926) (voiding a conveyance of property from one spouse via an intermediary to both as tenants by the entireties where the effect of the transfer was to "hinder, delay, and defraud the creditors").

This Court concludes that disgorgement as to the proceeds from the sales of the Vacation Homes is proper. The federal case law is clear that "[o]nce the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy."[8]  *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1103 (2d Cir. 1972). Ms. Merrill has cited no cases that have held to the contrary and none that have held that a federal court is bound by state law in determining which property may be disgorged from a relief defendant as an equitable remedy for violations of the federal securities laws.[9] Moreover, the state cases Ms. Merrill cites are distinguishable. Ms. Merrill cites no case in which a Maryland court has held that

---

[8] As the parties note, Mr. Merrill has conceded liability in this case. (Consent of Kevin B. Merrill, ECF No. 208-1; Judgment, ECF No. 211.)

[9] This Court has considered and rejected Ms. Merrill's argument that the Supreme Court's holding in *Liu v. SEC*, 140 S. Ct. 1936 (2020), insulates the proceeds from the sale of the Vacation Homes from this Court's broad equitable powers. (Memorandum Opinion, ECF No. 418 at 9-11.) *See also United States SEC v. Berkeley Healthcare Dynamics, LLC*, No. 20-16754, 2022 U.S. App. LEXIS 245, at *4 (9th Cir. Jan. 5, 2022) ("Moreover, *Liu* focused on disgorgement of profit. Under our caselaw, a relief defendant is not required to disgorge profits, but instead only funds not received in exchange for consideration. This approach provides stronger protection to relief defendants (who need not disgorge any funds to which they have a legitimate claim) than *Liu* provides for primary wrongdoers (who must disgorge *all* profits less legitimate expenses). More importantly, our approach is consistent with the equitable principle emphasized in *Liu* that a remedy should be designed to restore the status quo and avoid being transformed into a penalty.") (citations omitted).

8

that an asset that itself was purchased with the proceeds of one spouse's fraud cannot be subject to disgorgement if it is held by both spouses as tenants by the entireties. A ruling in Ms. Merrill's favor would effectively provide a roadmap to those looking to shield the fruits of their fraud. In the face of clear federal case law and no state cases on point, this Court concludes that partial summary judgment in favor of the SEC as to the proceeds from the sales of the Vacation Homes is appropriate.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 22nd day of February 2022, that

1. Partial summary judgment is ENTERED in favor of the SEC against Relief Defendant Amanda Merrill as to the $6.2 million in proceeds from the sales of the Vacation Homes referred to in the SEC's Memorandum (ECF No. 498 at 8-11);

2. Relief Defendant Amanda Merrill is liable for disgorgement of $6.2 million representing ill-gotten gains she received from Defendant Kevin Merrill's fraud;

3. The Court-appointed Receiver Gregory S. Milligan shall maintain the funds in question and distribute them in accordance with any distribution plan this Court shall approve. (*See* Order Appointing Receiver, ECF No. 62);

4. This Court reserves ruling on the question of equitable disgorgement as to the Disputed Personal Property.

_____/s/_____
Richard D. Bennett
United States District Judge