IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| KEVIN B. MERRILL, *et al.* | | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### **MEMORANDUM ORDER**

This Court conducted a hearing on November 15, 2022, for oral arguments concerning various pending motions, namely the Receiver Gregory Milligan's Motion for Interim Distribution (ECF No. 504). Several parties objected to the Receiver's Motion based on either the proposed framework or personal categorizations within the plan. (ECF Nos. 512, 558, 559, 565). Presently before this Court is Claimant Iwona Howley's objection. (ECF No. 565). For the reasons explained on the record, and briefly reiterated below, Iwona Howley's objection is SUSTAINED, and she shall be categorized as a Class 4a Claimant in the Receiver's distribution plan.

Receiver Gregory Milligan's distribution plan categorizes Claimant Iwona Howley as a Class 5 Claimant, subordinated to all other Claimants, based on her marriage to her husband, Jack Howley, whom the Receiver considers an "insider." (ECF No. 504). Iwona Howley challenges both her own classification as an insider as well as her husband's insider status. (ECF No. 565). Mrs. Howley argues that she is an independent actor, regardless of her husband's alleged insider classification. *Id.* at 4. She explains that she invested $1.75 million of

her own money into the Merrill Ponzi scheme on her own accord, as evidenced by her signatures on all of the investment paperwork. *Id.* at 2. The Receiver countered that Mrs. Howley's marriage to Mr. Howley classified her as an insider as defined by the Bankruptcy Code at 11 U.S.C. § 101(31). (ECF No. 580 at 4). At the hearing, Mrs. Howley challenged not only her own designation as an insider, but also her husband's classification of same.

This Court finds that the Receiver has not sufficiently established that Jack Howley, let alone Iwona Howley, is an insider for purposes of Claimant classification. There is no indication that Jack Howley had actual awareness of Merrill's Ponzi scheme; he was not criminally charged or liable for his conduct or alleged involvement. Therefore, it is unreasonable and inequitable to classify Iwona Howley as an insider under the Receiver's distribution plan. *See Sec. Exch. Comm'n. v. Wealth Mgmt. LLC*, 628 F.3d 323, 332 (7th Cir. 2010) ("In supervising an equitable receivership, the primary job of the district court is to ensure that the proposed plan of distribution is fair and reasonable.").

Accordingly, IT IS this 16th day of November 2022, hereby **ORDERED** that Claimant Iwona Howley's objection (ECF No. 565) to Receiver Gregory Milligan's Motion for Order Approving Distribution Plan and Interim Distribution (ECF No. 504) is **SUSTAINED**. Iwona Howley shall be considered a Class 4a claimant with an Investor Claim for purposes of the Receiver's distribution plan.

                                                        _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge