IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEC | * | |
| v. | * | Civ. No. RDB 18-2844 |
| KEVIN MERRILL, ET AL. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

RELIEF DEFENDANT AMANDA MERRILL'S  MOTION AND
MEMORANDUM IN SUPPORT OF RELEASE OF PERSONAL PROPERTY
TO HER PURSUANT TO COURT ORDERS ECF #'S 719, 713, and 685

Relief Defendant Amanda Merrill, by undersigned counsel, respectfully files

this motion and memorandum pursuant to this Court's orders ECF #'s 719, 713, and

685 regarding the disposition of certain items of personal property which have been

in dispute with the Receiver for the past few years. In those orders, this Court

directed Ms. Merrill to provide evidence by way of affidavits or otherwise in support

of an order releasing specific items of personal property to her. In response to those

orders, Ms. Merrill, her mother, and her sister swore out affidavits supporting the

return of property which are attached to this motion – memorandum. In very brief

summary, the evidence supporting the release of the disputed items to Ms. Merrill

comes from the following sources. First, the affidavits of Ms. Merrill, her mother,

and her sister. Second, the nature of the items sought to be released pursuant to the

1

claims are consistent with the sources for the personal property sought to be released asserted by Ms. Merrill, her mother, and her sister. Third, the overall posture of the case, including the many items of her personal property that Ms. Merrill previously agreed could be released to the Receiver for sale to benefit the defrauded investors, and items which she agrees can be released by this filing. See attached exhibits showing items already auctioned by Heritage and items released to the Receiver by Ms. Merrill on January 18, 2022, at Town and Country.

The universe of items at issue in this motion was set forth in the status report on consent filed on January 30, 2023, ECF #724, which is a useful starting point in reviewing the evidentiary filings and other documents filed today, February 1, 2023, by Ms. Merrill's counsel. That filing and the attachments to this motion – memorandum show that the claimed disputed items fall into three categories. First, some of Ms. Merrill's shoes and clothes which the Receiver now has authority to sell through The RealReal pursuant to this Court's Order ECF # 723, once Ms. Merrill's claims to the items are resolved. Other shoes and clothing which the RealReal declined to attempt to sell were previously released by the Receiver pursuant to ECF #685 in December, 2022, as well as previously, ECF #366, referencing property list at ECF #365, a list which included under "garage in boxes," identified "any remaining clothing."

Second, some of Ms. Merrill's jewelry and related items which Heritage Auction, has authority to auction pursuant to this Court's Order ECF #'s 274, 272, 270, once Ms. Merrill's claims to the items are resolved. A great many pieces of jewelry and related items have already been auctioned with Ms. Merrill consent, see exhibit showing sales proceeds from prior sales, *see also* ECF #'s 681, 680, 348, 328, 313, 301, 297, etc. Other items similar to the disputed items sought to be auctioned by Heritage have been returned to her by the Receiver previously, ECF #270, 272, 274, based on joint determinations by the Receiver and the SEC. The SEC's position throughout the litigation has been that "[a]s the SEC has repeatedly communicated to Ms. Merrill, the SEC does not object to the Receiver's release of any items that the Receiver determines to be are of de minimis value to the Receivership estate." ECF #321 p. 4.

Third, some of the household furnishings that were seized from the Merrill's residences by the Receiver, and are subject to auction by Quinn & Sons, pursuant to ECF #722. Other household furnishings were released to Ms. Merrill pursuant to ECF #366, 365, and were released to her from the Town & Country warehouse January 18- 19, 2022, as reported in ECF #724.

The essence of this Court's inquiry stated in this Court's Order ECF # 685 is that acting as a court of equity it wishes to determine what items of disputed personal property the Receiver wants to attempt to dispose of by auction or sale to generate

proceeds to benefit the defrauded investors are in fact sufficiently unrelated to Kevin Merrill's and Jay Ledford's fraud to merit their release of Relief Defendant Amanda Merrill. Ms. Merrill thanks the Court for agreeing to engage in this process, and for considering her affidavit, and those of her sister and mother. Their words, where these three women say the claimed personal property came from, are the basis of the evidentiary submission. In evaluating the credibility of their affidavits, this Court should consider their basis of knowledge, which is great, their recollection of how items were acquired, and their interest in the outcome of the proceedings. Ms. Merrill has a strong interest in the outcome of the proceedings. However, that interest is tempered by the fact that she has just completed three years probation, which included several weekends in jail, pursuant to this Court's sentence on a felony arising from her violation of this Court's orders. She is a convicted felon and is unlikely to risk her future well being by violating court orders or providing this Court with false information, knowing full well what happened to her when she previously violated a court order and was prosecuted. Her sister and mother also have a collateral interest in the outcome of the proceeding, in particular as some of the disputed items are family heirlooms, however they have personal and professional reasons to keep their reputations untarnished and to avoid making any false or misleading statements.

In assessing the significance of the absence of receipts or photographs documenting the origin or use of the disputed items subject to claims, the Court should note that passage of time and the unavailability of the certain types of records. The Government, through the FBI raid teams, seized   documentary and other evidentiary materials in the fall of 2018 from the Merrill's primary residence on Circle Road in Towson, and has not yet returned the seized documents or the phones, or complete contents of the seized phones. Ms. Merrill asserts that  documents seized in the raids and photos on the phones could have been helpful in documenting the origin of the claimed items and the funds used to acquire them. She has also lacked the resources to track down the records for the businesses where items were purchased, especially considering that the substantial majority, almost all of the claimed disputed items,  were acquired no more recently than about 2015, before her 2016 pregnancy with her son Grant began. Acquiring seven year old sales receipts is extremely difficult and Ms. Merrill does not recall using a credit card, and mostly used cash to acquire the items she purchased with her funds.

The nature of the items sought to be returned is another significant consideration. Very few of the items are high end valuable items, the one exception for the claim mechanism arising from ECF # 685 being 1B251, a watch she bought with her own funds and gave her husband at the time they married. Many are worth no more than a few hundred dollars, including many of the pieces of jewelry. They

are consistent with the types of items someone like Ms. Merrill would buy or be given, when she had funds from her work as a florist or savings, or items she and her ex-husband could purchase. There aren't any yachts, expensive cars, or even many items valued over $1000 on the claimed item list. The items subject to Ms. Merrill's claim for the most part are very similar to the items released to her, ECF # 270, 272, 274, based on a joint finding by the Receiver and the SEC that such items were of *de minimis* value to the Receivership Estate, ECF #321. The similarities between the items returned to Ms. Merrill in 2020 as de minimis in value pursuant to ECF # 270, 272, 274 to the disputed Heritage items leads to the strong inference that the Heritage items now subject to Ms. Merrill's claims are also of little or no value or *de minimis* value to the Receivership Estate.

Another consideration in resolving the equities of this situation with the disputed property is that the outcome of the dispute it is by no means crucial or significant to the ability of the Receivership Estate to compensate fraud victims. Pursuant to ECF # #647, recently the Receiver held over $60 million in funds to distribute to investors and to fund its ongoing operations. This figure represents a successful asset recovery operation, and the value of the disputed personal property is a mere drop in the bucket in value, in no way shape or form would release of the disputed property to Ms. Merrill pursuant to her claims impact victim compensation.

For all these reasons, the property in question subject to the claims process should be released to Ms. Merrill pursuant to the attached documents. The items subject to the claims pursuant to ECF #685 are distinct from the items subject to the buyback proposal set forth in a separate filing and previously referenced in the status report ECF # 724

Respectfully submitted,

/s/

_____

Robert W. Biddle (#10761)
Nathans & Biddle LLP
120 East Baltimore Street, Suite 1800
Baltimore, Maryland 21202
(410) 783-0272
Counsel for Relief Defendant,
Amanda Merrill

February 1, 2023

Attachments

Affidavits of Ms. Merrill, Gloria Mahlsedt, her mother, Alyson Kent, her sister, inventory of Heritage items previously auctioned for the Receiver, and items released to the Receiver by Ms. Merrill on January 19, 2023

## CERTIFICATE OF SERVICE

It is on this 1st day of February, 2023, that I certify that a copy of this document was served on all parties of record by ECF filing.

/s/

_____

Robert W. Biddle

8