IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-18-2844 |
| | * | |
| v. | | |
| | * | |
| AMANDA MERRILL, *et al.* | | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Relief Defendant[1] Amanda Merrill's Motion for Return of Property (ECF No. 727), which Plaintiff Securities and Exchange Commission ("SEC") has opposed (ECF No. 733). The Court has reviewed the relevant filings (ECF Nos. 727, 733, 738) and heard oral argument on March 21, 2023. (ECF No. 740.) For the reasons stated on the record and briefly explained below, Amanda Merrill's Motion for Return of Property (ECF No. 727) is DENIED, with the exception that three pieces of jewelry held by Heritage Auctions identified as items 1B242D, 1B233J, and 1B246K shall be returned to her within fifteen days of the date of this Memorandum Order. Partial summary judgment is therefore entered in favor of the SEC as to equitable disgorgement of Amanda Merrill's personal property, thereby concluding the equitable disgorgement proceedings and finding full

---

[1] A "relief defendant" or a "nominal defendant" is someone who is not accused of violating the securities laws but who is nevertheless in possession of funds that the violator passed along to him or her. *See CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-2 (4th Cir. 2002) ("a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant")).

summary judgment in favor of the SEC for equitable disgorgement against Amanda Merrill as alleged in Count Four of the Amended Complaint. (ECF No. 50 at 45.)

## BACKGROUND

On September 1, 2021, this Court entered a Consent Order between the SEC and Relief Defendant Amanda Merrill setting forth a briefing schedule for "evidentiary support sufficient to establish a prima facie[2] case for equitable disgorgement against Relief Defendants." (ECF No. 483.) Upon briefing and oral argument, the Court concluded that the SEC met its burden to establish a prima facie case for equitable disgorgement of Amanda Merrill's disputed personal property, and that the burden consequently shifted to Amanda Merrill to establish "a source of the items independent of Mr. Merrill's fraud." (ECF No. 588.) After various rulings concerning the disgorgement of ill-received funds and proceeds from the sale of real property (ECF Nos. 589, 597), the Court reserved the right to rule on the engorgement of Amanda Merrill's disputed personal property.

At a motions hearing on November 15, 2022, this Court set forth a procedure to determine the disposition of the remainder of Amanda Merrill's personal property in the Receiver's possession. (ECF Nos. 683, 685.) The Court reiterated that the burden was upon Amanda Merrill to provide independent sources of income to establish that certain pieces of personal property rightfully belong to her. (ECF No. 685.) This Court directed the Receiver to return certain clothing items that could not be sold to Amanda Merrill, and instructed the Receiver to make the property held by Heritage Auctions, and the household goods and

---

[2] Black's Law Dictionary defines "prima facie case" as "a party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima Facie Case*, Black's Law Dictionary (11th ed. 2019).

furnishings held in storage, available for Merrill to physically inspect. *Id.* Merrill was directed to tag items that she contended were procured by her own independent funds, and was ordered to "file and establish her burden of proof that the tagged items were purchased, or gifted, with her own independent source(s) of income through affidavits, receipts, bank statements, or other verifiable methods." *Id.*

As a result of that Order, the SEC, the Receiver, Amanda Merrill, and their respective counsel met at Town & Country Moving & Storage warehouses in Gaithersburg, Maryland, on January 18 and 19, 2023, for inspections of Amanda Merrill's seized personal property. (ECF No. 724.) The property was categorized into three groups: "(i) jewelry, watches, handbags, and similar items the Receiver would propose to sell through Heritage Auctions; (ii) shoes, clothes, and similar items the Receiver would propose to sell through The RealReal; and (iii) various household goods such as chairs, couches, tables, lamps, and the like, which the Receiver would propose to sell through Quinn & Sons, Inc." *Id.* at 1. Some of the items were marked by Merrill for release to the Receiver, some were marked by the Receiver for release to Merrill, and others were tagged by Merrill or her counsel for the Court to determine their disposition. *Id.* at 1-2. Amanda Merrill subsequently filed the instant Motion for Return of Property (ECF No. 727) which asserts claims to over 400 pieces of property. In support of her claims and as "affirmative evidence", Merrill relies on three affidavits: her own declaration, a statement from her mother, and a statement from her sister. *Id.* The SEC opposes all of Merrill's claims and contends that Merrill has failed to meet her burden to establish rightful ownership of the property. (ECF No. 733.) On March 21, 2023, the Court held a hearing to review Merrill's evidence to her claims. (ECF No. 740.)

## STANDARD OF REVIEW

In ordering equitable relief and ruling on the disposition of Merrill's property, this Court employs a summary judgment standard. *See also United States SEC v. ConnectAJet.com, Inc.*, No. 3:09-CV-1742-B, 2011 WL 5509896, at *5 (N.D. Tex. Nov. 9, 2011) (applying summary judgment standard to equitable disgorgement proceedings). Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## ANALYSIS

"Federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *SEC v. Cavanagh*, 155 F.3d

129, 136 (2d Cir. 1998). In equitable disgorgement claims, the plaintiff/SEC must first provide prima facie evidence that the defendant received and used ill-gotten funds. *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (finding the SEC showed defendants' money was received from illegal investment scheme). "Once the SEC meets its burden of showing a prima facie case of its entitlement to equitable relief, the relief defendants must present 'affirmative evidence, not just affirmative assertions, demonstrating a disputed issue of material fact.'" *ConnectAJet.com, Inc.*, 2011 WL 5509896, at *5 (quoting *George,* 426 F.3d at 798 (6th Cir. 2005)). This Court has already determined that the SEC met its prima facie burden of proof in showing it is entitled to disgorgement of funds from Amanda Merrill's personal property, and the burden has shifted to Amanda Merrill to provide affirmative evidence refuting the SEC's prima facie case. (ECF No. 588.)

Amanda Merrill has not offered affirmative evidence to support entitlement to the seized personal property, and therefore there is no disputed issue of material fact. Instead, Merrill has made vague generalizations to support her claims to over 400 pieces of personal property. (ECF No. 727-1 at 3-18.) Merrill relies on her own affidavit, her mother's affidavit, and her sister's affidavit which all summarily assert that the claimed items were either gifted or purchased from her own source of income independent from her husband's ill-received funds. (ECF No. 727.) Importantly, despite making claims to hundreds of items, those affidavits only provide brief anecdotes for some of the jewelry and luxury items held by Heritage Auctions, and include short one-liners identifying the origin of a few of the contested property held by the RealReal and Quinn and Sons. Amanda Merrill reasons that she does not have any records or receipts of purchase because she allegedly rarely used credit cards to

5

purchase the contested items and because the FBI seized records from her home when executing a warrant pursuant to the parallel criminal proceedings. (ECF No. 727 at 6.) In place of this affirmative evidence, Merrill urges the Court to consider the "minimal" value of the items in relation to the types of jobs she held since she was a teenager. *Id.* Beyond mere conjecture, there is no affirmative evidence to provide the basis for the Court to make such an inference.

The SEC rightfully highlights Merrill's lack of receipts, photographs, or other means to prove entitlement to the claimed personal property. (ECF No. 733.) As the SEC has aptly noted, Merrill has not offered any new information about sources of income, and instead relies on claims to income from her flower business and gambling endeavors that the Court has previously refuted. More specifically, the SEC provided an affidavit from Dustin Ruta, a staff accountant with the SEC, which stated that Kevin and Amanda Merrill's 2016 joint tax return showed that Amanda Merrill's flower business, gambling earnings, and employment income generated a net loss of $26,238. (ECF No. 733 at 11.) Such contention nullifies the little "evidence" that Merrill has provided.

In another attempt to divert the Court's attention from her lack of evidence, Merrill's counsel argues that the burden of "persuasion" still lies with the SEC to prove its entitlement to Merrill's personal property. (ECF No. 738 at 3.) Such argument is creative, at best, but is not founded in law. The Court has determined on numerous occasions that the SEC provided evidence to establish a prima facie case of disgorgement and that the burden has since shifted to Merrill to provide affirmative evidence that entitles her to the contested personal property. She has simply failed to do so.

As explained during the hearing, Merrill has made vague generalizations about the funds for specific items and has made sweeping conclusions about her entitlement to the rest. The Court has afforded her numerous instances and ample time to gather supporting documents for her claims, yet she has patently failed to produce anything more than conclusory affidavits. The SEC has largely rebutted the assertions in the affidavits, and what remains is simply not enough. Merrill has consequently failed to meet her burden of proof. As a result, there is no disputed issue of material fact and summary judgment shall be entered in favor of the SEC for the equitable disgorgement of Amanda Merrill's personal property. The Court notes, however, that three pieces of jewelry may be returned to Merrill as they were identified as a family heirloom, a gift from her parents, and a gift from her ex-husband.[3] The SEC does not contest their return, and those items are to be returned to Merrill within fifteen days.

## CONCLUSION AND ORDER

Accordingly, IT IS this <u>22nd</u> day of <u>March 2023</u>, hereby **ORDERED** that Relief Defendant Amanda Merrill's Motion for Return of Property (ECF No. 727) is **DENIED**, which the exception that the Heritage Auction items 1B242D, 1B233J, and 1B246K be returned to her within fifteen days of the date of this Memorandum Order. Partial summary judgment is hereby **ENTERED** in favor of the SEC against Relief Defendant Amanda Merrill as to equitable disgorgement of her personal property obtained through ill-received funds. Consequently, summary judgment as to the SEC's claim of Equitable Disgorgement of Ill-

---

[3] Heritage Auction items 1B242D, 1B233J, and 1B246K.

Gotten Funds (Count Four) in the Amended Complaint (ECF No. 50 at 45) is fully **ENTERED** in favor of the SEC.

At the request of Merrill's counsel, the release or sale of the property contested in ECF Nos. 727 and 728 is to be STAYED for fifteen days from the date of this Memorandum Order to allow Plaintiff the opportunity to meet with potential appellate counsel.

<br>

March 22, 2023                                     _____/s/_____
Date                                                      Richard D. Bennett
                                                          United States District Judge