IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                **Plaintiff,**<br><br>v.<br><br>**KEVIN B. MERRILL, et al.,**<br><br>                **Defendants.** | Case No. 1:18-cv-02844-RDB |

## RECEIVER GREGORY S. MILLIGAN'S TWENTY-FIRST QUARTERLY STATUS REPORT FOR THE PERIOD BETWEEN OCTOBER 1, 2023 AND DECEMBER 31, 2023

Lynn H. Butler, *pro hac vice*
Jameson J. Watts, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 472-5456
Facsimile: (512) 479-1101

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 378-2300
Facsimile: (202) 378-2318

*Attorneys for Receiver Gregory S. Milligan*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .......................................................................................................... 1

II.     OVERVIEW OF THE RECEIVER'S ACTIVITIES ................................................... 2

      A.      Summary of Assets ........................................................................................... 3

          1.      Cash........................................................................................................ 3

          2.      Business Operations & Assets ............................................................... 3

          3.      Real Property ......................................................................................... 3

          4.      Other Property........................................................................................ 4

      B.      Administration and Management........................................................................ 5

          1.      Coordination and Conference with Other Parties ................................... 5

          2.      Other Property........................................................................................ 6

III.    ESTATE ADMINISTRATION ................................................................................... 7

IV.     UNRESOLVED CLAIMS AGAINST RECEIVERSHIP PROPERTY ........................ 7

V.      ACCRUED ADMINISTRATIVE EXPENSES ........................................................... 7

VI.     TAX MATTERS........................................................................................................ 10

VII.    RECEIVER'S ONGOING INVESTIGATION ......................................................... 10

VIII.   CLAIMS DETERMINATION AND DISTRIBUTION PROCESS .............................. 10

IX.     CONCLUSION........................................................................................................... 11

HB: 4877-2648-9759.3

Receiver Gregory S. Milligan (the "Receiver") respectfully submits this Twenty-First Quarterly Status Report for the Period Between October 1, 2023 and December 31, 2023 (the "Report") in accordance with the Third Amended Order Appointing Temporary Receiver dated October 4, 2023 (Dkt. No. 769) (the "Receivership Order"),[1] and would respectfully show the Court as follows:

## I.      INTRODUCTION

On September 13, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint ("SEC Action") that initiated this action against the Defendants alleging various securities violations arising from the Defendants' operation of a Ponzi scheme.[2]  A more detailed description of the case background is included with the Receiver's prior quarterly status reports (collectively, the "Prior Reports"), which are available on the Receiver's website at https://merrill-ledford.com/case-updates/ and incorporated herein by reference.

Pursuant to the Receivership Order, this Report provides information regarding the assets and liabilities of the Receivership Estate, a summary of the Receiver's activities for the period between October 1, 2023 and December 31, 2023 (the "Applicable Period"), and information regarding claims held by and against the Receivership Estate.  A summary of all the Receiver's receipts and disbursements for the Applicable Period is being filed contemporaneously with this Report and is incorporated herein by reference.

---

[1] A copy of the Receivership Order can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2023-10-04-769-order.pdf.

[2] Capitalized terms herein shall have the meaning as used in the Receivership Order unless otherwise noted.

## II.        OVERVIEW OF THE RECEIVER'S ACTIVITIES

During the Applicable Period, the Receiver, in coordination with the federal authorities, has continued to control, or taken steps to assume control of, the Receivership Assets with the objective of preserving the Receivership Assets to maximize the recovery for the Receivership Estate.  As detailed herein, the Receiver has continued the efforts outlined in the Prior Reports, as well as addressed new issues that have arisen during the Applicable Period.

During the Applicable Period and as discussed in more detail below, the Receiver continued his negotiations related to potential claims against investors who withdrew fictitious profits from the Receivership Parties and resolved four such claims totaling approximately $1.6 million, subject to Court approval.  During the Applicable Period, the Receiver also collected approximately $1.2 million in clawback settlement payments for settlement agreements entered into during Prior Periods.  Entry of the Third Amended Order Appointing Temporary Receiver on October 4, 2023 lifted the injunction prohibiting clawback litigation against recipients and authorized the Receiver to pursue claims against Net Winners (defined and discussed below).  On October 4, 2023, the Receiver filed an action in this Court against more than fifty (50) Net Winners who did not voluntarily return their Net Winnings to the Receiver.[3]  Meanwhile, the Receiver has continued to maintain and update the Receivership Estate website, located at www.Merrill-Ledford.com, with relevant and required information regarding asset sales, Claims Procedure, Distribution Plan, and other matters related to the case.

---

[3] A copy of Receiver Gregory S. Milligan's Original Complaint Against Certain Net Winners is available on the Receiver's website at: https://merrill-ledford.com/wp-content/uploads/2023/10/1.pdf.

HB: 4877-2648-9759.3

**A.     Summary of Assets**

The Receiver continued the process of assuming control and management of all property of the Receivership Estate during the Applicable Period.

**1.     Cash**

As of December 31, 2023, the Receivership Estate had approximately $21.2 million of cash on hand in Receivership Estate bank accounts under the sole control of the Receiver.  During the Applicable Period, the cash on hand increased by approximately $1.3 million because of the Receiver's continued recovery of settlement proceeds from Net Winners and interest income from cash on hand, netted against payment of administrative expenses.[4]  The Receiver anticipates that cash on hand will increase during the next applicable period due to payments received on claims that were resolved during the Applicable Period and Prior Periods, further recoveries on claims against Net Winners, and the sale of personal property previously claimed by Relief Defendant Amanda Merrill ("Mrs. Merrill") that is now authorized for sale pursuant to the applicable personal property sales procedures.

**2.     Business Operations & Assets**

All ongoing business operations of the Receivership Parties have been terminated and their assets liquidated, as detailed in the Receiver's eighth quarterly status report.  *See* Dkt. No. 370.

**3.     Real Property**

All real property held by the Receivership Estate has been liquidated as detailed in the Prior Reports.

---

[4] The Receiver is filing a Standardized Fund Accounting Report contemporaneously with the filing of this Report, which contains a more detailed accounting of Receivership Estate funds during the Applicable Period.

HB: 4877-2648-9759.3

**4.      Other Property**

The Receiver has recovered or identified certain personal property items and claims that

he continues to seek to monetize, including:

- Other Property.  As provided in the Prior Reports, the Receivership Estate holds several remaining assets and investments made by the Defendants including, but not limited to: (i) jewelry; (ii) luxury goods; (iii) clothing; (iv) household goods; (v) watches; (vi) a litigation financing arrangement; and (vii) minority ownership interest in a commercial shopping center.

  Some of the foregoing assets are of unknown value, and the Receiver is in the process of determining the best means to monetize the remaining them for the benefit of the Receivership Estate.

- Clawbacks.  The Receivership may hold claims ("Clawbacks") against individuals and entities, in addition to the Relief Defendants, that received gifts, donations, or fraudulent transfers from the Receivership Parties.  These individuals and entities may have received funds from the Receivership Parties derived from Ponzi scheme funds fraudulently obtained from investors.  The Clawbacks include potential claims against investors who withdrew fictitious profits from the Receivership Parties (the "Net Winners").  An investor's withdrawn profits may be fictitious, for example, if that party received payments in excess of investments.  On September 14, 2021, the Court authorized the Receiver to investigate and make demands for full repayment of the gift, donation, or fraudulent transfer that may have been received from Receivership Parties. During the Applicable Period, the Receiver continued negotiations with Net Winners and resolved potential claims against four Net Winners for the return to the Receivership Estate of the majority of the Net Winners' fictitious profits totaling approximately $1.6 million, subject to Court approval.  On September 29, 2023, the Receiver sought authority from the Court to modify the Receivership Order to authorize the Receiver to file suit against the remaining Net Winners who had not resolved the claims against them.  *See* Dkt. No. 763.  On October 4, 2023, the Court granted the Receiver's motion and entered the third amended Receivership Order authorizing the Receiver to pursue claims against the Net Winners.  *See* Dkt. No. 769 at ¶ 38.  On October 4, 2023, the Receiver filed suit against the Net Winners in Case No. 23-cv-02691-BAH, in the United States District Court for the District of Maryland (the "Clawback Action").[5]  The Receiver is in the process of serving all defendants in the Clawback Action and has resolved two additional claims after the Applicable Period.

- Claims against Other Persons or Entities.  The Receiver has investigated, analyzed, and collected evidence regarding potential causes of action against other third parties in addition to the Clawbacks against Net Winners.  The Receiver has concluded there

---

[5] A copy of the Complaint in the Clawback Action can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2023/10/1.pdf.

exists one known remaining claim for a $150,000 deposit on a 2018 Porsche that was never delivered, and the deposit never returned.  The $150,000 deposit was the subject of a motion for turnover filed by the Receiver (Dkt. No. 334) and an Order (Dkt. No. 368) entered by the Court determining the claim is subject to binding arbitration.  The Receiver anticipates filing a demand for arbitration for the return of the $150,000.

Based upon current available information, which is preliminary and subject to further due diligence, the Receiver team estimates total expected distributions to claimants could range between $70 million and $80 million.  Future quarterly reports will have the benefit of additional recoveries, market data regarding assets yet to be monetized, and more due diligence leading to an increasingly accurate estimate of total expected distributions to claimants.

**B.    Administration and Management**

The Receiver and his team continue to manage and marshal the Receivership Assets with the goal of maximizing the recovery to the Receivership Estate consistent with concepts outlined in the Initial Preservation Plan (Dkt. No. 54) (the "Preservation Plan")[6] and the Prior Reports.  To fulfill his obligations to the Court, the Receiver has undertaken the following tasks during the Applicable Period with respect to the various forms of property remaining in the Receivership Estate.

**1.    Coordination and Conference with Other Parties**

Since being appointed in this case, the Receiver has coordinated extensively with the SEC, U.S. Attorney's Office, FBI, and U.S. Marshals Service regarding the identification and safeguarding of Receivership Assets and the Receiver's proposed disposition of the Receivership Assets.  As detailed in greater detail in Prior Reports, the Receiver has also facilitated discussions with criminal counsel for Defendant Kevin B. Merrill ("Merrill") and Defendant Jay B. Ledford

---

[6] A copy of the Initial Preservation Plan can be found on the Receiver's website for this SEC Action at: https://merrill-ledford.com/wp-content/uploads/2019/05/Initial-Preservation-Plan-11.13.18.pdf.

HB: 4877-2648-9759.3

("Ledford"), and counsel for Mrs. Merrill and counsel for Relief Defendant Lalaine Ledford

("Lalaine Ledford") (Mrs. Merrill and Lalaine Ledford are collectively, the "Relief Defendants"),

to obtain their consent to the procedures and proposed disposition of the real property, personal

property, and vehicles owned or purchased by Merrill, Ledford, and/or the Relief Defendants.

      2.      **Remaining Property**

The Receiver, independently and through collaboration with the SEC, FBI, and U.S.

Attorney's Office, has identified personal property as described in the Prior Reports.  This category

of assets includes but is not limited to art, collectibles, clothing, household goods, jewelry,

watches, luggage, and similar luxury items.  To maximize recovery to the Receivership Estate, the

Receiver has researched and identified various consignment and/or auction outlets for monetizing

the different classes of personal property at the appropriate time.

The Receiver previously obtained an Order from the Court to retain Heritage Auctioneers

& Galleries, Inc. ("Heritage") as broker for the Receivership Estate to sell certain categories of

personal property that were being held in storage by the Receiver or held by the U.S. Marshals or

the FBI.  *See* Dkt. No. 272.  During a prior period, the Receiver also obtained Orders from the

Court authorizing the Receiver to retain The RealReal, Inc. (the "RealReal") and Quinn & Sons

Inc. ("Quinn's") as brokers for the Receivership Estate to sell certain categories of personal

property previously claimed by Mrs. Merrill.  *See* Dkt. Nos. 720, 721, 722, & 723.  Pursuant to

these orders, the Receiver sold personal property and received sale proceeds of $25,900.00 from

Heritage and $26,981.95 from the RealReal.  The Receiver also recovered unclaimed property of

DeVille from the Texas Comptroller of Public Accounts in the amount of $274,848.51.

The Receiver has diligently pursued the voluntary turnover of the fictitious profits that

were paid to Net Winners in the Ponzi scheme.  The Receiver has recovered approximately $10.3

million from 53 net winners who voluntarily returned their net winnings without the need for

HB: 4877-2648-9759.3

litigation.   There are 33 Net Winner groups totaling more than 50 individuals who have not voluntarily returned a total of $12.6 million in net winnings.  On October 4, 2023, the Receiver filed the Clawback Action and is in the process of serving the defendants.  *See* Case No. 23-cv-02691-BAH.  The Receiver anticipates future reports will have additional information regarding the status of litigation in the Clawback Action.

### III.     ESTATE ADMINISTRATION

The Receiver has continued making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business for discharging his duties as Receiver.   The financial report filed contemporaneously with this Report delineates activity between the operating entities and the balance of the Receivership Estate providing a clearer picture of the separate components of the Receivership Estate.

### IV.     UNRESOLVED CLAIMS AGAINST RECEIVERSHIP PROPERTY

There are no unresolved claims against Receivership property following entry of Final Judgments as to Relief Defendants Lalaine Ledford and Amanda Merrill.  *See* Dkt. Nos. 658 & 744.

### V.     ACCRUED ADMINISTRATIVE EXPENSES

During the Applicable Period, the Receivership Estate accrued administrative expenses comprised of professional fees for the services of the Receiver's team and counsel, along with the Receiver's claims agent, Bankruptcy Management Solutions Inc. d/b/a Stretto ("Stretto"), and tax accountant, BDO, USA, LLP ("BDO").  On November 20, 2023, the Receiver and his counsel each filed fee applications for the period between April 1, 2023 and October 31, 2023 (Dkt. Nos. 774 & 775) (the "Eighteenth Fee Applications"), which were approved by the Court on December 5, 2023.  *See* Dkt. Nos. 780 & 781.

HB: 4877-2648-9759.3

Through the Eighteenth Fee Applications, the Receiver's fees total $2,669,407.50 and costs total $90,382.16, and Husch Blackwell's fees total $3,179,574.74 and its costs total $296,753.94. The total fees and expenses of all Receivership Estate professionals—including commissions paid to brokers, consignors, and auctioneers in conjunction with asset sales—through the Eighteenth Fee Applications total $10,240,886.14, which is 10.11% of the $101,290,428.37 recovered through December 31, 2023 and 14.41% of the $71,046,234.81 in (i) distributions to claimants and (ii) remaining available cash on hand as of December 31, 2023.

Below is a detailed summary of all fee applications for the Receiver and his team, including the total fees and expenses incurred during each period and on a daily basis during each period, along with the date each prior fee application was approved by the Court.  As detailed below, Receiver's fees have declined by approximately 98% on a per day basis from the first fee application to the Eighteenth Fee Application.

| Fee App. No. | Time Period | Dkt. No. | Fees and Expenses | | Per Day | | Approved On | Dkt. No. |
|---|---|---|---|---|---|---|---|---|
| 1st | 9/13/18-10/31/18 | 70 | $ | 357,908.89 | $ | 7,304.26 | 6/7/2019 | 151 |
| 2nd | 11/1/18-12/31/18 | 118 | $ | 301,292.71 | $ | 4,939.22 | 6/7/2019 | 151 |
| 3rd | 1/1/19-3/31/19 | 159 | $ | 405,380.62 | $ | 4,504.23 | 10/4/2019 | 220 |
| 4th | 4/1/19-8/31/19 | 238 | $ | 447,644.74 | $ | 2,925.78 | 11/20/2019 | 243 |
| 5th | 9/1/19-12/31/19 | 278 | $ | 263,152.31 | $ | 2,126.71 | 3/12/2020 | 284 |
| 6th | 1/1/20-3/31/20 | 303 | $ | 210,272.09 | $ | 2,310.68 | 6/24/2020 | 314 |
| 7th | 4/1/20-6/30/20 | 338 | $ | 191,503.08 | $ | 2,127.81 | 9/1/2020 | 344 |
| 8th | 7/1/20-9/30/20 | 374 | $ | 129,818.38 | $ | 1,426.58 | 12/17/2020 | 386 |
| 9th | 10/1/20-12/31/20 | 404 | $ | 70,651.78 | $ | 776.39 | 4/13/2021 | 422 |
| 10th | 1/1/21-3/31/21 | 451 | $ | 57,165.12 | $ | 642.30 | 7/15/2021 | 462 |
| 11th | 4/1/21-6/30/21 | 487 | $ | 67,034.92 | $ | 747.96 | 11/29/2021 | 507 |
| 12th | 7/1/21-9/30/21 | 521 | $ | 36,357.47 | $ | 395.19 | 12/6/2021 | 527 |
| 13th | 10/1/21-12/31/21 | 608 | $ | 36,598.13 | $ | 397.81 | 6/30/2022 | 641 |
| 14th | 1/1/22-3/31/22 | 628 | $ | 33,314.68 | $ | 370.16 | 6/30/2022 | 638 |
| 15th | 4/1/22-6/30/22 | 661 | $ | 25,459.98 | $ | 282.89 | 10/4/2022 | 670 |
| 16th | 7/1/22-9/30/22 | 692 | $ | 27,377.14 | $ | 297.58 | 12/19/2022 | 705 |
| 17th | 10/1/22-3/31/23 | 749 | $ | 73,161.13 | $ | 401.98 | 8/14/2023 | 760 |
| 18th | 4/1/23-9/30/23 | 774 | $ | 25,687.50 | $ | 141.14 | 12/5/2023 | 780 |
| Total | | | $ | 2,759,780.67 | | | | |

Below is a detailed summary of all fee applications for the Receiver's counsel, Husch Blackwell, including the total fees and expenses incurred during each period and on a daily basis during each period, along with the date each prior fee application was approved by the Court.  As detailed below, Husch Blackwell's fees have declined by approximately 63% per day from the first fee application to the Eighteenth Fee Application.

| Fee App. No. | Time Period | Dkt. No. | Fees and Expenses | Per Day | Approved On | Dkt. No. |
|---|---|---|---|---|---|---|
| 1st | 9/13/18-10/31/18 | 71 | $ 184,169.83 | $ 3,758.57 | 6/7/2019 | 151 |
| 2nd | 11/1/18-12/31/18 | 119 | $ 254,017.68 | $ 3,885.64 | 6/7/2019 | 151 |
| 3rd | 1/1/19-3/31/19 | 160 | $ 288,614.74 | $ 3,186.03 | 10/4/2019 | 220 |
| 4th | 4/1/19-8/31/19 | 239 | $ 402,932.50 | $ 2,546.01 | 11/20/2019 | 244 |
| 5th | 9/1/19-12/31/19 | 279 | $ 188,368.17 | $ 1,527.03 | 3/12/2020 | 285 |
| 6th | 1/1/20-3/31/20 | 304 | $ 185,469.07 | $ 2,025.45 | 6/24/2020 | 315 |
| 7th | 4/1/20-6/30/20 | 339 | $ 214,021.84 | $ 2,180.59 | 9/1/2020 | 345 |
| 8th | 7/1/20-9/30/20 | 375 | $ 183,019.35 | $ 1,759.84 | 12/17/2020 | 387 |
| 9th | 10/1/20-12/31/20 | 405 | $ 99,102.02 | $ 872.60 | 4/13/2021 | 423 |
| 10th | 1/1/21-3/31/21 | 452 | $ 127,379.22 | $ 1,431.23 | 7/15/2021 | 463 |
| 11th | 4/1/21-6/30/21 | 488 | $ 132,386.81 | $ 1,270.17 | 11/29/2021 | 508 |
| 12th | 7/1/21-9/30/21 | 522 | $ 97,222.25 | $ 1,056.76 | 12/6/2021 | 528 |
| 13th | 10/1/21-12/31/21 | 609 | $ 92,492.70 | $ 1,005.36 | 6/30/2022 | 642 |
| 14th | 1/1/22-3/31/22 | 629 | $ 123,891.89 | $ 1,376.58 | 6/30/2022 | 639 |
| 15th | 4/1/22-6/30/22 | 662 | $ 188,710.27 | $ 2,096.78 | 10/4/2022 | 669 |
| 16th | 7/1/22-9/30/22 | 693 | $ 253,095.19 | $ 2,751.03 | 12/19/2022 | 706 |
| 17th | 10/1/22-3/31/23 | 750 | $ 210,332.23 | $ 1,155.67 | 8/14/2023 | 761 |
| 18th | 4/1/23-9/30/23 | 775 | $ 250,922.92 | $ 1,378.70 | 12/5/2023 | 781 |
| Total | | | $ 3,476,148.68 | | | |

At the end of the Applicable Period, the Receiver and his team had incurred approximately $12,000.00 in unpaid fees and expenses for the three-month period ending December 31, 2023, while the Receiver's counsel has incurred approximately $120,000.00 in unpaid fees and expenses for the three-month period ending December 31, 2023.

The Receiver anticipates the Receivership Estate will continue to accrue additional administrative expenses going forward with the actual amounts fluctuating commensurate with the activities required to properly administer the Receivership Estate.

HB: 4877-2648-9759.3

## VI.    TAX MATTERS

As indicated in Prior Reports, the Receiver sought and obtained approval to retain BDO as tax accountant for the Receivership Estate to: (i) advise the Receiver on the tax liability of the Receivership Estate and the non-individual Receivership Parties; (ii) prepare and file state and federal tax returns on behalf of the Receivership Estate and the non-individual Receivership Parties; (iii) advise the Receiver on obtaining and maintaining the status of a taxable "Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code for Receivership Funds; and (iv) advise the Receiver on other tax matters related to the administration of the Receivership Estate.  See Dkt. Nos. 198 & 201.  The Receiver has worked with BDO to prepare and file all required tax returns on or before each applicable deadline through the end of the Applicable Period. The Receiver will continue working with BDO to ensure all taxes are timely paid and required tax returns are timely filed.

## VII.    RECEIVER'S ONGOING INVESTIGATION

The Receiver continues his investigation with the assistance of his counsel, Husch Blackwell.  The Receiver will file supplemental reports to the Court for the duration of the Receivership, as required by the Receivership Order.

## VIII.    CLAIMS DETERMINATION AND DISTRIBUTION PROCESS

On February 9, 2021, the Receiver filed the Motion for Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process (the "Claims Procedure"). *See* Dkt. No. 395.  On February 10, 2021, the Court entered the Order approving the Claims Procedure and set a claims bar date of May 20, 2021.  *See* Dkt. No. 396.

On November 17, 2021, following completion of the Claims Procedure, the Receiver filed the Distribution Plan and proposed an interim distribution of $50 million to claimants, which the Court approved on November 15, 2022.  *See* Dkt. Nos. 504 & 687.  Distributions to eligible

claimants were sent during a prior period.  *See* Dkt. Nos. 702 & 725.  The Receiver continued efforts to contact eligible claimants who had failed to submit a completed Form W-9 to the Receiver or cash their distribution check.  Two claimants (out of the one hundred and sixty distributees) have not yet cashed their distribution checks, and two claimants have not yet submitted a completed Form W-9.  The Receiver will continue to follow up with these claimants to ensure their distributions are received.

Certain investors objected to the Receiver's proposed Distribution Plan, which were overruled by the Court, *see* Dkt. No. 690, and ultimately appealed to the Fourth Circuit Court of Appeals.  *See* Dkt. Nos. 698 & 704.  The appeals remain pending with the Fourth Circuit Court of Appeals, and oral argument was conducted on January 25, 2024.  *See* Case No. 22-2256 (4th Cir.).

The Receiver has also received numerous contacts from potential investor victims requesting information.  The Receiver has provided general status updates and directed such parties to pleadings filed of record in the case that are available on the Receiver's website, including the Receiver's Preservation Plan, Prior Reports, the Claims Procedure, the Claims Objections, and the Distribution Plan.[7]

## IX.    CONCLUSION

Accordingly, the Receiver, Gregory S. Milligan, respectfully submits this Twenty-First Quarterly Status Report for the Court's consideration and, for the reasons stated in this Report, recommends the continuation of this Receivership Estate.

---

[7] The Receiver's website for this SEC Action contains a separate section to provide information regarding the claims and distribution process at: https://merrill-ledford.com/claims-process/.

HB: 4877-2648-9759.3

Respectfully submitted,

/s/ Jameson J. Watts
Lynn H. Butler, *pro hac vice*
Jameson J. Watts, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com
jameson.watts@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
Tel: (214) 999-6100
Fax: (214) 999-6170
buffey.klein@huschblackwell.com

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel: (202) 378-2300
Fax: (202) 378-2318
brian.waagner@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

12

## CERTIFICATE OF SERVICE

On January 30, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service.  Additionally, the foregoing document was served on the following parties not registered for Court's CM/ECF filing system as indicated below:

**Defendant Kevin B. Merrill (via U.S. Mail):**

Kevin B. Merrill, #64274-037
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

**Defendant Jay B. Ledford (via U.S. Mail):**

Jay B. Ledford, #55055-048
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

**Criminal Counsel for Defendant Kevin B. Merrill (via E-Mail and U.S. Mail):**

Elizabeth Genevieve Oyer
Office of the Federal Public Defender
100 S Charles St Ste 900 Tower II
Baltimore, MD 21201
liz_oyer@fd.org

Maggie Grace
Office of the Federal Public Defender
100 S Charles St, Tower II, 9th Floor
Baltimore, MD 21201
maggie_grace@fd.org

**Criminal Counsel for Defendant Jay B. Ledford (via E-Mail and U.S. Mail):**

Harry J Trainor , Jr
Trainor Billman Bennett and Milko LLP
116 Cathedral St Ste E
Annapolis, MD 21401
htrain@prodigy.net

**Criminal Counsel for Defendant Cameron R. Jezierski (via E-Mail and U.S. Mail):**

Joseph J Aronica
Duane Morris LLP
505 9th St NW Ste 1000
Washington, DC 20004
jjaronica@duanemorris.com

**Criminal Counsel for Relief Defendant Amanda Merrill (via E-Mail and U.S. Mail):**

Addy R. Schmitt
Ian Herbert
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
aschmitt@milchev.com
iherbert@milchev.com

**Baltimore County Office of Law (via E-Mail and U.S. Mail):**

Susan B. Dubin
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
sdubin@baltimorecountymd.gov

**Dundalk United Methodist Church (U.S. Mail):**

Dundalk United Methodist Church
c/o Edward F. Mathus
6903 Mornington Road
Baltimore, Maryland 21222

**Lienholders, Tax Assessors, and Other Interested Parties (U.S. Mail):**

Florida Community Bank, N.A.
2325 Vanderbilt Beach Road
Naples, Florida 34109

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, Michigan 48501-2026

Collier County, Florida Tax Assessor
3291 Tamiami Trail East
Naples, Florida 34112

14

Maryland Department of Assessments & Taxation
301 W. Preston Street
Baltimore, Maryland 21201-2395

Branch Banking and Trust Company,
A North Carolina Banking Corporation
PO Box 1290
Whiteville, North Carolina 28472

Talbot County, Maryland Finance Office
Talbot County Courthouse
11 North Washington Street, Suite 9
Easton, Maryland 21601

HSBC Bank USA, National Association, as trustee of
J.P. Morgan Alternative Loan Trust 2006-A5
c/o Howard n. Bierman, Trustee
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, Utah 84115

Clark County, Nevada Tax Assessor
500 S. Grand Central Parkway
Las Vegas, Nevada 89155

First Financial Bank, N.A. Southlake
3205 E. Hwy. 114
PO Box 92840
Southlake, Texas 76092

Hunter Kelsey of Texas, LLC
4131 Spicewood Springs Road, Bldg. J-1A
Austin, Texas 78759

Frost Bank, f/k/a The Frost National Bank
c/o Michael J. Quilling
Quilling, Selander Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

The City of Colleyville, Texas
c/o Victoria W. Thomas
Nichols, Jackson, Dilard, Hager & Smith, L.L.P.
1800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

15

Tarrant County, Texas Tax Assessor
100 E. Weatherford
Fort Worth, Texas 76196

Dallas Central Appraisal District
2949 N. Stemmons Freeway
Dallas, Texas 75247-6195

Bozeman West
PO Box 1970
15632 West Main Street
Bozeman, Montana 59771-1970

Neil A. Patel
5308 Burgandy Court
Colleyville, Texas 76034

TIB – The Independent BankersBank
350 Phelps Court, Suite 200
PO Box 560528i
Dallas, Texas 75356-0528

Wachovia Mortgage, FSB
PO Box 659548
San Antonio, Texas 78265-9548

Denton County Tax Assessor
1505 E. McKinney Street
Denton, Texas 76209-4525

Potter County, Texas Tax Assessor
900 South Polk, Suite 106
Amarillo, Texas 79101

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Albertelli Law
Attn: Coury M. Jacocks
2201 W. Royal Lane, Suite 155
Irving, TX 75063

16

Samual I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Stephen D. Graeff
Dunlap Bennett & Ludwig
8300 Boone Boulevard, #550
Vienna, VA  22182

Kenneth C. Grace
Lash Wilcox & Grace PL
2202 West Shore Blvd.; Suite 200
Tampa, FL 33607

/s/ Jameson J. Watts
Jameson J. Watts

17

HB: 4877-2648-9759.3