IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Case No.: 18-cv-2844-RDB |
| v. | § § | |
| KEVIN B. MERRILL, ET AL., | § § | |
| Defendants. | § § | |

**RECEIVER'S MOTION FOR APPROVAL OF
THIRD INTERIM FEE APPLICATION OF BDO USA, LLP**

Lynn H. Butler, *pro hac vice*
Jameson J. Watts, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 472-5456
Facsimile: (512) 479-1101

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 378-2300
Facsimile: (202) 378-2318

*Attorneys for Gregory S. Milligan, Receiver*

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ................................................................................................................ 4

    A. This Receivership is large and complex. .............................................................. 6

    B. BDO's fees are necessary for the Receiver's successful management of the Receivership Estate for the benefit of all claimants. ............................................... 6

II. REQUEST FOR APPROVAL OF FEES BETWEEN JANUARY 1, 2022 AND MAY 31, 2024 ........................................................................................................ 7

    A. The Court should approve the payment of all reasonable and necessary professional fees and expenses. .............................................................................. 8

    B. The fees and expenses are reasonable and necessary in light of the extraordinary complexity and difficulties of this case. ........................................... 8

III. CONCLUSION .................................................................................................................. 9

**CERTIFICATE OF CONFERENCE** ........................................................................................ 11

**CERTIFICATE OF SERVICE** ................................................................................................. 12

Gregory S. Milligan, the Court-appointed Receiver in this action (the "Receiver"), seeks the Court's approval to pay interim fees and expenses of $60,689.75 (the "Third Fee Application") to BDO USA, LLP ("BDO"), pursuant to the Third Amended Order Appointing Temporary Receiver ("Receivership Order") (Dkt. No. 769) and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission ("Billing Instructions"), for professional services rendered on behalf of the Receivership Estate between January 1, 2022 and May 31, 2024 (the "Applicable Period"). The tasks and challenges presented by this large Receivership are numerous, complex, and difficult. To complete the Court-ordered tasks and overcome these challenges, the Receiver and BDO worked long hours to enable the Receiver to carry out his fundamental duty of implementing this Court's Orders, which included the preparation and filing of tax returns for the non-individual Receivership Parties[1] and the Receivership Estate. *See* Dkt. No. 769 at ¶¶ 1, 2, 6, & 8.

The Receiver has had to discharge his duties with very little assistance from the individual Defendants, who may be the only people with full knowledge of the assets and records of the Receivership Parties. The Receiver and BDO have had to reconstruct, to the extent possible, the financial records of the non-individual Receivership Parties in order to ascertain their income, assets, and expenses for purposes of preparing and filing federal and state income tax returns for periods before and after entry of the Receivership Order.

The work of the professionals is described in detail in the attached time entries, which the Receiver submits in support of this Third Fee Application as **Exhibit A**. The information

---

[1] Pursuant to paragraph 43 of the Receivership Order, the Receiver did not retain and employ BDO to prepare tax returns for individual Defendants Kevin B. Merrill ("Merrill"), Jay B. Ledford ("Ledford"), and Cameron Jezierski ("Jezierski").

contained in the exhibit demonstrates the necessity for the professionals' services and the reasonableness of their fees and expenses for a case of this complexity and difficulty.

## I. BACKGROUND

On September 13, 2018, the SEC filed this case and thousands of pages of evidence, alleging that Defendants engaged in a $345 million fraudulent scheme involving as many as 230 investors. *See* Dkt. Nos. 1, 3. This Court found that it was both necessary and appropriate to appoint a receiver and assumed exclusive jurisdiction over all assets and records of the Defendants and certain entities affiliated with Defendants. *See* Dkt. No. 769 at ¶ 1. The Receivership Order charged the Receiver with responsibility for acquiring control and possession of the Receivership Estate, and performing all acts necessary to conserve, manage, and preserve the Receivership Estate. *See* Dkt. No. 769 at ¶ 8.B.

As a result, the Receiver immediately was placed in charge of the assets of the Receivership Parties, which, at the time of appointment, consisted of three (3) individuals and thirty-one (31) named entities. *See* Dkt. No. 769 at ¶ 1. On the date the Receivership Order was unsealed, the Receivership Estate included four ongoing business operations in Texas: (i) DeVille Asset Management Ltd. ("DeVille"); (ii) Riverwalk Credit Repair, Inc. ("Riverwalk Credit"); (iii) Riverwalk Debt Solutions, Inc. ("Riverwalk Debt"); and (iv) Ledford & Associates, PLLC. In addition, numerous assets were owned or held in the name of non-individual Receivership Parties, most of which have been liquidated during the pendency of this receivership.

In furtherance of the Receiver's duties under the Receivership Order, the Receiver sought authority for and retained BDO to: (i) advise the Receiver on the tax liability of the Receivership Estate and the non-individual Receivership Parties; (ii) prepare and file state and federal tax returns on behalf of the Receivership Estate and the non-individual Receivership Parties; (iii) advise the

Receiver on obtaining and maintaining the status of a taxable "Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code for Receivership Funds; and (iv) advise the Receiver on other tax matters related to the administration of the Receivership Estate. *See* Dkt. Nos. 198 & 201.

Pursuant to the Billing Instructions, BDO charged the following average hourly rates for its professionals working on this matter and recorded the following hours during the Applicable Period:

| Professional | Title | Rate | Hours |
|---|---|---|---|
| Brad Goonan | Partner | $905.81 | 18.5 |
| Brett Nesbitt | Experienced Senior | $271.99 | 50.0 |
| Heyward Brown | Experienced Senior | $332.02 | 62.0 |
| Connor Arnold | Experienced Senior | $283.53 | 24.8 |
| Rylan Lee | Intern | $204.23 | 13.3 |

In total during the Applicable Period, BDO billed 168.6 hours for its services to the Receivership Estate at an average hourly rate of $359.96, for a total of $60,689.75. This is the third interim fee application submitted by BDO for its fees and expenses in this matter. BDO's first interim fee application (Dkt. No. 358) for the period August 26, 2019 to May 31, 2020 in the amount of $70,740.33 was approved by the Court on December 17, 2020 (Dkt. No. 385). BDO's second interim fee application (Dkt. No. 627) for the period June 1, 2020 to December 31, 2021 in the amount of $42,757.00 was approved by the Court on June 29, 2022 (Dkt. No. 637).

The total fees and expenses of all Receivership Estate professionals—including commissions paid to brokers, consignors, and auctioneers in conjunction with asset sales—through this Third Fee Application total $10,528,464.71. The total fees and costs incurred by the Receivership Estate is 10.14% of the $103,783,584.65 recovered through March 31, 2025 and

14.37% of the $73,278,284.01 in (i) distributions to claimants and (ii) remaining available cash on hand as of March 31, 2025.

**A.     This Receivership is large and complex.**

This matter involves the operation of an alleged Ponzi scheme by Defendants Merrill, Ledford, and Jezierski that fraudulently raised more than $345 million from over 230 investors to purportedly invest in consumer debt portfolios.  *See* Dkt. No. 50 at ¶ 1.  Additional information about case background, the procedural history of the case, and other efforts of the Receiver can be found in the twenty-five (25) quarterly status reports filed with the Court and posted to the Receivership Estate website at https://merrill-ledford.com/case-updates/, which are incorporated herein by reference.

**B.     BDO's fees are necessary for the Receiver's successful management of the Receivership Estate for the benefit of all claimants.**

Despite numerous obstacles, the Receiver has continued to make significant progress, part of which would not be possible without BDO's work.  In order to carry out his duties under the Receivership Order, the Receiver required the assistance of tax professionals to review and update the financial records of the Receivership Parties in order to file federal and state income tax returns for the Receivership Estate and non-individual Receivership Parties.  The tasks performed by BDO were complicated by the Defendants' falsification of financial records and failure to properly account for income and expenses of the various Receivership Parties.  It was necessary for BDO and the Receiver to review and reconcile the Receivership Parties' financial records to accurately report information in the Receivership Parties' tax returns.

During the Applicable Period, the Receiver continued to account for the Receivership Assets by, among other things, providing timely Standardized Fund Accounting Reports to the parties in this case.  Attached hereto as **Exhibit B** is the most recent Standardized Fund Accounting

Report for the period end December 31, 2024 that was filed with the Receiver's Twenty-Fifth Quarterly Status Report on December 31, 2024. *See* Dkt. No. 812.

Pursuant to the Receivership Order, the Receiver requests that the Court approve this Third Fee Application and enter an order approving, on an interim basis, the professional fees and expenses of BDO for the Applicable Period.

## II.   REQUEST FOR APPROVAL OF FEES BETWEEN JANUARY 1, 2022 AND MAY 31, 2024

The Receivership Order directs and authorizes the Receiver to retain and compensate professionals in connection with the administration of the Receivership Estate:

> The Receiver may choose, engage and employ attorneys, accountants, appraisers, and any other independent contractors and technical specialists, including, but not limited to, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, property managers, brokers, traders, and auctioneers (collectively, "Retained Personnel") as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order.

Dkt. No. 769 at ¶ 50. Accordingly, the Receiver hired BDO to assist the Receiver to carry out his duties under the Receivership Order. *See* Dkt. Nos. 198 & 201. BDO has been working diligently to prepare pre- and post-receivership tax returns for the non-individual Receivership Parties and the Receivership Estate.

The Receivership Order directs that "[t]hroughout the pendency of the receivership, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate." Dkt. No. 769 at ¶ 66. Accordingly, the Receiver files this Motion and requests that the Court approve the fees and expenses billed by the BDO for work during the Applicable Period.

A. **The Court should approve the payment of all reasonable and necessary professional fees and expenses.**

The Receiver's compensation and the fees and expenses of the Receiver's professionals may be determined at the Court's discretion and, in making those determinations, the Court should consider the complexity of the problem faced, the benefit of the services to the Receivership Estate, the quality of the work performed, and the time records presented.  *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *see also SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992).  While guidelines and standards for assessing compensation are set forth in case law, the unique facts and situations of each case make it impossible to rely directly on those guidelines alone.  *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975).

B. **The fees and expenses are reasonable and necessary in light of the extraordinary complexity and difficulties of this case.**

The Receiver requests approval of fees and expenses for BDO, as summarized below, in the amounts noted (which reflect billings for work during the Applicable Period).  The time spent, services performed, hourly rates charged, and expenses incurred were reasonable and necessary, and indeed essential, for the Receiver to perform his Court-ordered duties.  BDO was selected because it possesses special expertise required to fulfill the Court's orders.  *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974).

The following tasks were performed by BDO and were necessary and essential to the work of the Receiver.  Further details about the tasks performed by BDO and the Receiver during the Applicable Period can be found in the Receiver's quarterly status reports for the periods between January 1, 2022 and June 30, 2024, which are available on the Receiver's website at https://merrill-ledford.com/case-updates/ and incorporated herein by reference.

In the instant case, BDO has provided essential tax expertise and manpower related to the unique issues presented in this receivership. The professionals working on this case during the Applicable Period have included directors, partners, and managers with decades of experience, as well as senior and junior associates, as appropriate to the specific tasks at hand. *See Johnson*, 488 F.2d at 718-19 (compensation often reflects degree of experience). The following tasks were performed by the Receiver's professionals and were necessary and essential to the work of the Receiver.

During the Applicable Period, BDO prepared and filed the 2021 and 2022 federal and state income and franchise tax returns for the Receivership Estate, Riverwalk Financial Corporation ("Riverwalk") and its subsidiaries, Riverwalk Credit and Riverwalk Debt, as well as preparing the requests for extensions for the 2023 federal and state income and franchise tax returns.

A bill for BDO's services and expenses for the Applicable Period is attached hereto as Exhibit A. The Receiver represents that (i) the fees and expenses included herein were incurred in the best interest of the Receivership Estate, and (ii) with the exception of the Billing Instructions, the Receiver has not entered into an agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any share thereof. The Receiver requests approval of payment to BDO for $60,689.75 in professional fees incurred during the Applicable Period.

### III. CONCLUSION

The relief requested herein is necessary and appropriate to carry out the provisions of the Receivership Order. Accordingly, the Receiver requests that the Court enter an Order approving of the fees and expenses incurred between January 1, 2022 and May 31, 2024 and authorizing the Receiver to compensate BDO from the Receivership Estate.

Respectfully Submitted,


/s/ Jameson J. Watts
Lynn H. Butler, *pro hac vice*
Jameson J. Watts, *pro hac vice*
HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, TX 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com
jameson.watts@huschblackwell.com

Buffey E. Klein, *pro hac vice*
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
buffey.klein@huschblackwell.com

Brian P. Waagner, Fed. Bar No. 14954
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Tel: (202) 378-2300
Fax: (202) 378-2318
brian.waagner@huschblackwell.com

*Counsel for Receiver Gregory S. Milligan*

## CERTIFICATE OF CONFERENCE

Counsel for the Receiver provided a copy of the attached Exhibit A to counsel for the SEC on June 12, 2024, and this proposed Third Interim Fee Application pleading to counsel for the SEC on November 26, 2024.  Counsel for the SEC has reviewed and approved this Third Interim Fee Application for BDO.

/s/ Jameson J. Watts
Jameson J. Watts

## CERTIFICATE OF APPLICANT

Undersigned tax professional for the Receiver hereby certifies as follows with respect to the Receiver's Motion for Approval of Third Interim Fee Application of BDO USA, LLP ("Application"):

(a)   I have the read the Application.

(b)   To the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions.

(c)   All fees contained in the Application are based on the rates listed in BDO USA, LLP's fee schedule contained herein and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

(d)   BDO USA, LLP has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

(e)   In seeking reimbursement for a service which BDO USA, LLP justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, or computerized research), BDO USA, LLP requests reimbursement only for the amount billed to BDO USA, LLP by the third-party vendor and paid by BDO USA, LLP to the vendor.

/s/ Brad Goonan (by permission)
Brad Goonan

HB: 4869-7212-5145.1

## **CERTIFICATE OF SERVICE**

      On April 28, 2025, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court for the District of Maryland, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically through the Court's CM/ECF filing system for all parties who have registered to receive electronic service.

      /s/ Jameson J. Watts
      Jameson J. Watts

HB: 4869-7212-5145.1